Rod D. Margo (State Bar No.: 097706)
Jennifer J. Johnston (State Bar No.: 125737)
CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030
Facsimile: (310) 557-1299
Email: rmargo@condonlaw.com
Email: jjohnston@condonlaw.com

Attorneys for *Specially Appearing* Defendant
BUMBO (PTY) LTD.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

WENDY D. WHITSON, individually
and on behalf of all others similarly
situated,

          Plaintiffs,

    vs.

BUMBO, BUMBO LIMITED, BUMBO
(PTY) LTD., and TARGET
CORPORATION,

          Defendants.

Case No. CV07-5597 CW

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF
MOTION TO SET ASIDE
DEFAULT, QUASH SERVICE,
DISMISS FOR IMPROPER
SERVICE, LACK OF PERSONAL
JURISDICTION AND FAILURE TO
SERVE, AND FOR SANCTIONS

Date:    February 14, 2008
Time:    2:00 p.m.
Place:   Courtroom of the Hon.
            Claudia Wilken

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO SET ASIDE DEFAULT, QUASH
SERVICE, DISMISS FOR IMPROPER SERVICE, LACK OF
PERSONAL JURISDICTION AND FAILURE TO SERVE, AND
FOR SANCTIONS

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ......................................................................ii-iii

INTRODUCTION ..........................................................................................1

FACTUAL AND PROCEDURAL BACKGROUND ...................................2

ISSUES TO BE DECIDED ...........................................................................7

STANDARD....................................................................................................7

ARGUMENT...................................................................................................8

    I.     BUMBO-PTY SHOULD BE DISMISSED AS PLAINTIFF
           HAS FAILED TO EFFECT SERVICE OF PROCESS ON
           DEFENDANT ....................................................................................8

    II.    THIS COURT CANNOT EXERCISE *IN*
           PERSONAM JURISDICTION OVER BUMBO-PTY. ..................... 10

    III.   THE DECEMBER 27, 2007 DEFAULT MUST
           BE VACATED.................................................................................. 15

    IV.   THE COURT SHOULD IMPOSE SANCTIONS
           BECAUSE PLAINTIFF'S COUNSEL HAS ACTED
           UNREASONABLY AND VEXTATIOUSLY IN FORCING
           BUMBO-PTY TO EXPEND UNNECESSARY COSTS
           AND FEES IN SEEKING TO SET ASIDE A DEFAULT
           OBTAINED BY FRAUDULENT MEANS ....................................... 20

CONCLUSION................................................................................................20

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

# TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*Amba Marketing Sys., Inc. v. Jobar Int'l, Inc.,*
    51 F.2d 784, 787 (9th Cir. 1977) ...........................................................11, 14

*Asahi Metal Indust. Co. v. Superior Court of California,*
    80 U.S. 102, 114 (1987) ........................................................................11, 15

*B.M.K. v. Maui Police Dep't,*
    76 F.3d 1091, 1106 (9th Cir. 2002) .............................................................18

*Brady v. United States,*
    211 F.3d 499, 504 (9th Cir. 2000) .................................................................8

*Burger King Corp. v. Rudzewicz,*
    71 U.S. 462, 475 (1985) ................................................................................8

*Chambers v. NASCO, Inc.,*
    01 U.S. 32, 43 (1991) ...........................................................................17, 18

*Core-Vent Corp. v. Nobel Industries AB,*
    1 F.3d 1482, 1484 (9th Cir. 1993) ...............................................................10

*Data Disc., Inc. v. Sys. Technology Assoc., Inc.,*
    57 F.2d 1280, 1287 (9th Cir. 1977) .............................................................14

*Dean v. Motel 6 Operating L.P.,*
    34 F.3d 1269, 1275-76 (6th Cir. 1998).........................................................11

*Decker Coal Co. v. Commonwealth Edison Co.,*
    05 F.2d 834, 838 (9th Cir. 1986) .................................................................10

*Felix v. Bomoro Kommanditgesellschaft,*
    96 Cal. App. 3d 106 (1987).........................................................................14

*Helicopteros Nacionales de Columbia, S.A. v. Hall,*
    66 U.S. 408, 416 (1984) ..............................................................................13

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

*Jackson v. Hayakawa,*
    82 F.2d 1344, 1347 (9th Cir. 1982) ................................................................9

*Landis Revin Nutraceuticals v. Arthur Andrew Medical, Inc.(Slip Opinion)*
    2007 WL 391744 (E.D. Cal. 2007) ..................................................8, 17, 18

*Marshall v. Warwick,*
    155 F.3d 1027, 1030 (8th Cir. 1998) ...........................................................9

*Mason v. Genisco Technology Corp.,*
    60 F.2d 849, 851 (9th Cir. 1992) ................................................................16

*Montalbano v. Easco Hand Tools, Inc.,*
    766 F.2d 737, 740 (2d Cir. 1985).................................................................8

*New Alaska Develop. Corp. v. Guetschow,*
    69 F.2d 1298, 1306 (9th Cir. 1989) ...........................................................17

*Norlock v. City of Garland,*
    768 F.2d 654, 656 (5th Cir. 1985).................................................................8

*Omeluck v. Langsten Slip & Batbygerri A/S,*
    2 F.3d 267, 270 (9th Cir. 1995)..................................................................12

*Pumphrey v. K.W. Thompson Tool Co.,*
    2 F.3d 1128, 1131 (9th Cir. 1995)..............................................................18

*Rano v. Sipa Press, Inc.,*
    87 F.2d 299, 301 (9th Cir. 1993)................................................................14

*Rio Properties, Inc. v. Rio Int'l Interlink,*
    284 F.3d 1007, 1019 (9th Cir. 2002).............................................................8

*Sher v. Johnson,*
    11 F.2d 1357, 1360 (9th Cir. 1990).......................................................10, 11

*VCS Samoa Packing Co. v. Blue Continent Products (PTY) Ltd.,*
    3 F. Supp. 2d 1151, 1154 (S.D. Cal. 1998) .................................................14

*Veek v. Commodity Enterprises, Inc.*, 482 F.2d 423 (9th Cir. 1973)\ ...................... 16

