GAIL C. TRABISH, ESQ. (#103482)
BOORNAZIAN, JENSEN & GARTHE
A Professional Corporation
555 12th Street, Suite 1800
P. O. Box 12925
Oakland, CA 94604-2925
Telephone: (510) 834-4350
Facsimile: (510) 839-1897

Attorneys for Defendant
TARGET STORES, a division
of Target Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDY D. WHITSON,<br><br>          Plaintiff,<br><br>vs.<br><br>BUMBO, BUMBO LIMITED, BUMBO (PTY) LTD.; TARGET CORPORATION,<br><br>          Defendants. | Case No.: C-07-05597 MHP<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COUNTS 1, II, III, and IV OF THE CAUSES OF ACTION OF PLAINTIFF'S COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:      March 3, 2008<br>Time:      2:00 p.m.<br>Location:  Courtroom 15<br>Judge:     Hon. Marilyn H. Patel<br><br>Complaint Filed:   November 2, 2007 |

PLEASE TAKE NOTICE that, on Monday, March 3, 2008, at 2:00 p.m., or as soon thereafter as the matter may be heard, in Courtroom 15, before the Hon. Marilyn H. Patel, defendant TARGET STORES, a division of Target Corporation ("Target") shall and hereby does respectfully move this Court, pursuant to Fed. R. Civ. P. 12(b)(6), for an Order dismissing Counts I, II, III and IV of the Plaintiff's Complaint ("Complaint") with prejudice. Target's motion is based upon this Notice of Motion and Motion, the following Memorandum of Points and

-1-

Authorities, the Complaint, and such additional matters as may be judicially noticed or properly come before this Court prior to or at the hearing on this matter.

## ISSUE TO BE DECIDED

The issue to be decided on this motion is whether the Court should dismiss with prejudice certain claims asserted in the Complaint for failing to articulate cognizable claims that are sustainable as a nationwide class action.

## INTRODUCTION

Plaintiff's nationwide class allegations cannot be sustained and should be dismissed.[1] Plaintiff's attempt to encompass the consumer protection, express warranty, implied warranty, and unjust enrichment laws of **all** state jurisdictions renders her class facially unmanageable and her nationwide class allegations subject to a motion to dismiss.

## FACTUAL AND PROCEDURAL BACKGROUND

Target is a corporation domiciled in Minnesota with retail locations in California, as well as in other states. (*Compl.* at ¶12.) Bumbo is a South African company that manufactures a product known as the "Baby Sitter." (*Id.* at ¶11.) Bumbo products are sold through distributors and retailers, nationally. Target sells Bumbo products in California and other states.

Plaintiff, Wendy D. Whitson, alleges that in February 2007 she purchased a Bumbo "Baby Sitter" from a Target store located in Rohnert Park, Sonoma County, California, for approximately forty dollars ($40.00). (*Id.* at ¶10.) Plaintiff contends the Bumbo Baby Sitter is a product designed for use by infants. Plaintiff further contends that the Baby Sitter is a soft foam chair that is supposed to allow infants to sit upright without the aid of straps. (*Id.* at ¶15.)

Plaintiff concedes in the Complaint that the box in which the Baby Sitter is packaged and sold includes warnings in nine languages, including English. Plaintiff alleges that the warnings on

---

[1] Defendant does not believe certification of *any* class is appropriate, but seeks dismissal of only the nationwide class allegations at this time.

-2-

the packaging state "WARNING: Do not use on a raised or uneven surface, as a car seat, in a bath or in other water. Bumbo is happiest on the floor. Do not use until your baby is fully able to support its head. Depending on the physical development and age of the child, some babies will be able to move out of the Bumbo, so never leave your child unattended." Plaintiff contends that the font size of these warnings is so "miniscule" as to render the warning extremely difficult to read. *(Id. at ¶18.)*

Plaintiff further concedes that the Baby Sitter also includes a warning label, affixed directly to it, stating: "WARNING. NEVER USED ON A RAISED SURFACE. NEVER USE AS A CAR SEAT OR BATH SEAT. DESIGNED FOR FLOOR LEVEL USE ONLY. NEVER LEAVE YOUR BABY UNATTENDED AS THE SEAT IS NOT DESIGNED TO BE TOTALLY RESTRICTIVE AND MAY NOT PREVENT RELEASE OF YOUR BABY IN THE EVENT OF VIGOROUS MOVEMENT." Plaintiff alleges that the font size of this warning is less than eight-point. *(Id. at ¶19.)*

