GAIL C. TRABISH, ESQ. (#103482) *gtrabish@bjg.com*
HEATHER A. GLADSTONE, ESQ. (#238517) *hgladstone@bjg.com*
BOORNAZIAN, JENSEN & GARTHE
A Professional Corporation
555 12th Street, Suite 1800
P. O. Box 12925
Oakland, CA 94604-2925
Telephone: (510) 834-4350
Facsimile: (510) 839-1897

Attorneys for Defendant
TARGET STORES, a division
of Target Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDY D. WHITSON,<br><br>    Plaintiff,<br><br>vs.<br><br>BUMBO, BUMBO LIMITED, BUMBO (PTY) LTD.; TARGET CORPORATION,<br><br>    Defendants. | Case No.: C-07-05597 MHP<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS COUNTS I, II, III and IV OF THE CAUSES OF ACTION OF PLAINTIFF'S COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**<br><br>Date:     March 10, 2008<br>Time:     2:00 p.m.<br>Location: Courtroom 15<br>Judge:    Hon. Marilyn H. Patel<br><br>Complaint Filed:  November 2, 2007 |

Defendant TARGET STORES, a division of Target Corporation, hereby submits this memorandum in reply to Plaintiff's Opposition to this moving party's motion to dismiss counts I, II, III, and IV of Plaintiff's Complaint under F.R.C.P. 12(b)(6):

## ARGUMENT

**1. Federal Case Law Allows Courts to Address Issues Related to Class Certification at The Pleading Stage of Litigation and Therefore the Issue of Manageability is Properly Before This Court on Defendant's Motion to Dismiss**

In opposition to Defendant's motion to dismiss, plaintiff argues that manageability of a nationwide class action, a pre-requisite for certification of a class, is not an issue to be decided at

the pleading stage. Without providing authority in support of her position, plaintiff concludes: "Manageability is a true and significant concern for the Courts. It should be of no less concern to this Court. And yet, there is a time and a place for the expression of such concern. That time and place are not now, at the pleading stage of this litigation." (See Plaintiff's Opposition, page 2, lines 3-5). Plaintiff believes that the issue of manageability is only appropriate on a motion for class certification.

In fact, federal case law proves otherwise. In *Rios v. State Farm Fire and Cas. Co.* (S.D.Iowa 2007) 469 F.Supp.2d 727, decided this year, the Court stated: "[a] defendant may move to strike class allegations prior to discovery in rare cases where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met." *Id.* at 740. Notably, the applicable standard of review on a motion to strike is the same as that which is applied on a motion to dismiss pursuant to FRCP 12(b)(6).

> When evaluating a motion to strike allegations of a complaint, the court must accept as true all factual allegations in the complaint and view all reasonable inferences in the light most favorable to Plaintiffs, just as on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Smikle v. Coca-Cola Enterprises, Inc.*, Civ. 03-1431(RBK), Slip Op. 7, (D.N.J. May 17, 2004).

*Andrews v. Home Depot U.S.A., Inc.* (D.N.J.) 2005 WL 1490474 at *2.

Consistent with the *Rios* holding above, courts have routinely addressed the determination of the sufficiency of class action allegations at the pleading stage. In *Miller v. Motorola, Inc.* (D.C.Ill. 1977) 76 F.R.D. 516, defendant Motorola moved to strike the allegations of plaintiff's complaint at the initial pleading stage of the litigation on the ground that plaintiff could not proceed to litigate her claim for the class delineated in her complaint. After reviewing the pleadings, the Court held that defendant Motorola had established by undisputed facts that plaintiff could not maintain her action on a class basis and granted defendant's motion to strike the class allegations of the complaint. *Id.* at 518.

Futher, in *Board of Educ. of Tp. High School v. Climatemp, Inc.* (N.D.Ill.) 1981 WL 2033, the court specifically rejected the argument that it was procedurally improper to hear a defendant's motion to strike class action allegations in advance of a motion by plaintiff to certify class.

> Although the Attorney General claims that such a motion is improper technically and procedurally, motions to strike are a reflection of the court's inherent power to prune pleadings in order to expedite the administration of justice and to prevent abuse of its process. 2A Moore's Federal Practice, § 12.21 at p. 2419. This procedure is useful in bringing into focus issues the resolution of which governs the broader question of whether a class action is maintainable, and a number of courts in this circuit have employed it.

*Board of Educ. of Tp. High School v. Climatemp, Inc.* (N.D.Ill.) 1981 WL 2033 at *2.

Thus, the issue of manageability of Plaintiff's nationwide class allegations is appropriately before this Court.

### 2. Plaintiff's Opposition Does Nothing to Overcome the Proven Defects in The Nationwide Class Allegations of Her Complaint And Plaintiff Acknowledges Probable Unmanageability Later in the Litigation

Plaintiff acknowledges the variations and distinctions in the state causes of action and that manageability will become problematic down the line. She concludes, however, that while the patent unmanageability is "interesting" it is not a topic for the pleading stage of the litigation, "at least not without a more exhaustive dissertation among various state laws." (See Plaintiff's Opposition, page 3, lines 12-13).

