1  DONALD S. EDGAR (State Bar No. 139324)
   JEREMY R. FIETZ (State Bar No. 200396)
2  Email: jeremy@classattorneys.com
   EDGAR LAW FIRM
3  408 College Avenue
   Santa Rosa, California 95401
4  Telephone: (707) 545-3200
   Facsimile: (707) 578-3040
5
   Attorneys for Plaintiffs
6

7  GAIL C. TRABISH, ESQ. (#103482)
   BOORNAZIAN, JENSEN & GARTHE
8  A Professional Corporation
   555 12th Street, Suite 1800
9  P. O. Box 12925
   Oakland, CA 94604-2925
10 Telephone: (510) 834-4350
   Facsimile: (510) 839-1897
11
   Attorneys for Defendant
12 TARGET STORES, a division
   of Target Corporation
13

14
                    UNITED STATES DISTRICT COURT
15
                   NORTHERN DISTRICT OF CALIFORNIA
16

17

18

19 WENDY D. WHITSON,                      CASE NO.  07-05597 MHP

20        Plaintiff,                      **JOINT CASE MANAGEMENT
                                          CONFERENCE STATEMENT**
21 vs.
                                          **DATE:**   March 10, 2008
22 BUMBO, BUMBO LIMITED, BUMBO (PTY)      **TIME:**   4:00 p.m.
   LTD.; TARGET CORPORATION,              **DEPT:**   Ctrm. 15, 18th Floor
23                                        **JUDGE:**  Hon. Marilyn Hall Patel
          Defendants.
24

25

26                        Defendants.

27

28

JOINT CASE MANAGEMENT CONFERENCE STATEMENT              CASE NO.  07-05597 MHP

1           (1)    <u>Jurisdiction and Service</u>:

2           This Court has diversity jurisdiction because the Plaintiffs are from different

3   states than each of the Defendants. Jurisdiction is not contested.

4           Defendant, Target Stores, Inc. ("Target") has been served.  As of this date,

5   Target has not filed a counterclaim against the manufacturer as its tender of defense is

6   still pending.

7           Plaintiff has served Bumbo in Texas and thereafter filed a Notice of

8   Default.  Bumbo (Pty) Limited has specially appeared and filed a Motion to Set Aside the

9   Default, Quash Service, Dismiss for Improper Service, Lack of Personal Jurisdiction and

10  Failure to Serve, and for Sanctions.  This motion is set to be heard on March 10, 2008.

11  Bumbo (Pty) Limited was recently served in South Africa.  Bumbo (Pty) Limited has

12  recently filed a motion to quash that service to be heard March 24, 2008.

13          (2)    <u>A Brief Description Of The Events Underlying The Action</u>:

14          Wendy Whitson brings this national class action on behalf of herself and

15  other purchasers of the Bumbo Baby Sitter against the manufacturers, distributors and

16  retailers of the product.  Plaintiff asserts that a defect in design of the product caused it

17  to fail to perform as intended, thereby causing purchasers to incur loss of use and

18  

19  monetary damages.

20          Prior to the filing of the within lawsuit, but subsequent to the filing of the

21  related *Lamm* case, the Consumer Product Safety Commission had issued a recall of

22  the item for the placement of greater warnings regarding its use.

23          Prior to the filing of this lawsuit, but subsequent to the filing of the related

24  *Lamm* case, Defendant Target removed the Bumbo Seats with allegedly inadequate

25  

26  warnings from its shelves and offered to refund purchasers the full purchase price of the

27  product if they so choose.  This offer was available to all persons without the necessity of

28  a receipt or proof of purchase, including plaintiff herein.  Alternatively, additional

-1-

1    warnings were available to be placed on the product.

        (3)    <u>The Principal Factual Issues Which The Parties Dispute</u>:

        (a)    Whether the Bumbo Baby Sitter is a defective product.

        (b)    Whether the warnings concerning safe use of the Bumbo Baby Sitter were adequate to warn of its dangers.

        (c)    Whether plaintiff and other members of her class were damaged.

<u>The Principal Legal Issues Which The Parties Dispute</u>:

        (a)    What are the legal standards applicable to Plaintiffs' allegation that Defendants sold a defective product?

        (b)    What are the legal standards applicable to Plaintiffs' allegation that Defendants sold a product with insufficient warning?

        (c)    What are the legal standards applicable for certification of a class action?

        (d)    What are the available damages for Plaintiff claims?

        (e)    What are the legal standards applicable to Plaintiffs' claims for injunctive relief?

        (4)    <u>Motions</u>:

In addition to the motion before this court by Bumbo (Pty) Limited relating to jurisdiction and service, Target has filed a Motion to Dismiss certain claims in Plaintiff's complaint as failing to articulate cognizable claims that are sustainable as a nationwide class action.

