Rod D. Margo (State Bar No.: 097706)
Jennifer J. Johnston (State Bar No.: 125737)
CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030
Facsimile: (310) 557-1299
Email: rmargo@condonlaw.com
Email: jjohnston@condonlaw.com

Attorneys for *Specially Appearing* Defendant
BUMBO (PTY) LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDY D. WHITSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BUMBO, BUMBO LIMITED, BUMBO (PTY) LTD., and TARGET CORPORATION,<br><br>Defendants. | Case No. CV07-5597 MHP<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO *AMENDED* MOTION TO SET ASIDE DEFAULT, QUASH SERVICE, DISMISS FOR IMPROPER SERVICE, LACK OF PERSONAL JURISDICTION AND FAILURE TO SERVE, AND FOR SANCTIONS**<br><br>Date:  March 10, 2008<br>Time:  2:00 p.m.<br>Place: Courtroom of the Hon. Marilyn H. Patel |

REPLY TO PLAINTIFF'S OPPOSITION TO *AMENDED*
MOTION TO SET ASIDE DEFAULT, QUASH SERVICE,
DISMISS FOR IMPROPER SERVICE, LACK OF PERSONAL
JURISDICTION AND FAILURE TO SERVE, AND FOR
SANCTIONS
CASE NO.: CV07-5597 MHP

2401_1

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................... ii-iii

INTRODUCTION ..................................................................................... 1

ARGUMENT ............................................................................................. 2

    I.    PLAINTIFF'S OPPOSITION FAILS TO ESTABLISH THAT PLAINTIFF HAS PROPERLY SERVED "BUMBO," "BUMBO LIMITED," OR BUMBO (PTY) LTD ................................................. 2

    II.    PLAINTIFF HAS FAILED TO COMPLY WITH RULE 4 OF THE FEDERAL RULES OF CIVIL PROCEDURE TO EFFECT SERVICE OF PROCESS ON BUMBO (PTY) LTD. ......................... 4

    III.    PLAINTIFF HAS FAILED TO ESTABLISH A LEGAL JUSTIFICATION FOR FILING PROOFS OF SERVICE AND SEEKING DEFAULTS AGAINST NON-EXISTENT ENTITIES ............................................................................................. 7

    IV.    PLAINTIFF HAS FAILED TO ESTABLISH FACTS SUFFICIENT TO SUPPORT AN ASSERTION OF PERSONAL JURISDICTION OVER BUMBO (PTY) LTD. ............ 7

    V.    PLAINTIFF'S SANCTIONABLE CONDUCT RELATES NOT TO HER CONFUSION ABOUT THE "BUMBO" ENTITIES BUT TO HER COUNSEL'S ATTEMPT TO OBTAIN DEFAULT JUDGMENT AGAINST NON-RESIDENT ENTITIES WHOM THEY KNOW TO BE REPRESENTED BY COUNSEL ........................................... 9

CONCLUSION ....................................................................................... 11

REPLY TO PLAINTIFF'S OPPOSITION TO *AMENDED* MOTION TO SET ASIDE DEFAULT, QUASH SERVICE, DISMISS FOR IMPROPER SERVICE, LACK OF PERSONAL JURISDICTION AND FAILURE TO SERVE, AND FOR SANCTIONS
CASE NO.: CV07-5597 MHP

2401_1

# TABLE OF AUTHORITIES

**Cases** Page(s)

*Seltzer Sister Bottling Co., Inc. v. Source Perrier*
    1991 WL 2729273 (N.D. Cal.)..................................................................7, 8, 9

**Statutes**

Fed. R. Civ. Proc. 12(b)(2) ....................................................................................8

Fed. R. Civ. Proc. 4(f).........................................................................................5, 6

Fed. R. Civ. Proc. 4(f)(1)........................................................................................6

Fed. R. Civ. Proc. 4(f)(2)........................................................................................6

Fed. R. Civ. Proc. 4(h)(2).......................................................................................9

**Other Statutes**

South Africa Uniform Rules of Court, Rule 4.......................................................6

South Africa Uniform Rules of Court, Rule 4(1)(d) .............................................6

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

ii

REPLY TO PLAINTIFF'S OPPOSITION TO *AMENDED*
MOTION TO SET ASIDE DEFAULT, QUASH SERVICE,
DISMISS FOR IMPROPER SERVICE, LACK OF PERSONAL
JURISDICTION AND FAILURE TO SERVE, AND FOR
SANCTIONS
CASE NO.: CV07-5597 MHP