*Wood v. Santa Barbara Chamber of Commerce,*
        05 F.2d 1515, 1522 (9th Cir. 1983)............................................................. 14

*World-Wide Volkswagen Corp. v. Woodson,*
        44 U.S. 286, 297 (1980) ........................................................................ 11, 14

*Ziegler v. Indian River County,*
        4 F.3d 470, 473 (9th Cir. 1995) ............................................................. 11, 13

**Stautes**

28 U.S.C. 1927.............................................................................................. 17, 19

Cal. Code Civ. Proc. 410.10 ............................................................................. 10

Fed. R. Civ. Proc. 55(c) .............................................................................. 8, 15, 17

Fed. R. Civ. Proc. 12(b)(5) ................................................................................. 8

Fed. R. Civ. Proc. 4(h)(1) ................................................................................... 9

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

MEMORANDUM OF POINTS AND AUTHORITIES IN       -iv-
SUPPORT OF MOTION TO SET ASIDE DEFAULT, QUASH
SERVICE, DISMISS FOR IMPROPER SERVICE, LACK OF
PERSONAL JURISDICTION AND FAILURE TO SERVE, AND
FOR SANCTIONS

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1

## INTRODUCTION

2   On December 27, 2007, this Court entered a default against defendant

3   "Bumbo." The default was entered in response to a request to enter default

4   wrongfully filed by plaintiff Wendy D. Whitson ("plaintiff") claiming she effected

5   service on the "owner" of "Bumbo." As it is unclear whether plaintiff is also

6   attempting to obtain a default judgment against defendant Bumbo (Pty) Ltd.

7   ("Bumbo-Pty"), Bumbo-Pty is bringing this motion to set aside default, quash

8   service for lack of personal jurisdiction and failure to serve and for sanctions.

9   "Bumbo," the defendant allegedly served and defaulted in this action, does

10   not exist.[1] Plaintiff claims that she has successfully served "Bumbo" in Conroe,

11   Texas. The moving defendant, Bumbo-Pty, is the only entity sued which is a legal

12   entity. Plaintiff has failed to effectively serve Bumbo-Pty, and this Court lacks

13   personal jurisdiction over defendant.

14   Bumbo-Pty is a South African corporation which manufactures a product

15   known as the "Baby Sitter." Bumbo-Pty's office and manufacturing facilities are

16   located in South Africa. Plaintiff purported to serve "Bumbo" by serving a Dione

17   Buchanan ("Buchanan"), who is believed to be the wife of an officer of Wartburg

18   Enterprises, Inc. ("Wartburg"), a Florida corporation with its principal place of

19   business in Texas.[2] (See *Affidavit of Service* ("Affidavit"), dated November 20,

20   2007.)

21   Wartburg is a distributor of the "Baby Sitter". Because neither Buchanan

22   nor Wartburg is an agent for service of Bumbo-Pty and neither are authorized to

23   accept service of process on its behalf, Bumbo-Pty has yet to be properly served,

24

---

25   [1] Plaintiff has also allegedly sued "Bumbo Limited," another non-existent defendant, but, to
26   moving party's knowledge, Plaintiff has yet to attempt to serve "Bumbo Limited."
     [2] It is, however, unclear exactly *who* was served by Plaintiff. Plaintiff's proof of service
27   references "Dione Buchanan." Moving party assumes this was a spelling error but it does raise
     questions regarding Plaintiff's diligence in effecting proper service.

1

28   MEMORANDUM OF POINTS AND AUTHORITIES IN
     SUPPORT OF MOTION TO SET ASIDE DEFAULT, QUASH
     SERVICE, DISMISS FOR IMPROPER SERVICE, LACK OF
     PERSONAL JURISDICTION AND FAILURE TO SERVE, AND
     FOR SANCTIONS

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1  and its motion to set aside the default pursuant to Federal Rule of Civil Procedure

2  55(c), and dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(5),

3  should be granted.

4       Further, Bumbo-Pty seeks dismissal of the action based on the absence of

5  personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

6  Bumbo-Pty is not subject to general or specific personal jurisdiction in California.

7       Finally, Bumbo-Pty seeks sanctions against plaintiff and plaintiff's counsel

8  for vexatiously and unreasonably multiplying the proceedings in this action and

9  necessitating this motion.

10               FACTUAL AND PROCEDURAL BACKGROUND

11      Plaintiff, a California resident, alleges that in February 2007 she purchased a

12  "Baby Sitter" from a Target store located in Rohnert Park, Sonoma County,

13  California. (See *Plaintiff's Complaint* ("Complaint"), ¶10.)  Plaintiff alleges that

14  the "Baby Sitter" is a product designed for use by infants.  Plaintiff further

15  contends that the "Baby Sitter" is a soft foam chair that is supposed to allow

16  infants to sit upright without the aid of straps.  (*Id.* at ¶15.)

17      Although Plaintiff only alleges that she purchased the product, she

18  nonetheless claims, without any additional evidence, that the "Baby Sitter" was

19  "defectively designed" in that it was prone to permit babies seated in it to fall out

20  during "normal and foreseeable use."   (*Id.* at ¶33.)  There is no reference in the

21  Complaint as to what the alleged defect is, or what, if any, damages were suffered

22  by the plaintiff.

23      On behalf of herself and a purported nationwide class of all owners of the

24  Baby Sitter who purchased said product during the four-year period preceding the

25  date of the filing of the Complaint, plaintiff brings claims for:  Violation of State

26  Consumer Protection Laws (Count I), Violation of State Express Warranties

27

28

2

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1    (Count II), Violation of State Implied Warranties (Count III), and Violation of

2    State Unjust Enrichment Common Laws (Count IV) against defendants, Bumbo,

3    Bumbo Limited, Bumbo (Pty) Ltd. and Target Corporation.[3]

4         Defendant Target is a corporation domiciled in Minnesota with retail

5    locations in California, as well as in many other states. (*Id.* at ¶12.) Bumbo-Pty is

6    a South African company that manufactures a product known as the "Baby Sitter."

7    (*Id.* at ¶11.) Bumbo-Pty products are sold through distributors and retailers, world-

8    wide. Target sold the Baby Sitter in California and other states.

9         Target has appeared in this action and has not contested the Court's

10   jurisdiction as to the claims against it and is defending the action on its merits.