Although Plaintiff only alleges that she purchased the product, she nonetheless claims, without any additional support, that the Baby Sitter was "defectively designed" in that it was prone to permit babies seated in it to fall out during "normal and foreseeable use." *(Id. at ¶33.)* There is no reference in the Complaint as to what the alleged defect is, or what, if any, damages were suffered by the Plaintiff.

On behalf of herself and a purported nationwide class of all owners of the Bumbo Baby Sitter who purchased said product during the four-year period preceding the date of the filing of the Complaint, Plaintiff brings claims for: Violation of State Consumer Protection Laws (Count I), Violation of State Express Warranties (Count II), Violation of State Implied Warranties (Count III), and Violation of State Unjust Enrichment Common Laws (Count IV).

## STANDARD

A Federal Rule 12(b)(6) Motion to Dismiss tests the legal sufficiency of the claim or claims stated in the complaint. The court must decide if the facts alleged, if true, would entitle

-3-

Notice of Motion and Motion to Dismiss Counts I, II, III and IV of the Causes of Action of Plaintiff's Complaint Under Federal Rule of Civil Procedure 12(b)(6); Memorandum of Points and Authorities in Support Thereof
Case No. CV07-5597 MHP

plaintiff to some form of legal remedy. *Conley v. Gibson*, 355 US 41, 45-46 (1957); *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978); *SEC v. Cross Fin'l Services, Inc.*, 908 F. Supp. 718, 726-727 (C.D. CA 1995).

A Rule 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F. 2d 696, 699 (9th Cir. 1990).

## ARGUMENT

Plaintiff pleads a class action under the State Consumer Protection Laws of all states ("Laws"). Plaintiff also appears to be pleading a class action under the common law of the same jurisdictions nationwide for breach of express warranty, breach of implied warranty, and unjust enrichment. These nationwide class allegations should be dismissed as they fail to state any cognizable legal theory or theories.[2]

"Two prerequisites to the maintenance of a class action are the existence of an ascertainable class and a well-defined community of interest in the questions of law and fact involved." *Osborne v. Subaru of America, Inc.*, 198 Cal. App. 3d 646, 652, *citing Occidental Land, Inc. v. Superior Court*, 18 Cal. 3d 355, 360-361 (1976). "When legal questions vary from state to state and hence require the trial court to make diverse legal rulings on an emerging theory of recovery in a multitude of jurisdictions, the questions of law necessarily would be more individual than common to all." *Osborne*, 198 Cal. App. 3d at 654, *quoting Baltimore Football Club, Inc. v. Superior Court*, 171 Cal. App. 3d 352, 363 (1985).

Plaintiff fails to account for the significant variations in the Laws in her Complaint. For example, the various Laws contain different scienter requirements. Further, an assumption critical to Plaintiff's case is that "omissions" are actionable under each one of the state acts. (*Compl.* at

---

[2] Given the highly individualized issues of fact and law presented in Plaintiff's complaint, Target does not believe that any of Plaintiff's claims are properly certifiable for class treatment, even as to Plaintiff's "alternative" class of California-only residents. However, for the purposes of this Motion to Dismiss, Target seeks only dismissal of Plaintiff's nationwide class allegations and reserves further issues of briefing on the merits of the statewide class certification of Plaintiff's claims.