As in *Miller, supra,* the case at bar is one where the considerable variations in the laws of Plaintiff's Complaint reveal that the certification of this nationwide class is unmanageable on its face. With respect to the varying state consumer protection laws, such wide variations have resulted in routine denial of the class certification of nationwide classes. *See, e.g., Lilly v. Ford Motor Co.,* No. 00 C 7372, 2002 WL 507126, at *2-3 (N.D. Ill. April 3, 2002) (denying motion for class certification of a nationwide class on plaintiff's claim of violation of consumer fraud laws as unmanageable); *Tylka v. Gerber Products, Co.,* 178 F.R.D. 493, 498 (N.D. Ill. 1998) (application of 50 states' consumer protection laws would be unmanageable); *Zapka v. Coca-Cola Co.,* No. 99, C 8238, 2000 WL 1644539, at *4 (N.D. Ill. Oct. 27, 2000) (holding that nationwide certification of a class, *or even of subclasses,* under state consumer protection acts "would not be manageable because of the multiple and different variables that would have to be proved as to each class member"). Next, with respect to Plaintiff's class pleadings seeking a nationwide class based on breaches of express and implied warranties, those allegations create an insurmountable choice of

law question for the Court. *Clay v. Am. Tobacco Co.*, 188 F.R.D. 483, 498 (S.D. Ill. 1999); *see also In re Rhone-Poulenc Rorer, Inc.*, 51 F.3d 1293, 1302 (7th Cir. 1995); *Dhamer v. Bristol-Myers Squibb Co.*, 183 R.F.D. 520 (N.D. Ill. 1998). Finally, Plaintiff's nationwide class claim for unjust enrichment is likewise not viable as a class action. As noted in the moving papers, "[t]he laws of unjust enrichment vary from state to state and require individualized proof of causation." *Clay, supra,* at 500; *Lilly, supra,* at *2.

It is judicially and economically inefficient to allow Plaintiff to proceed on patently unmanageable allegations only to strike them at a later date when more money and time have been spent by this Court and the parties. Plaintiff has failed to plead viable causes of action on behalf of a nationwide class and such allegations should be dismissed on this motion.

**3. Plaintiff Has Not Plead Any Personal Damages Attributable to the Alleged Defective Product and Therefore Her Complaint is Defective on Its Face**

Plaintiff states that her Complaint, on its face, is without defect. (See Plaintiff's Opposition, page 5, lines 24-47). She ignores, however, that she has failed to plead specific personal damages, if any, that she may have suffered. She also fails to identify the product's alleged defect, if any. These points were raised in Defendant's moving papers and not addressed in Plaintiff's Opposition. One can only conclude that Plaintiff lacks sufficient facts to cure this defect in her Complaint.

Oddly, despite the absence of personal damages, Plaintiff purports to represent a nationwide class of all owners of the Bumbo Baby Sitter who purchased said product during the four-year period preceding the date of the filing of the Complaint. She alleges that her claims are typical to the class because she purchased the same product, manufactured by the defendants, "that was prone to permit babies seated in it to fall out during normal and foreseeable use." (See Plaintiff's Complaint, page 9, ¶33). Plaintiff's knowledge of the product's alleged tendency, however, comes secondhand from a website where *other* consumers supposedly complained of incidents involving the product. (See Plaintiff's Complaint, page 6, ¶21). Plaintiff stopped short of pleading any damage that she personally incurred, other than purchasing the product. It is clear that Plaintiff sidesteps the issue because Plaintiff has not suffered any damages entitling her to

relief, especially insofar as it relates to a nationwide class. Moreover, as least as to Defendant Target, plaintiff likely sustained no damages. Prior to the filing of this lawsuit, Target removed from its shelves and internet site the product known as the Bumbo Baby Sitter and offered to refund purchasers the full purchase price of the product. This offer was available to all persons without the necessity of a receipt or proof of purchase.

## CONCLUSION

Based on the above, Defendant Target respectfully requests that this Court dismiss Counts I, II, III and IV of the Plaintiff's Complaint with prejudice.

DATED:   February 13, 2008

BOORNAZIAN, JENSEN & GARTHE
A Professional Corporation

By: _____Heather Gladstone_____
GAIL C. TRABISH, ESQ.
HEATHER A. GLADSTONE, ESQ.
Attorneys for Defendant
TARGET STORES, a division
of Target Corporation

25231\421989

# CERTIFICATE OF ELECTRONIC SERVICE

I, the undersigned, declare as follows:

I am employed in the County of Alameda, State of California. I am over the age of 18 years and not a party to the within action. My business address is 555 12th Street, Suite 1800, P. O. Box 12925, Oakland, California 94604-2925.

On the date indicated below, at the above-referenced business location, I served the **REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS COUNTS I, II, III and IV OF THE CAUSES OF ACTION OF PLAINTIFF'S COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** on the below-named party and caused said document to be transmitted using ECF as specified by General Order No. 45 to the following party:

**Jeremy R. Fietz**  **Attorneys for Plaintiff**
The Law Office of Donald S. Edgar
408 College Avenue
Santa Rosa, CA 95401
(707) 545-3200
(707) 578-3040 (fax)
jeremy@classattorneys.com

**Jennifer J. Johnston**  **Attorneys for Defendant**
Condon & Forsyth LLP  **Bumbo (PTY) Ltd**
1901 Avenue of the Stars
Suite 850
Los Angeles, CA 90067-6010
310-557-2030
310-557-1299 (fax)
jjohnston@condonlaw.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Oakland, California, on February 13, 2008.

_____
Alexine Braun

25231\421989