While the Parties are not in a position to anticipate every possible pre-trial motion as they are still in a very preliminary stage in the litigation, they anticipate motions relating to discovery issues, especially as they relate to documents maintained by the unanswered Bumbo defendants.

-2-

1    (5)    Amendment of Pleadings:

2    Plaintiff has indicated that she will amend her Complaint to name Bumbo

3    International.  Plaintiff is also considering an amendment to add additional retailers of

4    the Bumbo Baby Sitter.

5    (6)    Evidence Preservation:

6    Plaintiff has requested that Defendant Target preserve their data regarding

7    their gift registry and the receipt for the product.  Target has complied with this request.

8    (7)    Disclosures:

9    The Parties will have exchanged initial disclosures under Rule 26, Fed. R.

10    Civ. Pro.

11    (8)    Discovery:

12    The parties would like to postpone deposition discovery in this case until

13    the Bumbo defendants have appeared in the case.  As in the related *Lamm* case, limited

14    written discovery may be helpful to the parties until the Bumbo service and jurisdiction

15    issues are sorted out.

16    (9)    Related Cases:

17    The court has previously granted Plaintiff's Administrative Motion to Relate

18    this case to *Lamm v. Bumbo.*

19    (10)    Relief:

20    Plaintiff seeks damages in the amount of monies paid for Bumbo Baby

21    Sitter, statutory damages, including punitive or treble damages, as provided by various

22    state statutes, interest, equitable relief, including disgorgement into a fluid recovery fund

23    and other injunctive relief.

24    Defendant seeks dismissal of the action and its costs of suit.

25    (11)    Settlement and ADR:

26    Plaintiffs and Target have agreed to mediation.

27    (12)    Consent To Magistrate Judge For All Purposes:

28    Plaintiff does not so consent.

-3-

1           (13)   Other References:

2           The Parties propose no other references at this time.

3           (14)   Narrowing of Issues:

4           The Parties are committed to narrowing the issues as much as possible,

5    and will meet and confer regarding same.

6           (15)   Expedited Schedule:

7           Given the difficulty with service of the Bumbo defendants, the parties do

8    not believe expedited scheduling is appropriate.

9           (16)   Scheduling:

10          The parties request that scheduling of discovery and pretrial deadlines

11   should be postponed to further CMC.

12          (17)   Trial:

13          Plaintiffs and Target have requested a jury trial.   The Parties estimate a

14   12-15 day jury trial.

15          (18)   Disclosure Of Non-Party Interested Entities Or Persons:

16          There are no non-party interested persons known to the Plaintiffs or

17   Target.

18

19   DATED:  February 21, 2008          EDGAR LAW FIRM

20                                        By: _____/s/_____

21                                        JEREMY R. FIETZ
                                        Attorneys for Plaintiffs

22   DATED:  February 21, 2008          BOORNAZIAN, JENSEN & GARTHE
23

24                                      By:_____/s/_____
                                        GAIL C. TRABISH

25                                      Attorneys for Defendant
                                        TARGET STORES, a division of

26                                      Target Corporation

27

28

-4-

1

## CERTIFICATE OF ELECTRONIC SERVICE
## (28 U.S.C. §1746)

2

3          I, the undersigned, declare as follows:

4          I am employed in the County of Alameda, State of California.  I am over the age of 18

5   years and not a party to the within action.  My business address is 555 12th Street, Suite 1800,

6   P. O. Box 12925, Oakland, California 94604-2925.

7          On the date indicated below, at the above-referenced business location, I served the **JOINT**

8   **CASE MANAGEMENT CONFERENCE STATEMENT** on the below-named party and caused

9   said document to be transmitted using ECF as specified by General Order No. 45 to the following

10  party:

11

12  **Jeremy R. Fietz**                          **Attorneys for Plaintiff**
    The Law Office of Donald S. Edgar
13  408 College Avenue
    Santa Rosa, CA 95401
14  (707) 545-3200
    (707) 578-3040 (fax)
15  jeremy@classattorneys.com

16  **Jennifer J. Johnston**                     **Attorneys for Defendant**
    Condon & Forsyth LLP                         **Bumbo (PTY) Ltd**
17  1901 Avenue of the Stars
    Suite 850
18  Los Angeles, CA 90067-6010
    310-557-2030
19  310-557-1299 (fax)
    jjohnston@condonlaw.com
20

21         I declare under penalty of perjury under the laws of the State of California that the

22  foregoing is true and correct.

23         Executed at Oakland, California, on February *22*, 2008.

24                                          _Alexine Braun_
                                            Alexine Braun
25  25231\

26

27

28

-5-