## INTRODUCTION

Defendant Bumbo (Pty) Ltd. ("Bumbo-Pty") hereby files its reply to plaintiff's opposition to defendant's motion to set aside the default and dismiss on various jurisdictional grounds. Instead of addressing the substantive issues in Bumbo-Pty's motion, including the open and obvious service issues, plaintiff attempts to pull a "bait and switch" by arguing meaningless claims that are not at issue in order to distract the court's attention from the problem at hand. First, plaintiff claims that Bumbo-Pty has somehow "misrepresented" its relationship with one of its distributors via representations made on a website which led to "confusion" in service. This argument does not ring true when one considers that the party purportedly served at the address of this distributor does not exist. Next, plaintiff fails to address any of the current and factually similar case law cited in defendant's moving papers to support its argument that the court lacks personal jurisdiction over Bumbo-Pty. Instead, plaintiff cites only *one* case with a completely inapposite fact pattern in an attempt to discredit defendant's argument. Finally, in spite of the fact that plaintiff and her counsel have completely disregarded not only the rules of civil procedure, but any rules of professional courtesy by *knowingly* taking a fraudulent default against a represented non-resident entity, plaintiff seeks sanctions against moving party. Apparently seeking to set aside a default against a non-existent party who was never served constitutes taking a "hyper-aggressive" position in the matter. See *Plaintiff's Opposition to Motion to Set Aside Default ("Opposition"),* p. 14, line 22.

Plaintiff is trying her best to "back door" Bumbo-Pty into this lawsuit by attempting ineffective, sloppy and improper service on non-existent entities on multiple occasions and then forcing defendant to spend time and money filing motions to quash/dismiss. Not once has plaintiff's counsel ever attempted to

---

1

REPLY TO PLAINTIFF'S OPPOSITION TO *AMENDED* MOTION TO SET ASIDE DEFAULT, QUASH SERVICE, DISMISS FOR IMPROPER SERVICE, LACK OF PERSONAL JURISDICTION AND FAILURE TO SERVE, AND FOR SANCTIONS
CASE NO.: CV07-5597 MHP

1 contact counsel for Bumbo-Pty to discuss the service issues and, in fact, has
2 refused to respond to defense counsel's attempts to do so. It appears that plaintiff's
3 counsel would instead prefer to attempt to "wear down" counsel to the point where
4 Bumbo-Pty tires of insisting that rules of civil procedure be followed in this case.
5 Based upon statute and case law, the default taken in this case should be
6 overturned and the case should be dismissed as against Bumbo-Pty. Further, due
7 to the unprofessional and vexatious tactics of plaintiff and her counsel, sanctions
8 should be awarded in the amount of $10,716.

## ARGUMENT

## I

## PLAINTIFF'S OPPOSITION FAILS TO ESTABLISH THAT PLAINTIFF HAS PROPERLY SERVED "BUMBO," "BUMBO LIMITED," OR BUMBO (PTY) LTD

Plaintiff attempts to put up a "smoke screen" by alleging that her "confusion" over statements made on a website led her to believe that Wartburg Enterprises, Inc. ("Wartburg") was some sort of "Bumbo-related entity", which, in turn, led to service on a non-existent entity at Wartburg's address in Conroe, Texas. However "confusing" the plaintiff may have found the various alleged "representations" cited in her opposition, the irrefutable facts regarding service in this action remain as follows:

- Summons and complaint were served on Wartburg in Conroe, Texas.
- Wartburg is not "Bumbo," "Bumbo Limited," or "Bumbo (Pty) Ltd.";
- Wartburg is also not "Bumbo International" which has not been named as a defendant in this action;
- Wartburg is an entirely separate company, incorporated under the laws of Florida, with its principal place of business located in Conroe,

---

2
REPLY TO PLAINTIFF'S OPPOSITION TO *AMENDED*
MOTION TO SET ASIDE DEFAULT, QUASH SERVICE,
DISMISS FOR IMPROPER SERVICE, LACK OF PERSONAL
JURISDICTION AND FAILURE TO SERVE, AND FOR
SANCTIONS
CASE NO.: CV07-5597 MHP

Texas;