11        On November 16, 2007, Plaintiff apparently attempted to serve "Bumbo" by

12   serving a Dione Buchanan, ostensibly as "owner" of "Bumbo" at 12248 Fm 1485,

13   Conroe, TX 77306. (*Affidavit).*[4] Dione Buchanan is not an "owner" of Bumbo-

14   Pty. Dione Buchanan also is not an officer, director, managing agent or employee

15   of Bumbo-Pty. Bumbo-Pty has no office or place of business at 12248 FM 1485,

16   Conroe, Texas. Buchanan further is not authorized to accept service on behalf of

17   Bumbo-Pty. (*Declaration of Gerhard Wagenaar ("Wagenaar Decl."),* ¶27).

18        Bumbo-Pty is a corporation that is domiciled and existing under the laws of

19   South Africa. (See *Complaint,* ¶11; *Wagenaar Decl.,* ¶4.) Bumbo-Pty's principal

20   place of business is in Pretoria, South Africa. (*Wagenaar Decl.,* ¶4.)  Bumbo-Pty

21   does not have an office or employees at the address where service allegedly

22   occurred. (*Id.* at ¶28.)  Bumbo-Pty also does not have any corporate offices,

23

---

24   [3] This motion is brought on behalf of defendant Bumbo (Pty) Ltd. As discussed above, Bumbo
25   (Pty) Ltd. has no knowledge, ownership or control of purported business entities "Bumbo" or
     "Bumbo Limited," and believes that these are nonexistent entities.
26   [4] At the risk of appearing repetitious, according to the Affidavit, only a defendant named
     "Bumbo" was allegedly served. "Bumbo" does not exist. Thus, it is unclear at this time whether
27   Plaintiff was even attempting to serve Bumbo-Pty. For the purposes of this motion, moving
     party assumes this to be the case.

                                                3

28   MEMORANDUM OF POINTS AND AUTHORITIES IN
     SUPPORT OF MOTION TO SET ASIDE DEFAULT, QUASH
     SERVICE, DISMISS FOR IMPROPER SERVICE, LACK OF
     PERSONAL JURISDICTION AND FAILURE TO SERVE, AND
     FOR SANCTIONS

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1    warehouses or manufacturing facilities in Texas, California, or any other location

2    in the United States. (*Id.* at ¶9.)   Bumbo-Pty is not registered or licensed to do

3    business in Texas, California, or any other location in the United States. (*Id.* at

4    ¶11.)

5         Bumbo-Pty is informed and believes that one of its U.S. distributors,

6    Wartburg, maintains a facility at the address where service was purportedly

7    effected. (*Id.* at ¶25.) Wartburg is not a "Bumbo" entity and is a corporation

8    separate and distinct from Bumbo-Pty.  Wartburg is incorporated in the state of

9    Florida with its principal place of business in Texas.  Wartburg also is not an agent

10   for service of process for Bumbo-Pty. (*Id.* at. ¶¶ 21-28.)  (See also *Exhibit "D"* to

11   *Declaration of Jennifer J. Johnston ("Johnston Decl.").*)

12        In November 2007, Bumbo-Pty learned through Target that a lawsuit had

13   been filed against Target and Bumbo-Pty. (*Johnston Decl.,* ¶2.)  Bumbo-Pty

14   initially retained Condon & Forsyth LLP ("C & F") to monitor the court docket.

15   (*Id.* at ¶4.)   Bumbo-Pty had no information that it had been served, but it learned

16   through Target that Donald C. Edgar ("Edgar"), plaintiff's attorney, was claiming

17   that he had served "Bumbo." (*Id.* at ¶3.)  Bumbo-Pty requested C & F to contact

18   plaintiff's attorney and request information about the purported service. (*Id.* at ¶5.)

19        On November 19, 2007, Jennifer J. Johnston ("Johnston"), a partner at C &

20   F, sent a letter to plaintiff's counsel requesting information regarding the purported

21   service of the summons and complaint.  The letter further requested that counsel

22   advise Johnston before a default was requested. (*Id.* at ¶6; See *Exhibit "A"* to

23   *Johnston Decl.*)[5]

24

25   _____
     [5] Some of the correspondence in this action may reference an action with a plaintiff named
     "Lamm."  *Lamm v. Bumbo, et al.* is another action brought by the same counsel against the exact
26   same defendants.  This case is also venued in the Northern District and plaintiff's counsel is
     seeking to have these cases deemed "related."  Plaintiff's counsel have also not provided
27   Bumbo-Pty's counsel with any information regarding service in the *Lamm* action.  Thus, much of
     the communication from C&F to plaintiff's counsel has been applicable to both actions.

                                                        4
28   _____
     MEMORANDUM OF POINTS AND AUTHORITIES IN
     SUPPORT OF MOTION TO SET ASIDE DEFAULT, QUASH
     SERVICE, DISMISS FOR IMPROPER SERVICE, LACK OF
     PERSONAL JURISDICTION AND FAILURE TO SERVE, AND
     FOR SANCTIONS

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1    In response, Johnston received a letter dated November 21, 2007, from

2    Plaintiff's counsel refusing to provide C & F with any information regarding

3    service or to "enter into any agreements" with Johnston regarding the decision of

4    whether Plaintiff would request default. (*Id.* at ¶7; See *Exhibit "B" to Johnston*

5    *Decl.*) Johnston then sent another letter to Plaintiff's counsel advising that C & F

6    had no information regarding any service on Bumbo-Pty and further requesting

7    that counsel "refrain from any attempts to take a default judgment against Bumbo."

8    (*Id.* at ¶8; See *Exhibit "C" to Johnston Decl.*)

9        In addition, multiple telephone calls were made from Jessica Viker

10    ("Viker"), a paralegal at C & F, to the office of Plaintiff's counsel during the

11    months of November and December, 2007, requesting information on service.