-4-

¶42.) Yet, at least one state has expressly held otherwise. *See Tietsworth v. Harley-Davidson, Inc.*, 677 N.W. 2d 233, 245 (Wis. 2004) ("Silence-an omission to speak-is insufficient to support a claim under [the Wisconsin Deceptive Trade Practices Act].") In many other states, it is unknown whether omissions are actionable. *See, e.g.,* Minn. Stat. § 325D.44 ("A person engages in a deceptive trade practice when ... the person ... causes likelihood of confusion or of misunderstanding;" the issue of the actionability of omissions under the statute has not been addressed by the courts). In addition, some of the states Plaintiff seeks to include in a class actually *prohibit* or restrict private actions/class actions. *See, e.g., Molo Oil Co. v. River City Ford Truck Sales, Inc.*, 578 N.W. 2d 222, 278 (Iowa 1998) (Iowa consumer fraud statute does not provide a private cause of action); Ala. Code § 8-19-10(f) ("A consumer or other person bringing an action under this chapter may not bring an action on behalf of a class.") Likewise, statutes of limitation differ. *Compare* Ky. Rev. Stat. Ann §367.220(5) (two years after the violation), *with* Or. Rev. Stat. § 646.638(6) (one year from discovery); *and* Tex. Bus. & Com. Code § 17.565 (two years from discovery), *with* Wash. Rev. Code §19.86.120 (four years).[3]

Because of these variations, federal courts have repeatedly denied class certification of nationwide classes under the many states' consumer protection statutes. *See, e.g., Lilly v. Ford Motor Co.*, No. 00 C 7372, 2002 WL 507126, at *2-3 (N.D. Ill. April 3, 2002) (denying motion for class certification of a nationwide class on plaintiff's claim of violation of consumer fraud laws as unmanageable); *Tylka v. Gerber Products, Co.*, 178 F.R.D. 493, 498 (N.D. Ill. 1998) (application of 50 states' consumer protection laws would be unmanageable); *Zapka v. Coca-Cola Co.*, No. 99, C 8238, 2000 WL 1644539, at *4 (N.D. Ill. Oct. 27, 2000) (holding that nationwide certification of a class, *or even of subclasses*, under state consumer protection acts "would not be manageable

---

[3] There are many more differences between the states' acts, including but not limited to: (1) whether notice or alternative dispute resolution is required, *see* Ala. Code § 8-19-10 (e) (requiring notice/demand 15 days before filing); Me. Rev. Stat. Ann. tit. 5, § 213(1-A) (requiring a written demand for relief 30 days before filing; parties may compel mediation); (2) what a jury may decide, *see, e.g.,* Conn. Gen. Stat. §42-110g(g) (punitive damages decided by the judge); Kan. Stat. Ann. §50-627(b) (unconscionability decided by the judge); *but see, e.g.,* Ala. Code § 8-19-3 *et seq.* (no prohibition); and (3) whether there is a prohibition or limitation of an award of attorneys' fees, *see, e.g.,* Conn. Gen Stat. §42-110g(d) (discretionary for individuals, not for class actions except those where there is no monetary recovery-then discretionary); Del. Code Ann. tit. 6, § 2533(b) (in exceptional cases).

-5-

Notice of Motion and Motion to Dismiss Counts I, II, III and IV of the Causes of Action of Plaintiff's Complaint Under Federal Rule of Civil Procedure 12(b)(6); Memorandum of Points and Authorities in Support Thereof
Case No. CV07-5597 MHP

because of the multiple and different variables that would have to be proved as to each class member"). Therefore, with respect to claims under the consumer protection statutes of nearly all other states, Plaintiff fails to plead a viable cause of action and the nationwide class allegations must be dismissed.

As with the Plaintiff's class allegations under the various states' consumer protection laws, Plaintiff's class pleadings seeking a nationwide class based on breaches of express and implied warranties are futile. First, the Plaintiff's allegations would create an "insurmountable" choice of law question for the Court. *Clay v. Am. Tobacco Co.*, 188 F.R.D. 483, 498 (S.D. Ill. 1999); *see also In re Rhone-Poulenc Rorer, Inc.*, 51 F.3d 1293, 1302 (7th Cir. 1995); *Dhamer v. Bristol-Myers Squibb Co.*, 183 R.F.D. 520 (N.D. Ill. 1998). In addition, the laws of all states regarding breaches of both express and implied warranties differ in many material aspects such as privity requirements, as well as notice issues. *See Szajna v. General Motors Corp.*, 503 N.E. 2d. 760, 763 (noting that the law of privity requirements for implied warranty claims as it applies to recovery for economic loss is "far from clear and most certainly not uniform in all jurisdictions.")[4] Thus, it is impossible to adjudicate claims from all 50 states together.[5]

Further, Plaintiff's claims for unjust enrichment fail for much the same reasons. "The laws of unjust enrichment vary from state to state and require individualized proof of causation." *Id.* at 500; *Lilly*, 2002 WL 507126, at *2. For example, many states permit an equitable defense of unclean hands to an unjust enrichment claim, and the requirements to establish the defense vary significantly. *Clay*, 188 F.R.D. at 501. Thus, because Plaintiff's nationwide class claim for unjust enrichment is not viable as a class action, it should be dismissed from Plaintiff's Complaint.