- Wartburg is not now, nor has it ever been, authorized to accept service of process on behalf of any Bumbo entity;
- The Bumbo Baby Sitter is manufactured by Bumbo-Pty in South Africa;
- Bumbo International markets and sells the Bumbo Baby Sitter;
- Wartburg is merely an on-line distributor of the Bumbo Baby Sitter in the U.S.
- Wartburg purchases the Bumbo Baby Seats and then distributes them via an on-line business Wartburg conducts in the U.S. from its facility in Conroe, Texas.
- For a brief time, Wartburg was given authority to communicate with the Consumer Product Safety Commission (CPSC) on behalf of Bumbo-Pty concerning the recall by the CPSC.
- Wartburg set up a website, http://www.bumbosafety.com to respond to inquiries regarding the recall. In addition, consumers were also directed to download new warning labels for the Baby Sitter.
- Wartburg incorrectly stated on their website that the Bumbo Baby Sitter was manufactured by Bumbo International.
- Wartburg also listed the name "Bumbo International" next to Wartburg's address in Conroe, Texas on the website in spite of the fact that Bumbo International does not now and never has had an office or address in Conroe, Texas.

See *Declarations of Johan Nicholas Buitendach in Support of Motion to Set Aside Default and in Support of Reply* ("Buitendach Decls.")

Plaintiff has not presented any evidence to support her allegation that

3

REPLY TO PLAINTIFF'S OPPOSITION TO *AMENDED* MOTION TO SET ASIDE DEFAULT, QUASH SERVICE, DISMISS FOR IMPROPER SERVICE, LACK OF PERSONAL JURISDICTION AND FAILURE TO SERVE, AND FOR SANCTIONS
CASE NO.: CV07-5597 MHP

1  Wartburg is the same company as Bumbo-Pty or an agent for service of process.
2  However, in contrast, Bumbo-Pty has presented two sworn affidavits from Johan
3  Nicholas Buitendach, the owner of Bumbo-Pty which unequivocally state that
4  Wartburg is a separate entity from Bumbo-Pty and is not an agent for service of
5  process. *Ibid.*

6  Further, plaintiff's "confusion" concerning the Bumbo entities does not justify improper service. Plaintiff appears to argue that she was confused about the "Bumbo entities" due to certain statements made on the website set up by Wartburg and that her confusion validates her improper service. Confusion, justified or not, does not validate improper service. Even if plaintiff were confused and believed that Bumbo International had an office in Conroe, Texas, she does not explain why she has claimed to have served an entirely different defendant "Bumbo", at the address in Conroe, Texas.[1]

14  Service of process requirements must be strictly enforced and plaintiff has the burden of ensuring that a defendant is properly named and served in a lawsuit. Plaintiff's attempts at service have failed to comply with the rules and have been sloppy and ineffective, at best.

## II

## PLAINTIFF HAS FAILED TO COMPLY WITH RULE 4 OF THE FEDERAL RULES OF CIVIL PROCEDURE TO EFFECT SERVICE OF PROCESS ON BUMBO (PTY) LTD

Bumbo-Pty is a corporation organized under the laws of South Africa with its principal and *only* place of business in South Africa.[2] Since Bumbo-Pty is

---

[1] Similarly, in the related case of *Lamm v. Bumbo*, Case No. C 07-04807 MHP, plaintiffs claim service at this same address in Conroe, Texas for "Bumbo Limited," another non-existent entity.
[2] Interestingly, plaintiff now claims in her opposition that she has effected service on Bumbo (Pty) Ltd. in South Africa. Plaintiff, however, has, once again, failed to effect proper service and her recent attempt at service is the subject of yet another motion to dismiss set for hearing on

4

REPLY TO PLAINTIFF'S OPPOSITION TO *AMENDED* MOTION TO SET ASIDE DEFAULT, QUASH SERVICE, DISMISS FOR IMPROPER SERVICE, LACK OF PERSONAL JURISDICTION AND FAILURE TO SERVE, AND FOR SANCTIONS
CASE NO.: CV07-5597 MHP

located in South Africa, service of process can *only* be effected by following Rule 4 of the Federal Rules of Civil Procedure.

Plaintiff has unequivocally failed to comply with Rule 4. The Federal Rules of Civil Procedure pertaining to service upon foreign corporations provide that service shall be made upon a domestic or foreign corporation at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, **except personal delivery under (f)(2)(C)(i)**. *Fed. R. Civ. Proc.* 4(h)(2). Rule 4(f) provides that:

> Unless federal law provides otherwise, an individual - other than a minor, an incompetent person, or a person whose waiver has been filed - may be served at a place not within any judicial district of the United States:
>
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>
> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>
> (C) unless prohibited by the foreign country's law, by:
>
> (i) delivering a copy of the summons and of the complaint to the individual personally; or
>
> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

March 24, 2008.