12    (See *Declaration of Jessica Viker ("Viker Decl."),* ¶2.)  Viker first spoke to

13    Jeremy R. Fietz, Esq.("Fietz") who advised that he had no knowledge whatsoever

14    of the case and that Edgar ("Edgar") would be the person with whom to speak. (*Id.*

15    at ¶3.)  Despite leaving a message for Edgar, Viker never received a return phone

16    call. (*Id.* at ¶4.)  Viker then elected to telephone Edgar again who stated that

17    "Bumbo" had been served "in South Africa," "sometime in October," but refused

18    to give any details regarding when and how the service had been effected, or even

19    the exact date on which service had allegedly been effected. (*Id.* at ¶5.)

20        C & F learned that plaintiff filed a proof of service on December 11, 2007,

21    claiming that she effected service on "Bumbo" by serving "Dione Buchanan" as

22    "owner" in Conroe, Texas.  C & F attempted to obtain information about the

23    purported service and learned that the summons and complaint were delivered to

24    Wartburg. (*Id.* at ¶9.)

25        On December 19, 2007, C & F was retained to defend Bumbo-Pty in this

26    matter and to respond to the purported attempt at service.  C & F attempted to

27

28    5

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1   contact personnel at Bumbo-Pty and learned that the plant had shut down for the
2   last two weeks of the year for the holidays. (*Id.* at ¶10.)

3          On December 20, 2007 (one court day before Christmas), plaintiff filed a
4   request to enter default against "Bumbo." C & F learned about the filing of the
5   request on December 21, 2007, by monitoring the docket. Plaintiff, at no time,
6   attempted to contact C & F before filing the request to enter default. (*Id.* at ¶11.)

7          Plaintiff's counsel, therefore, not only failed to advise C & F that a default
8   would be sought, counsel did not even provide C & F with a courtesy copy of the
9   Request to Enter Default. (*Id.* at ¶12.) Due to the lack of cooperation from
10  plaintiff's counsel, Bumbo-Pty's counsel has been forced to monitor the court's
11  docket daily for filings related to service of process. Had Bumbo-Pty's counsel not
12  taken these measures, Defendant would have not known that the Request to Enter
13  Default had even been filed, much less that a Default had actually been entered.[6]

14         After learning of the Request to Enter Default on December 21, 2007,
15  Johnston sent a *third* letter to plaintiff's counsel advising that neither Wartburg or
16  Buchanan was authorized to accept service of process on behalf of Bumbo-Pty and
17  requesting that counsel immediately withdraw their Request to Enter Default.
18  Plaintiff's counsel did not respond to this letter nor did they withdraw their request.
19  (*Johnston Decl.*, ¶14; See *Exhibit "E"* to *Johnston Decl.*)

20         From December 21-24, 2007, C & F drafted a motion to dismiss plaintiff's
21  action for insufficiency of service of process and lack of personal jurisdiction. C &
22  F forwarded declarations to support the motion to representatives of Bumbo-Pty
23  for signature. Due to the holidays and the closing of the plant, there has been a
24  delay in obtaining the signed declarations. (*Johnston Decl.*, ¶15.)

25         On December 27, 2007, C & F learned from Target's counsel that a default

26
27  [6] It is, however, unclear what, if any, effect the Entry of Default has on the action since, as
    repeatedly stated in this pleading, the Default has been taken against a non-existent defendant.

                                            6
28  MEMORANDUM OF POINTS AND AUTHORITIES IN
    SUPPORT OF MOTION TO SET ASIDE DEFAULT, QUASH
    SERVICE, DISMISS FOR IMPROPER SERVICE, LACK OF
    PERSONAL JURISDICTION AND FAILURE TO SERVE, AND
    FOR SANCTIONS

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1   had been entered against "Bumbo." On December 28, 2007, C & F filed this

2   motion on behalf of Bumbo-Pty. (*Id.* at ¶16; See *Entry of Default,* dated December

3   27, 2007.)

4       As of the date of this motion, Bumbo-Pty's counsel has still not received any

5   communication from Plaintiff's counsel regarding any service issue. (*Id.* at ¶17)[7]

6   <u>ISSUES TO BE DECIDED</u>

7   1.   Did Plaintiff properly serve process on Bumbo-Pty such that a default could

8       be entered by personally serving an unknown person in Texas on behalf of a

9       non-existent defendant, at the address of a Florida corporation with a facility

10       in Texas which is not authorized to accept service of process of behalf of

11       Bumbo-Pty?

12   2.   Are there sufficient contacts between Bumbo-Pty, a South African

13       corporation with no offices, property or employees in the United States and

14       the state of California to satisfy the constitutional requirements for the

15       exercise of personal jurisdiction over Bumbo-Pty in this venue?

16   3.   Did Plaintiff and her counsel engage in sanctionable, bad faith conduct by

17       refusing to provide Bumbo-Pty's counsel with any information regarding

18       service and/or their intent to seek a default against Bumbo-Pty?

19   <u>STANDARD</u>

20       Federal Rule 12(b)(5) permits a challenge to the method of service attempted

21   by plaintiff. If a Rule 12(b)(5) motion is granted, the court may dismiss the action.

22   *Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2d Cir. 1985). Where

23   the validity of service is contested by a Rule 12 motion, the burden is on plaintiff

24

25   [7] The Request to Enter Default was filed on December 20, 2007, the Thursday before the Christmas holiday. As Plaintiff's counsel is surely aware, many companies are closed between

26   Christmas and New Year's. The timing of the Request, coupled with plaintiff's counsel's continued refusal to provide C & F with any warning or notice, appears to be a rushed attempt to

27   obtain a default against Bumbo-Pty before C & F even had knowledge of this filing.

                                            7

28

1    (the party claiming proper service has been effected) to establish the validity of

2    service. *Norlock v. City of Garland*, 768 F.2d 654, 656 (5th Cir. 1985).

3    　　　Under Rule 12(b)(2), a defendant may be dismissed from an action if the

4    court determines that it does not have personal jurisdiction over the defendant.

5    Again, although defendant is the moving party on the motion to dismiss, plaintiff is

6    the party who invoked the court's jurisdiction.  Therefore, plaintiff bears the

7    burden of proof on the necessary jurisdictional facts; *e.g.*, the existence of

8    "minimum contacts" between defendant and the forum state.  *Rio Properties, Inc.*

9    *v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).