---

[4] For example, in California, vertical privity is a prerequisite for recovery under the implied warranty of merchantability. *Hauter v. Zogarts*, 14 Cal.3d 104, 114, fn.8 (1975). Other states do not have this requirement. *See, e.g., Nobility Homes of Texas, Inc. v. Shivers*, 557 S.W.2d 77, 80-81 (Tex. 1977).

[5] In addition, although moving party has not researched the express warranty statutes in all states, in California, "in order to plead a cause of action for breach of express warranty, one must allege the exact terms of the warranty, plaintiff's reasonable reliance thereon, and a breach of that warranty which proximately causes plaintiff's injury." *Williams v. Beechnut Nutrition Corp.*, 185 Cal. App.3d 135, 142 (1986) In fact, besides generally pleading this cause of action, the Complaint makes no reference to any specific warranty whatsoever. It is unclear that said warranty even exists.

-6-

Notice of Motion and Motion to Dismiss Counts I, II, III and IV of the Causes of Action of Plaintiff's Complaint Under Federal Rule of Civil Procedure 12(b)(6); Memorandum of Points and Authorities in Support Thereof
Case No. CV07-5597 MHP

## **CONCLUSION**

Due to the fact that Plaintiff's attempt to encompass the consumer protection, express warranty, implied warranty, and unjust enrichment laws of **all** state jurisdictions render her class facially unmanageable, Defendant Target respectfully requests that this Court dismiss Counts I, II, III and IV of the Plaintiff's Complaint with prejudice.

DATED: January 28, 2008

                                          BOORNAZIAN, JENSEN & GARTHE
                                          A Professional Corporation

By: _____
       GAIL C. TRABISH, ESQ.
       Attorneys for Defendant
       TARGET STORES, a division
       of Target Corporation

-7-

Notice of Motion and Motion to Dismiss Counts I, II, III and IV of the Causes of Action of Plaintiff's Complaint Under Federal Rule of Civil Procedure 12(b)(6); Memorandum of Points and Authorities in Support Thereof
Case No. CV07-5597 MHP

# CERTIFICATE OF SERVICE
## (28 U.S.C. §1746)

I am employed in the County of Alameda, State of California. I am over the age of 18 years and not a party to the within action. My business address is 555 12th Street, Suite 1800, P. O. Box 12925, Oakland, California 94604-2925.

A copy of the below-named document was served via email in accordance with the ECF filing system in U.S. District Court - Northern to the below-named recipient(s):

1. **NOTICE OF MOTION AND MOTION TO DISMISS COUNTS I, II, III and IV OF THE CAUSES OF ACTION OF PLAINTIFF'S COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF TO UNVERIFIED COMPLAINT,**

| | |
|---|---|
| Donald S. Edgar, Esq.<br>Jeremy R. Fietz, Esq.<br>Rex Grady, Esq.<br>Edgar LawFirm<br>408 College Avenue<br>Santa Rosa, CA  95401<br>(707) 545-3200  Phone<br>(707) 578-3040  Fax<br>jeremy@classattorneys.com | **Attorneys for Plaintiff** |
| Jennifer J. Johnston, Esq.<br>Rod S. Margo, Esq.<br>Condon & Forsyth LLP<br>1901 Avenue of the Stars<br>Suite 850<br>Los Angeles, CA 90067-6010<br>310-557-2030<br>310-557-1299 (fax)<br>jjohnston@condonlaw.com | **Attorneys for Defendant<br>Bumbo (PTY) Ltd** |

I declare under penalty of perjury that the foregoing is true and correct. Executed at Oakland, California on January 28, 2008.

_____
Alexine L. Braun

25231\420884