5

REPLY TO PLAINTIFF'S OPPOSITION TO *AMENDED* MOTION TO SET ASIDE DEFAULT, QUASH SERVICE, DISMISS FOR IMPROPER SERVICE, LACK OF PERSONAL JURISDICTION AND FAILURE TO SERVE, AND FOR SANCTIONS
CASE NO.: CV07-5597 MHP

    (3) by other means not prohibited by international agreement, as the court orders.

*Federal Rule of Civil Procedure 4(f)*

As South Africa is not a party to any international convention on service, service under Rule 4(f)(1) cannot be effected. Further, Rule 4(h)(2) clearly states that personal service on a foreign corporation is not considered good service. Thus, plaintiff is required to serve Bumbo-Pty either under Rule 4(h)(2)(A) or (B).

Although it is defendant's contention that a letter rogatory under Federal Rule 4(h)(2)(A) is the only legal and appropriate manner in which to serve Bumbo-Pty, plaintiff has certainly not even attempted to comply with South Africa's very specific personal service requirements as required by Federal Rule of Civil Procedure 4(h)(2)(B). See *South Africa Uniform Rules of Court*, attached as Exhibit "A" to *Declaration of Jennifer J. Johnston in Support of Reply ("Johnston Decl.")* Rule 4(1)(a) states:

    Service of any process of the court directed to the sheriff and subject to the provisions of paragraph (aA) any document initiating application proceedings shall be effected by the sheriff in one or other of the following manners:

    (v) in the case of a corporation or company, by delivering a copy to a responsible employee thereof at its registered office or its principal place of business within the court's jurisdiction, or if there be no such employee willing to accept service, by affixing a copy to the main door of such office or place of business, or in any manner provided by law.

*South Africa Uniform Rules of Court*, Rule 4.

Rule 4(1)(d) further states:

    It shall be the duty of the sheriff or other person serving the process or documents to explain the nature and contents thereof to the person upon whom service is being effected and to state in his return or affidavit or on the signed receipt that he has done so.

    *Ibid.*

Plaintiff and her counsel have failed to offer any explanation of their blatant

6

REPLY TO PLAINTIFF'S OPPOSITION TO *AMENDED* MOTION TO SET ASIDE DEFAULT, QUASH SERVICE, DISMISS FOR IMPROPER SERVICE, LACK OF PERSONAL JURISDICTION AND FAILURE TO SERVE, AND FOR SANCTIONS
CASE NO.: CV07-5597 MHP

disregard of Rule 4 of the Federal Rules of Civil Procedure. This especially holds true in light of their knowledge that other attorneys with lawsuits against Bumbo-Pty were following Rule 4. See *Johnston Decl.*, ¶ 4. Plaintiff must not be rewarded for her continuous and blatant disregard of the basic rules of civil procedure.

### III
### PLAINTIFF HAS FAILED TO ESTABLISH A LEGAL JUSTIFICATION FOR FILING PROOFS OF SERVICE AND SEEKING DEFAULTS AGAINST NON-EXISTENT ENTITIES

Plaintiff has named three alleged Bumbo entities as defendants: "Bumbo," "Bumbo Limited," and Bumbo (Pty) Ltd. Of these, only Bumbo (Pty) Ltd. is a viable entity. "Bumbo" and "Bumbo Limited" do not exist.

Plaintiff argues that Bumbo-Pty has no standing to contest service on "Bumbo" because Bumbo-Pty was not served. Plaintiff asserts that she served "Bumbo Limited," which she admits, "may not even exist." See *Opposition*, p. 1, line 9.

Under these circumstances, it is unclear why plaintiff filed a proof of service on a non-existent entity. At best, it would appear to be a sloppy and ineffective attempt at service. In any case, Bumbo-Pty would be remiss in simply ignoring the proof of service and subsequent default taken against "Bumbo" as plaintiff argues is the proper course of conduct.