10   　　　Finally, the court may set aside an entry of default for good cause.  *Fed. R.*

11   *Civ. Proc.* 55(c). A court's discretion to set aside a default is especially broad when

12   "it is entry of default that is being set aside rather than default judgment." *Brady v.*

13   *United States*, 211 F.3d 499, 504 (9th Cir. 2000).  "Good cause" exists in the case

14   of "fraud … misrepresentation, or other misconduct of an adverse party" or "other

15   grounds justifying relief." *Landis Revin Nutraceuticals v. Arthur Andrew Medical,*

16   *Inc.(Slip Opinion)* 2007 WL 391744 (E.D. Cal. 2007), quoting, *Fed. R. Civ. Proc.*

17   55(c).

18

19   　　　　　　　　　　　　<u>ARGUMENT</u>

20   I.　　<u>BUMBO-PTY SHOULD BE DISMISSED AS PLAINTIFF HAS FAILED</u>
         <u>TO EFFECT SERVICE OF PROCESS ON DEFENDANT</u>
21

22   　　　Plaintiff's attempted service of the summons and complaint on Bumbo-Pty

23   was defective, and Bumbo-Pty should be dismissed pursuant to Federal Rule of

24   Civil Procedure 12(b)(5).

25   　　　An individual defendant, or in some cases, an entire action, may be

26   dismissed when a plaintiff fails to properly serve the summons and complaint.

27

28

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO SET ASIDE DEFAULT, QUASH
SERVICE, DISMISS FOR IMPROPER SERVICE, LACK OF
PERSONAL JURISDICTION AND FAILURE TO SERVE, AND
FOR SANCTIONS

1 | *Marshall v. Warwick*, 155 F.3d 1027, 1030 (8th Cir. 1998).

2 | The Federal Rules of Civil Procedure pertaining to service upon foreign

3 | corporations provide that service shall be made upon a domestic or foreign

4 | corporation "by delivering a copy of the summons and of the complaint to an

5 | officer, a managing or general agent, or to any other agent authorized by

6 | appointment or by law to receive service of process." *Fed. R. Civ. Proc.* 4(h)(1).

7 | Unless a plaintiff properly serves a defendant with summons and complaint,

8 | the court lacks personal jurisdiction over that defendant. *Jackson v. Hayakawa*,

9 | 682 F.2d 1344, 1347 (9th Cir. 1982). Neither actual notice of the complaint, nor

10 | simply naming the defendant in the caption, subjects a defendant to personal

11 | jurisdiction absent service that complies with Rule 4. *Ibid.*

12 | In the case at hand, there are numerous problems with plaintiff's alleged

13 | service of process on Bumbo-Pty. The Affidavit of Service filed with this Court

14 | states that "Dione Buchanon" was served as "Owner" for "Bumbo." (See

15 | *Affidavit, supra.*) As discussed above, it is unclear who exactly was served by

16 | Plaintiff. Plaintiff's proof of service references "Dione Buchanon," who Bumbo-

17 | Pty believes to actually be Dione *Buchanan*, the wife of an officer of Wartburg.

18 | Responding party assumes this was a spelling error but it certainly does not clarify

19 | issues regarding plaintiff's diligence, or lack thereof, in effecting proper service.

20 | Further, according to the same Affidavit, "Bumbo" has been served.

21 | However, as discussed above, Bumbo-Pty has no knowledge, ownership or control

22 | of a business entity called "Bumbo." In fact, to Defendant's knowledge, "Bumbo"

23 | does not exist.

24 | Finally, because Wartburg is not an agent for service of process for Bumbo-

25 | Pty, service upon Wartburg does not amount to effective service on Bumbo-Pty.

26 | Wartburg's only connection to Bumbo-Pty is that Wartburg is one of multiple

27 |

28 |

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

9

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO SET ASIDE DEFAULT, QUASH
SERVICE, DISMISS FOR IMPROPER SERVICE, LACK OF
PERSONAL JURISDICTION AND FAILURE TO SERVE, AND
FOR SANCTIONS

1   distributors of the "Baby Sitter." The two companies are incorporated in different

2   countries, run separate operations and exist independently of each other.  Each has

3   its own employees and its own independent headquarters.

4     Service of process should be quashed and Bumbo-Pty should be dismissed

5   from this action due to plaintiff's failure to properly serve the summons and

6   complaint.

7

8   II. THIS COURT CANNOT EXERCISE *IN PERSONAM* JURISDICTION
  OVER BUMBO-PTY

9

10    There are two limitations on the court's power to exercise personal

11  jurisdiction over a nonresident defendant:  (1) the applicable state or federal

12  personal jurisdiction statute and (2) constitutional principles of due process.  *Sher*

13  *v. Johnson*, 911 F.2d 1357, 1360 (9th Cir. 1990).  Where, as is the situation here,

14  there is no applicable federal statute governing personal jurisdiction, the law of the

15  state in which the district sits applies.  *Core-Vent Corp. v. Nobel Industries AB*, 11

16  F.3d 1482, 1484 (9th Cir. 1993).  Because California's long-arm statute allows

17  courts to exercise personal jurisdiction to the extent permitted by the Due Process

18  Clause of the United States Constitution, this Court need only determine whether

19  personal jurisdiction in this case would meet the requirements of due process.  *Id.*;

20  see *Cal. Code Civ. Proc.* § 410.10.

21    The Due Process Clause mandates that a nonresident defendant must have

22  sufficient minimum contacts with the forum state such that the exercise of personal

23  jurisdiction does not offend traditional notions of fair play and substantial justice.

24  *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 838 (9th Cir. 1986).

25  The defendant's conduct and connection with the forum must be such that the

26  defendant should reasonably anticipate being haled into court there.  *Sher, supra,*

27  911 F.2d at 1361, citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286,

10

28  MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO SET ASIDE DEFAULT, QUASH
SERVICE, DISMISS FOR IMPROPER SERVICE, LACK OF
PERSONAL JURISDICTION AND FAILURE TO SERVE, AND
FOR SANCTIONS

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

297 (1980). Defendant is entitled to protection from suits based on "random, fortuitous, or attenuated" contacts with the chosen forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

The constitutional standard may be satisfied in one of two ways: through general jurisdiction or specific jurisdiction. The burden of showing the existence of personal jurisdiction is on the party seeking to invoke the court's jurisdiction. *Amba Marketing Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977). To establish a prima facie face, Plaintiff must produce admissible documentary evidence containing facts sufficient to support a finding of personal jurisdiction. *Sher v. Johnson, supra*, 911 F.2d at 1361.