### IV
### PLAINTIFF HAS FAILED TO ESTABLISH FACTS SUFFICIENT TO SUPPORT AN ASSERTION OF PERSONAL JURISDICTION OVER BUMBO (PTY) LTD

Plaintiff argues that Bumbo-Pty "completely misses the mark in its

7

REPLY TO PLAINTIFF'S OPPOSITION TO *AMENDED* MOTION TO SET ASIDE DEFAULT, QUASH SERVICE, DISMISS FOR IMPROPER SERVICE, LACK OF PERSONAL JURISDICTION AND FAILURE TO SERVE, AND FOR SANCTIONS
CASE NO.: CV07-5597 MHP

analysis of personal jurisdiction." *Id.* at p. 9, line 4. Plaintiff then quotes extensively from this court's decision in *Seltzer Sister Bottling Co., Inc. v. Source Perrier, S.A.*. 1991 WL 2729273 (N.D. Cal.) Counsel remarks that somehow Bumbo-Pty missed the "all fours" opinion of the court in its legal research. *Opposition* at p. 9, lines 10-11.

*Seltzer* deals with an action pursuant to section 43(a) of the Lanham Act, alleging unfair competition by means of false or deceptive advertising. In *Seltzer*, defendant's motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) was denied. However, the facts in *Seltzer* vary greatly from the case at hand.

The *Seltzer* action stemmed from a voluntary recall of Perrier bottled water in the United States after certain bottles were found to obtain trace amounts of benzene. Plaintiff alleged that since Perrier was marketed as "naturally sparkling," this advertising was false and misleading in violation of the Lanham Act. In this case, the court found that Great Waters of France ("GWF"), a Connecticut corporation, was created to serve as defendant's exclusive exporter and distributer of Perrier in the United States. This was found to be part of an American initiative by defendant concentrating on certain geographical areas, including the state of California, since these areas represented nearly two-thirds of American consumption. Further, it was found that California was a key segment of defendant's mineral water market. Moreover, "out of the total dollar volume of $118 million for Perrier water sold in the United States in 1989, five hundred thousand dollars ($500,000) of those sales were generated by San Francisco County alone." The court found that "[t]hese facts do not evidence simply a 'mere awareness' on the part of Source Perrier that certain bottles of Perrier water were swept into California by the stream of commerce. Instead, they evidence an intent

8

REPLY TO PLAINTIFF'S OPPOSITION TO *AMENDED* MOTION TO SET ASIDE DEFAULT, QUASH SERVICE, DISMISS FOR IMPROPER SERVICE, LACK OF PERSONAL JURISDICTION AND FAILURE TO SERVE, AND FOR SANCTIONS
CASE NO.: CV07-5597 MHP

1  to channel that stream, and to shape it and ensure its growth." *Seltzer Sister*
2  *Bottling Co., Inc.*, 1991 WL 279273 at *6.
3      Unlike the *Seltzer* case, there has been no showing that Bumbo-Pty focused on the California market. Bumbo-Pty did not create a company to serve as its distributor in California, or anywhere else in the United States. Wartburg is an entirely separate entity from Bumbo-Pty. In fact, Wartburg is not even Bumbo-Pty's sole distributor in the United States. As plaintiff herself points out in her Opposition, Bumbo (Pty) Ltd. has numerous distributors world-wide. See *Exhibit "D" to Declaration of Jeremy R. Fietz in Support of Opposition*.

    Without repeating the same arguments from defendant's original motion to set aside the default, the pertinent facts have not changed: Bumbo (Pty) Ltd. has taken no action to purposely avail itself of the California market; Bumbo (Pty) Ltd. has no offices, agents, or distributors in California; Bumbo (Pty) Ltd. has no address or telephone number in California; Bumbo (Pty) Ltd. has no real property in California. Further, unlike the finding in *Seltzer*, there is not a shred of evidence that Bumbo (Pty) Ltd. intended to focus its marketing and sales in California. There has been no representation made that there was a higher percentage of sales in California than in any other state. Further, plaintiff has no shown that Bumbo-Pty had *any* role in marketing and distribution in California.

    Plaintiff's representation that the *Seltzer* case is analogous to the case at hand is not enough to make it so; the facts are inapposite and the holding is not relevant to the case at hand.