A foreign defendant receives deference when determining whether the acts of the defendant have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable due to its status as a foreign company. *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1275-76 (6th Cir. 1998). "The unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." *Asahi Metal Indust. Co. v. Superior Court of California*, 480 U.S. 102, 114 (1987).

## A. Plaintiff Cannot Show That Bumbo-PTY Has the Requisite Minimum Contacts with California to Justify General Jurisdiction

General jurisdiction exists if the nonresident's contacts with the forum are continuous and systematic and the exercise of jurisdiction satisfies traditional notions of fair play and substantial justice. *Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995). If general jurisdiction exists, the court has jurisdiction over the defendant even if the cause of action is unrelated to the defendant's forum

11

1   activities. *Omeluck v. Langsten Slip & Batbygerri A/S*, 52 F.3d 267, 270 (9th Cir.

2   1995).

3       Plaintiff cannot establish sufficient minimum contacts for general

4   jurisdiction. Bumbo-Pty is a private company which is organized under the laws

5   of South Africa and has its principal place of business in Pretoria, South Africa.

6   (*Wagenaar Decl.,* ¶4.) A number of facts indicate this lack of jurisdiction. For

7   example:

8       • Bumbo-Pty does not now have and never has had any office,
9         warehouse or manufacturing facility in California;

10      • Bumbo-Pty does not now have and never has any employees in the
11        state of California;

12      • Bumbo-Pty does not now and never has had a business license in
13        California;

14      • Bumbo-Pty does not now own and never has owned any real or
15        personal property in California;

16      • Bumbo-Pty does not now maintain and never has maintained a bank
17        account in California;

18      • Bumbo-Pty does not now have and never has had a California
19        telephone number;

20      • Bumbo-Pty does not now have and never has had a mailing address in
21        California;

22      • Bumbo-Pty has never paid any taxes in California;
23

24      • Bumbo-Pty has never conducted any meetings of its board of directors
          in California;
25

26      • Bumbo does not maintain a sales force in California;
        • Bumbo-Pty does not now advertise and has never advertised in
27

                                                        12

28

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

California;

- Bumbo-Pty does not now have and never has had any agents for service of process in California;

- Bumbo-Pty does not now and never has had any distributors in California authorized to accept service of process on behalf of Bumbo.

(*Wagenaar Decl.*)

Based on the above facts, Bumbo-Pty does not have the continuous and systemic contacts courts require when determining whether the exercise of jurisdiction satisfies traditional notions of fair play and substantial justice. *Ziegler, supra*, 64 F.3d at 473. The absence of substantial contacts with California is sufficient for Bumbo-Pty to successfully challenge the exercise of general jurisdiction. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 416 (1984).

## B. This Court Cannot Assert Specific Jurisdiction Over Bumbo-Pty

The Ninth Circuit applies a three-part test in determining whether it may assert specific jurisdiction over a defendant:

- the defendant must perform an act or consummate a transaction within the forum, purposefully availing itself of the privilege of conducting activities in the forum and invoking the benefits and protections of its laws;

- the claim must arise out of or result from the defendant's forum-related activities; *and*

- the exercise of jurisdiction must be reasonable.

*Rano v. Sipa Press, Inc.*, 987 F.2d 299, 301 (9th Cir. 1993).

13

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1    The determination of specific jurisdiction is a conjunctive test which "turns

2  on an evaluation of the nature and quality of defendant's contacts in relation to the

3  cause of action." *Data Disc., Inc. v. Sys. Technology Assoc., Inc.*, 557 F.2d 1280,

4  1287 (9th Cir. 1977). The party asserting jurisdiction has the burden of proof once

5  the issue is raised. *Wood v. Santa Barbara Chamber of Commerce*, 705 F.2d 1515,

6  1522 (9th Cir. 1983).

7    "With respect to goods and services in the international marketplace, the

8  mere placement of a product into the stream of commerce is not necessarily

9  sufficient to establish jurisdiction." *VCS Samoa Packing Co. v. Blue Continent*

10  *Products (PTY) Ltd.*, 83 F. Supp. 2d 1151, 1154 (S.D. Cal. 1998), citing *World-*

11  *Wide Volkswagen Corp., supra,* 444 U.S. at 297-298. "Defendant's awareness that

12  the stream of commerce may or will sweep the product into the forum State does

13  not convert the mere act of placing the product into the stream into an act

14  purposefully directed toward the forum State." *Asahi Metal Ind. v. Sup. Ct.*, 480

15  U.S. 102, 112 (1987). "Moreover, indirect or attenuated contacts or the unilateral

16  activity of a third party will not support the exercise of specific jurisdiction since it

17  cannot be said that defendant purposely availed himself of the benefits of the

18  forum." *VCS Samoa Packing Co., supra,* 83 F. Supp. 2d at 1154, citing, *Keeton v.*

19  *Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984).

20    In the case of *Felix v. Bomoro Kommanditgesellschaft*, 196 Cal. App. 3d 106

21  (1987), the court found that "the degree to which a foreign corporation interjects

22  itself into the forum state directly affects the fairness of subjecting it to

23  jurisdiction. The smaller the element of purposeful interjection, the less is

24  jurisdiction to be anticipated and the less reasonable is its exercise." *Id.* at 115.

25  "Additional conduct of the defendant may indicate an intent or purpose to serve the

26  market in the forum State, for example, designing the product for the market in the

27

28

14

forum state, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State ….." *Id*. at 116, quoting, *Asahi Metal Ind., supra,* 480 U.S. at 112.

Applying these principles to the instant case, it would be manifestly unjust to require Bumbo-Pty to defend against Plaintiff's suit in California. Bumbo-Pty is incorporated in South Africa and is not licensed to do business in California. Bumbo-Pty has no office, affiliate, subsidiary, employee, agent, bank accounts or business operations in the state. The only possible contacts that Bumbo-Pty could be said to have with California are by way of the fact that Target, a Minnesota corporation, has retail stores in California that sold the Baby Sitter. The product itself, however, is manufactured in South Africa. It was not designed specifically for the California market. In this case, the finished product was sold and distributed by Target, not Bumbo-Pty. Target is a corporation that has stores located nationwide, not just in California. Bumbo-Pty has not advertised, solicited any business, or otherwise sought to serve any particular market in this state. The extent to which Bumbo-Pty could reasonably anticipate being involved in litigation in California was minimal at best.