//
//
//
//

9

REPLY TO PLAINTIFF'S OPPOSITION TO *AMENDED* MOTION TO SET ASIDE DEFAULT, QUASH SERVICE, DISMISS FOR IMPROPER SERVICE, LACK OF PERSONAL JURISDICTION AND FAILURE TO SERVE, AND FOR SANCTIONS
CASE NO.: CV07-5597 MHP

## V

## PLAINTIFF'S SANCTIONABLE CONDUCT RELATES NOT TO HER CONFUSION ABOUT THE "BUMBO" ENTITIES BUT TO HER COUNSEL'S ATTEMPT TO OBTAIN DEFAULT JUDGMENT AGAINST NON-RESIDENT ENTITIES WHOM THEY KNOW TO BE REPRESENTED BY COUNSEL

Plaintiff's counsel's arguments about when Bumbo-Pty knew about the lawsuit, as well as their "confusion" regarding the location of Bumbo-Pty for service purposes are red herrings designed to distract the court's attention from their unprofessional conduct.

First, plaintiff's opposition does not address why she refused to provide, and continues to refuse to provide, counsel for Bumbo-Pty with information concerning when and how she purportedly attempted service, despite numerous requests.

More disturbing is the fact that plaintiff's opposition also does not address why she took a default in this action without giving any notice to Bumbo-Pty's counsel. As discussed in defendant's moving papers, counsel for Bumbo-Pty repeatedly requested information from plaintiff's counsel regarding their purported service. Plaintiff's counsel refused to provide any information whatsoever. See *Declaration of Jennifer J. Johnston in Support of Amended Motion to Set Aside Default*, ¶¶ 6-14. Instead, counsel chose to surreptitiously pursue a default against "Bumbo" rather than properly effect service, or, at the very least, warn counsel before pursuing default.

Bumbo-Pty's counsel made similar requests for information to attorneys representing plaintiffs in other actions against Bumbo (Pty) Ltd. and Bumbo International. These attorneys, unlike plaintiff's counsel in the case at hand, have cooperated, provided the information requested and have refrained

10

REPLY TO PLAINTIFF'S OPPOSITION TO *AMENDED* MOTION TO SET ASIDE DEFAULT, QUASH SERVICE, DISMISS FOR IMPROPER SERVICE, LACK OF PERSONAL JURISDICTION AND FAILURE TO SERVE, AND FOR SANCTIONS
CASE NO.: CV07-5597 MHP

from seeking any improper defaults. These attorneys acknowledge that there are service requirements they must follow. These attorneys have *not* attempted to bring Bumbo (Pty) Ltd. or Bumbo International into their lawsuits by making improper attempts of service on non-existent entities and then seeking defaults against these same improper entities. See *Johnston Decl.*, ¶3.

The actions of plaintiff and her counsel cannot and should not be condoned. As discussed in defendant's moving papers, these actions amount to precisely the type of sanctionable conduct contemplated by Section 1927 of the United States Code. Plaintiff and her counsel have unreasonably and vexatiously multiplied the proceedings and Bumbo-Pty should be awarded sanctions of $10,716.

## CONCLUSION

Plaintiff has served an unrelated entity and has taken the default over an entity which does not exist. Bumbo-Pty has not been served in this action, has not appeared in this action and does not have <u>any</u> contacts, let alone constitutionally required minimum contacts, with the forum state of California. Further, plaintiff and her counsel are solely responsible for the costs, expenses and attorneys' fees reasonably incurred due to their unreasonable and unnecessary conduct. Bumbo-Pty hereby requests that the default taken against "Bumbo" be set aside, the summons be quashed, and Bumbo-Pty be dismissed from this action. Defendant further seeks $10,716 in sanctions from plaintiff and her counsel for their unprofessional and bad faith conduct.

//
//
//
//
//

11

REPLY TO PLAINTIFF'S OPPOSITION TO *AMENDED* MOTION TO SET ASIDE DEFAULT, QUASH SERVICE, DISMISS FOR IMPROPER SERVICE, LACK OF PERSONAL JURISDICTION AND FAILURE TO SERVE, AND FOR SANCTIONS
CASE NO.: CV07-5597 MHP

| | |
|---|---|
| Dated: February 25, 2008 | CONDON & FORSYTH LLP |
| | By: _____<br>ROD D. MARGO<br>JENNIFER J. JOHNSTON |
| | Attorneys for *Specially Appearing* Defendant<br>BUMBO (PTY) LTD. |

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

12

REPLY TO PLAINTIFF'S OPPOSITION TO *AMENDED* MOTION TO SET ASIDE DEFAULT, QUASH SERVICE, DISMISS FOR IMPROPER SERVICE, LACK OF PERSONAL JURISDICTION AND FAILURE TO SERVE, AND FOR SANCTIONS
CASE NO.: CV07-5597 MHP