III.    THE DECEMBER 27, 2007 DEFAULT MUST BE VACATED

This Court is authorized to set aside the entry of default upon a showing of "good cause" under Federal Rule of Civil Procedure 55(c). Here, good cause exists on three independent grounds:

- Lack of proper service;
- Lack of personal jurisdiction; and
- The fraud and bad faith conduct of plaintiff and her counsel.

Defects in service of process are subject to direct attack by a motion for

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

15

1    relief from default. *Mason v. Genisco Technology Corp.*, 960 F.2d 849, 851 (9th

2    Cir. 1992) (default judgment should be set aside if defendant improperly served).

3    Similarly, defaults may be set aside if the court lacks personal jurisdiction over the

4    defendant. *Veek v. Commodity Enterprises, Inc.*, 482 F.2d 423 (9th Cir. 1973) (lack

5    of personal jurisdiction rendered default judgment void, and should have been set

6    aside by court).  Proper service was <u>not</u> effected against Bumbo-Pty and further,

7    this Court lacks personal jurisdiction over defendant.

8        As discussed previously, the Affidavit of Service filed with this Court states

9    that "Dione Buchanon" was served as "Owner" for "Bumbo."  Bumbo-Pty believes

10   this individual to actually be Dione *Buchanan*, the wife of an officer of Wartburg.

11   Further, Bumbo-Pty has no knowledge, ownership or control of a company called

12   "Bumbo." In fact, to Defendant's knowledge, "Bumbo" does not exist.  Finally, as

13   Wartburg is not an agent for service of process for Bumbo-Pty, service upon

14   Wartburg does not amount to effective service on Bumbo-Pty.  Wartburg's only

15   connection to Bumbo-Pty is that Wartburg is one of multiple distributors of the

16   "Baby Sitter."  The two companies are incorporated in different countries, run

17   separate operations and exist independently of each other.  Each has its own

18   employees and its own independent headquarters.

19       Also, Bumbo-Pty has neither the continuous and systemic contacts with

20   California that courts consider in determining whether the exercise of general

21   jurisdiction satisfies traditional notions of fair play and substantial justice.  Nor can

22   there be a finding of specific jurisdiction.  Bumbo-Pty has not participated in any

23   activities in the state which show its intent to "purposely avail" itself of the

24   benefits of California.  Based on these facts, Bumbo-Pty could not and <u>can</u> <u>not</u>

25   reasonably be expected to be haled into court in California based on its connection

26   to the forum.

27

28   MEMORANDUM OF POINTS AND AUTHORITIES IN
     SUPPORT OF MOTION TO SET ASIDE DEFAULT, QUASH
     SERVICE, DISMISS FOR IMPROPER SERVICE, LACK OF
     PERSONAL JURISDICTION AND FAILURE TO SERVE, AND
     FOR SANCTIONS

16

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1    Further, "good cause" exists in the case of "fraud … misrepresentation, or

2  other misconduct of an adverse party" or "other grounds justifying relief." *Landis*

3  *Revin Nutraceuticals, surpra,* 2007 WL at *4, quoting, *Fed. R. Civ. Pro.* 55(c).  As

4  discussed in more detail directly below, plaintiff and her counsel have engaged in

5  completely reprehensible behavior with a clear intent to defraud not only Bumbo-

6  Pty and its counsel, but this Court, as well.

7

8  IV.    THE COURT SHOULD IMPOSE SANCTIONS BECAUSE PLAINTIFF'S
         COUNSEL HAS ACTED UNREASONABLY AND VEXATIOUSLY IN
9        FORCING BUMBO-PTY TO EXPEND UNECESSARY COSTS AND
         FEES IN SEEKING TO SET ASIDE A DEFAULT OBTAINED BY
10       FRAUDULENT MEANS

11

12    Section 1927 of the United States Code provides that "any attorney or other

13  person admitted to conduct cases in any court of the United States or any Territory

14  thereof who so multiplies the proceedings in any case unreasonably or vexatiously

15  may be required by the court to satisfy personally the excess costs, expenses, and

16  attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. §1927.

17  "Sanctions may be imposed under Section 1927 where an attorney engaged in

18  conduct in bad faith, with improper motive, or a reckless disregard of a duty owed

19  to the court." *Landis Revin Nutraceuticals, supra,* 2007 WL at *5, citing *New*

20  *Alaska Develop. Corp. v. Guetschow,* 869 F.2d 1298, 1306 (9th Cir. 1989).

21    A federal court also has inherent power to impose sanctions against both

22  attorneys and parties for "bad faith" conduct in litigation, even if the conduct is

23  sanctionable under other rules such as Federal Rule of Civil Procedure 11 or

24  Section 1927. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991).  "Bad faith"

25  conduct includes findings that that a lawyer or party "acted in bad faith,

26  vexatiously, wantonly or for other oppressive reasons." *Id.* at 45-46.  Recklessness

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO SET ASIDE DEFAULT, QUASH
SERVICE, DISMISS FOR IMPROPER SERVICE, LACK OF
PERSONAL JURISDICTION AND FAILURE TO SERVE, AND
FOR SANCTIONS

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1  combined with other factors such as frivolousness, harassment or an improper

2  purpose, may constitute bad faith warranting sanctions under a court's inherent

3  powers." *B.M.K. v. Maui Police Dep't*, 276 F.3d 1091, 1106 (9th Cir. 2002). The

4  Supreme Court has found that sanctions under the court's inherent power are

5  *particularly appropriate* for fraud practiced upon the court. *Chambers, supra*, 501

6  U.S. at 54. "Fraud on the court" involves an "unconscionable plan or scheme

7  which is designed to improperly influence the court in its decision." *Pumphrey v.*

8  *K.W. Thompson Tool Co.*, 62 F.3d 1128, 1131 (9th Cir. 1995).

9       In the *Landis Revin Nutraceuticals* case, the court found that counsel for

10  plaintiff had engaged in "bad faith conduct or, at a minimum, reckless conduct in

11  disregard of his duties owed to the court, which unnecessarily and unreasonably

12  multiplied these proceedings." *Landis Revin Nutraceuticals, supra*, 2007 WL at

13  *5. Similar to the case at hand, in *Landis Revin Nutraceuticals,* defendants

14  asserted that they were never served with the summons and complaint in this

15  action. Plaintiff's counsel alleged that defendants were served by registered mail

16  and filed Requests for Entry of Defaults against all defendants. When contacted by

17  counsel for defendants, plaintiff's counsel then refused to produce copies of the

18  return receipts allegedly signed by defendants, instead contending that his proofs

19  of service alone evidenced service. Counsel also refused to set aside the defaults.

20  Defendants then brought a Motion to Set Aside the Defaults, which was granted.

21  Further, the court ordered plaintiff's counsel to pay sanctions in the amount of

22  $10,716 to defendants for the attorney's fees incurred in setting aside the defaults.

23  *Landis, supra*, 2007 WL 397144.

24       In the case at issue, Plaintiff's counsel has also acted in bad faith, practiced

25  fraud upon the Court, and has unreasonably multiplied the hearings as well as the

26  costs and fees expended in this action. Plaintiff's counsel has been aware at least

27

28

18

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1   since November 2007 that Bumbo-Pty had retained monitoring counsel in

2   California.  Plaintiff's counsel has received repeated communications from

3   California counsel advising them that Bumbo-Pty has not received service of

4   process.  Plaintiff's counsel has also unabashedly refused to cooperate on this

5   issue in any way with defense counsel.[8]  In spite of receiving a letter from C & F

6   advising that, contrary to the assertions made in the Affidavit of Service, "Dione

7   Buchanon" is not the owner of "Bumbo" and that Wartburg was not authorized to

8   accept service of process on behalf of Bumbo-Pty, Plaintiff's counsel still

9   unreasonably refused to withdraw the Request to Enter Default. Thus, Plaintiff's

10  counsel unreasonably and vexatiously created the need for Bumbo-Pty to bring this

11  motion, both by requesting an improper default and subsequently refusing to

12  withdraw this request.[9]

13       Even had the default been properly entered, plaintiff's counsel's actions in

14  seeking default without the courtesy of notifying opposing counsel is deplorable

15  and has only served to multiply the proceedings in this case.  These actions

16  represent precisely the kind of vexatious conduct contemplated by 28 U.S.C.

17  §1927. Bumbo-Pty has incurred $11,922.00 in bringing this motion. (*Johnston*

18  *Decl.*, ¶21.)  Therefore, Bumbo-Pty requests that this Court impose sanctions

19  against Wendy D. Whitson, Donald S. Edgar, Jeremy R. Fietz and Rex Grady in

20  the amount of $11,922.00.

21

22

23  [8] Evidence of this fact can be seen most prominently in the letter from Edgar to Johnston dated November 21, 2007 (attached as *Exhibit "C"* to *Johnston Decl.)* in which Edgar advises that "you all do whatever you all need to do to represent your clients.  At this time, we respectfully decline to enter into any agreement(s) set forth in your letter of November 15, 2007."

24

25  [9] Since Defense counsel has had very few interactive communications with plaintiff's counsel, it is unclear whether plaintiff herself has had any role in the above-referenced decisions regarding the service issues.  Thus, Defense counsel has no choice but to request sanctions against plaintiff as well as her counsel given her assertions that she should be named a representative of the class, As a class representative, plaintiff is expected to have greater involvement in this litigation than

26

27

28

19

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO SET ASIDE DEFAULT, QUASH
SERVICE, DISMISS FOR IMPROPER SERVICE, LACK OF
PERSONAL JURISDICTION AND FAILURE TO SERVE, AND
FOR SANCTIONS

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1

## CONCLUSION

2   By this motion, Bumbo-Pty seeks three forms of relief:

3   • that the purported default against it be set aside;

4   • that the claimed service of process, served upon an unrelated

5       corporation be quashed; and

6   • that any claim against Bumbo-Pty be dismissed as this Court cannot

7       exercise personal jurisdiction over it.  Further, Bumbo-Pty seeks

8       sanctions against Wendy D. Whitson, Donald S. Edgar, Jeremy R.

9       Fietz and Rex Grady in the amount of $11,922.00 for their fraudulent

10      and unreasonable conduct in this action.

11      The facts are clear:  Plaintiff has served an unrelated entity and has taken the

12  default over an entity which does not exist.  Bumbo-Pty has not been served in this

13  action, has not appeared in this action and does not have any contacts, let alone

14  constitutionally required minimum contacts, with this forum state.  Further,

15  plaintiff and her counsel are solely responsible for the costs, expenses and

16  attorneys' fees reasonably incurred due to their unreasonable and unnecessary

17  conduct.

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24

25

26

27  if she merely filed the action on behalf of herself.

20

28  MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO SET ASIDE DEFAULT, QUASH
SERVICE, DISMISS FOR IMPROPER SERVICE, LACK OF
PERSONAL JURISDICTION AND FAILURE TO SERVE, AND
FOR SANCTIONS

1    Dated: December 28, 2007                    CONDON & FORSYTH LLP

2

3                                                By: _____

4                                                    ROD D. MARGO
                                                     JENNIFER J. JOHNSTON
5                                                    CONDON & FORSYTH LLP
                                                     1901 Avenue of the Stars, Suite 850
6                                                    Los Angeles, California 90067-6010
                                                     Telephone: (310) 557-2030
7                                                    Facsimile:  (310) 557-1299

8                                                    Attorneys for *Specially Appearing*
                                                     Defendant
9                                                    BUMBO (PTY) LTD.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                                   21

28    MEMORANDUM OF POINTS AND AUTHORITIES IN
      SUPPORT OF MOTION TO SET ASIDE DEFAULT, QUASH
      SERVICE, DISMISS FOR IMPROPER SERVICE, LACK OF
      PERSONAL JURISDICTION AND FAILURE TO SERVE, AND
      FOR SANCTIONS

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030