Rod D. Margo (State Bar No.: 097706)
Jennifer J. Johnston (State Bar No.: 125737)
CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030
Facsimile:  (310) 557-1299
Email: rmargo@condonlaw.com
Email: jjohnston@condonlaw.com

Attorneys for *Specially Appearing* Defendant
BUMBO (PTY) LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDY D. WHITSON, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>     vs.<br><br>BUMBO, BUMBO LIMITED, BUMBO (PTY) LTD.;TARGET CORPORATION; and DOES 1 to 20,<br><br>                    Defendants. | Case No. CV-07-5597 MHP<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT BUMBO (PTY) LTD'S *AMENDED* MOTION TO QUASH SERVICE AND DISMISS FOR INSUFFICIENT SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION**<br><br>Date:   March 24, 2008<br>Time:   2:00 p.m.<br>Place:  Courtroom of the Hon.<br>             Marilyn Hall Patel |

---

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT
BUMBO (PTY) LTD'S AMENDED MOTION TO QUASH
SERVICE AND DISMISS FOR INSUFFICIENT SERVICE OF
PROCESS AND LACK OF PERSONAL JURISDICTION
CASE NO.: CV07-5597 MHP

Doc. #2575v1

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................................................ii

INTRODUCTION ................................................................................................................... 1

ARGUMENT ........................................................................................................................... 2

    I.    PLAINTIFFS' OPPOSITION FAILS TO ESTABLISH THAT PLAINTIFFS HAVE PROPERLY SERVED BUMBO (PTY) LTD. . 2

    II.    PLAINTIFFS HAVE FAILED TO COMPLY WITH RULE 4 OF THE FEDERAL RULES OF CIVIL PROCEDURE TO EFFECT SERVICE OF PROCESS ON BUMBO (PTY) LTD. ............................................. 4

    III.    THE DOCTRINE OF INTERNATIONAL COMITY PROVIDES THAT THE INTEREST OF SOUTH AFRICA IN SERVICE OF PROCESS INSIDE ITS BORDERS SHOULD BE PARAMOUNT..7

    IV.    PLAINTIFFS HAVE FAILED TO ESTABLISH FACTS SUFFICIENT TO SUPPORT AN ASSERTION OF PERSONAL JURISDICTION OVER BUMBO (PTY) LTD. .................................. 9

CONCLUSION...................................................................................................................... 10

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

i

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT BUMBO (PTY) LTD'S AMENDED MOTION TO QUASH SERVICE AND DISMISS FOR INSUFFICIENT SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION
CASE NO.: CV07-5597 MHP

Doc. #2575v1

# TABLE OF AUTHORITIES

**Cases**                                                                  **Page(s)**

*Hartford Fire Ins. Co. v. California,*
    509 U.S. 764, 798 (1993) ..................................................................................... 8

*Seltzer Sister Bottling Co., Inc. v. SourcePerrier, S.A.,*
    1991 WL 2729273 (N.D. Cal.) ........................................................................ 9, 10

*Societe Nationale Industrielle Aerospatiale v. United States Dist. Court for Southern Dist. Of Iowa,*
    482 U.S. 522, 539-40 (1987) ................................................................................ 8

*Volkswagenwerk Akiengesellschaft v. Schlunk,*
    486 U.S. 694, 700 (1988) ...................................................................................... 8

**United States Statutes and Rules**

Fed. R. Civ. Proc. 4(f) .................................................................................................. 4, 5

Fed. R. Civ. Proc. 4(f)(1) ................................................................................................. 5

Fed. R. Civ. Proc. 4(f)(2)(A) ........................................................................................... 6

Fed. R. Civ. Proc. 4(f)(2)(B) ........................................................................................... 6

Fed. R. Civ. Proc. 4(f)(2)(C)(i) ........................................................................................ 4

Fed. R. Civ. Proc. 4(f)(3) ................................................................................................. 6

Fed. R. Civ. Proc. 4(h)(2) ................................................................................................ 6

**South African Statutes and Rules**

United African Uniform Rules, Rule 4(1)(a) .................................................................. 7

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

ii

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT
BUMBO (PTY) LTD'S AMENDED MOTION TO QUASH
SERVICE AND DISMISS FOR INSUFFICIENT SERVICE OF
PROCESS AND LACK OF PERSONAL JURISDICTION
CASE NO.: CV07-5597 MHP                                           Doc. #2575v1

**INTRODUCTION**

Defendant Bumbo (Pty) Ltd. ("Bumbo-Pty") hereby files its reply to plaintiff's opposition to defendant Bumbo (Pty) Ltd's amended motion to quash and motion to dismiss (the latter hereinafter "Opposition"). Instead of addressing the open and obvious service issues in Bumbo-Pty's amended motion, plaintiff is attempting to "back door" Bumbo-Pty into this lawsuit by claiming effective service on Bumbo-Pty or, failing that, asking the Court to override and negate the applicable rules of service.

Plaintiff has the burden of proof to establish that she has effected service of the summons and complaint on Bumbo-Pty and has failed to meet it. Plaintiff quite simply has failed to serve Bumbo-Pty, a South African company, in a way that is consistent with U.S. and South African law and is now asking the Court to ratify plaintiff's deficient service by saying, "Gosh, it ought to be okay." Accordingly, the Court should not accept plaintiff's invitation because plaintiff made absolutely no effort to effect service properly on Bumbo-Pty, a foreign company with its headquarters and manufacturing site outside the U.S. The Court should reject such an invitation to mischief at the expense of basic procedural law with which all litigants are expected to comply.

Based also on the plaintiff's irregularly attempted service on a non-existent entity that is the subject of the hearing scheduled on March 10, 2008, and taken under submission, it appears that plaintiff's counsel would instead prefer to attempt to "wear down" Bumbo-Pty to the point where Bumbo-Pty tires of insisting that all applicable rules of civil procedure be scrupulously followed. Based upon plaintiff's repeated unwillingness to follow the most fundamental rules in service of process against a non-U.S. company and plaintiff's repeated failure to establish personal jurisdiction of Bumbo-Pty in this matter, this action should be dismissed in its entirety as against Bumbo-Pty.

---

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT
BUMBO (PTY) LTD'S AMENDED MOTION TO QUASH
SERVICE AND DISMISS FOR INSUFFICIENT SERVICE OF
PROCESS AND LACK OF PERSONAL JURISDICTION
CASE NO.: CV07-5597 MHP

1

Doc. #2575v1

# ARGUMENT

# I

## PLAINTIFF'S OPPOSITION FAILS TO ESTABLISH
## THAT PLAINTIFF HAS PROPERLY SERVED BUMBO (PTY) LTD.

Service of process requirements must be strictly enforced so that all litigants are on an equal playing field. In objecting to a motion to quash service, plaintiff has the burden of assuring the Court that a defendant has been properly served in a lawsuit. Plaintiff's attempt at service here has failed to comply with the most fundamental rules and is fatally ineffective. Realizing this, her opposition misstates both U.S. and South African law, and plaintiff provides no support for her erroneous interpretation that it is "reasonable, then, to assume that others [rather than just the sheriff under South African law] may effect service." (*See* Opposition, at pg. 2, line 11.)

Curiously, plaintiff tries to shift the burden back onto Bumbo-Pty by arguing that Bambo-Pty's motion did not cite case law in support its allegation that service in South Africa must be accomplished by a sheriff, *see id*., pg. 2, lines 5-7, although they admit by implication the South African Uniform Rules of Court (hereinafter "South African Uniform Rules") provide exactly that. (*See* South African Uniform Rules attached as Exhibit "A" to Declaration of Jeffrey M. Bortz in Support of Reply to Plaintiff's Opposition to Defendant Bumbo (Pty) Ltd's Amended Motion to Quash and Motion to Dismiss (hereinafter "Bortz Declaration"), referenced at para. 3 therein; and Exhibit "B" to Declaration of Jennifer J. Johnston in Support of Reply to Plaintiffs' Opposition to Defendant Bumbo (Pty) Ltd's Amended Motion to Quash Service and Dismiss for Insufficient Service of Process and Lack of Personal Jurisdiction (hereinafter "Johnston Decl."), referenced at para. 3 therein.)

At the outset it may be observed that lack of case law addressing a specific

2

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT
BUMBO (PTY) LTD'S AMENDED MOTION TO QUASH
SERVICE AND DISMISS FOR INSUFFICIENT SERVICE OF
PROCESS AND LACK OF PERSONAL JURISDICTION
CASE NO.: CV07-5597 MHP

Doc. #2575v1

1 rule promulgated by the Chief Justice of South Africa and expressly made
2 applicable to all proceedings in South Africa does not demonstrate that the rule is
3 so variable that anything goes but shows, rather, that no reasonable person would
4 dispute the plain meaning of such a clearly articulated rule.

5 Even though Bumbo-Pty does not have the burden of proving service was
6 not made, Bumbo-Pty nonetheless has obtained a declaration from a South African
7 practitioner with forty-years' experience practicing before South African courts.
8 This declarant is not counsel to any party in this action and was not made familiar
9 with the factual background of the claims made in this case or with how plaintiff
10 attempted to serve Bumbo-Pty. (*See* Bortz Decl., para. 1.)

11 As this declarant makes clear, the South African Uniform Rules provide that
12 only the sheriff or a specifically designated representative from his office may
13 effect personal service of any process on a company defendant. (*See* Bortz Decl.,
14 para. 5.) The sheriff cannot accept judicial documents for service from a private
15 litigant but must be expressly directed to effect service only by the court with
16 jurisdiction in the geographical district in which the South African company is
17 registered or has its principal office, and thus a plaintiff has the obligation to make
18 a formal request of the responsible court to so direct the sheriff. (*See* Bortz Decl.,
19 paras. 6 and 9) The sheriff must not only personally deliver the copy of the
20 process but must also inform the "responsible employee" of the company to be
21 served of the "nature and contents" of the document(s) to be served, as evidenced
22 by an affidavit returned by the sheriff. (*See* Bortz Decl., paras. 7 and 8.)
23 Absolutely none of this was done by plaintiff here; rather, she merely asked an
24 employee (who was neither a sheriff nor specifically designated by the local
25 sheriff) of a company nearby to walk over a copy of the summons and complaint,
26 and this man merely left it with the first person he saw.

27 In a further desperate act to mislead the Court, the Declaration of Jeremy R.
28

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

3
REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT
BUMBO (PTY) LTD'S AMENDED MOTION TO QUASH
SERVICE AND DISMISS FOR INSUFFICIENT SERVICE OF
PROCESS AND LACK OF PERSONAL JURISDICTION
CASE NO.: CV07-5597 MHP

Doc. #2575v1

Fietz, in Support of Plaintiff's Opposition to Defendant Bumbo (Pty) Ltd's Motion to Quash and Motion to Dismiss, attached copies of e-mail messages from plaintiff's counsel to Bumbo-Pty but can point to no reply from any Bumbo-Pty representative, despite Mr. Fietz's claim that there are "emails between" plaintiff's counsel and Bumbo-Pty. Plaintiff's latest representation to this Court, even if it were based on fact as it is not, is unavailing, because service by electronic means such as by e-mail or facsimile or letter under these circumstances is simply not valid service under South African law. (*See* Bortz Decl., para. 4.)

## II
## PLAINTIFF HAS FAILED TO COMPLY WITH RULE 4 OF THE FEDERAL RULES OF CIVIL PROCEDURE TO EFFECT SERVICE OF PROCESS ON BUMBO (PTY) LTD.

Bumbo-Pty is a company organized under the laws of South Africa with its principal and *only* place of business in South Africa. Since Bumbo-Pty is located in South Africa, service of process can *only* be effected by following Rule 4, which is captioned "Service," of the South African Uniform Rules. (*See* Bortz Decl., para. 3.)

In claiming she has effected service, plaintiff has further and unequivocally failed to comply with Rule 4 of the Federal Rules of Civil Procedure (hereinafter "FRCP" or "Fed. R. Civ. P."). The FRCP pertaining to service upon foreign corporations provide that service shall be made upon a domestic or foreign corporation at a place not within any judicial district of the United States, in any manner prescribed by FRCP Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i). (*See* Fed. R. Civ. Proc. Rule 4(h)(2).) In relevant part, FRCP Rule 4 specifically provides as follows:

> Unless federal law provides otherwise, an individual -- other than a minor, an incompetent person, or a person whose waiver has been filed -- may be served at a place not within any judicial district of the United States:
>
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
> > (A) *as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction*;
> >
> > (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
> >
> > (C) *unless prohibited by the foreign country's law*, by:
> >
> > > (i) delivering a copy of the summons and of the complaint to the individual personally; or
> > >
> > > (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).  (Emphasis added.)

South Africa is not a party to the only relevant international convention on service, the Hague Service Convention.  (*See* the Status Table of the Hague Service Convention attached as Exhibit "A" to Johnston Decl., referenced at para. 2 therein; Bortz Decl., para. 2.)  Thus, service under FRCP Rule 4(f)(1) cannot be

5
REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT BUMBO (PTY) LTD'S AMENDED MOTION TO QUASH SERVICE AND DISMISS FOR INSUFFICIENT SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION
CASE NO.: CV07-5597 MHP

Doc. #2575v1

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1  effected.  Further, FRCP Rule 4(h)(2) clearly states that personal service on a
2  foreign corporation is not considered good service.  Plaintiffs are required to serve
3  Bumbo-Pty either under FRCP Rule 4(f)(2)(A) or (B).

4       Although it is defendant's contention that a letter rogatory under FRCP Rule
5  4(f)(2)(A) is the only legal and appropriate manner in which to serve Bumbo-Pty,
6  plaintiff has certainly not even attempted to comply with South Africa's very
7  specific personal service requirements as required by FRCP Rule 4(f)(2)(A).
8  Indeed, plaintiff realizes this and does not even cite to the FRCP in defending her
9  attempted service.  Rather, her Opposition cites only to FRCP Rule 4(f)(3), which
10 permits the Court to craft some other means of effective service, and plaintiff
11 attempts to use this residual clause as authority for the Court's ignoring the clear
12 meaning of the FRCP and the South African Uniform Rules.

13      Plaintiffs also have not served the summons and complaint in compliance
14 with any order of this Court.  Instead, she seeks to coopt the Court into ratifying
15 her improper service after the fact.  Plaintiff further has made no showing of any
16 effort to comply with FRCP Rule 4(2)(A) or (B).  Instead, she blatantly ignores the
17 rules and wants to invite the Court to use its plenary power to subvert and negate
18 the plain directives of the FRCP applicable to all other litigants in federal court and
19 allow plaintiff here to proceed.  FRCP Rule 4(f)(3) clearly was not intended to be
20 so abused or absurdly interpreted, as plaintiff will have it.

21      Simply put, plaintiff is required to serve Bumbo-Pty, a South African
22 company, either under subsection FRCP Rule 4(f)(2)(A) [method prescribed by
23 foreign country's law of service] or FRCP Rule 4(f)(2)(B) [as foreign authority
24 directs in response to letter rogatory].  Plaintiff has not attempted the letter
25 rogatory process, despite the fact that counsel in other related cases have done so
26 and have so informed counsel for plaintiff here.  (*See* Johnston Decl., para. 5.)  The
27 South African Uniform Rules specifically state that service of process in South
28

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

6
REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT
BUMBO (PTY) LTD'S AMENDED MOTION TO QUASH
SERVICE AND DISMISS FOR INSUFFICIENT SERVICE OF
PROCESS AND LACK OF PERSONAL JURISDICTION
CASE NO.: CV07-5597 MHP                                    Doc. #2575v1

Africa on a company is effected only as follows:

> Service of any process of the court directed to the sheriff . . . any document initiating application proceedings shall be effected by the sheriff in one or other of the following manners:
>
> . . .
>
> (v) in the case of a corporation or company, by delivering a copy to a responsible employee thereof at its registered office or its principal place of business within the court's jurisdiction, or if there be no such employee willing to accept service, by affixing a copy to the main door of such office or place of business, or in any manner provided by law.

South African Uniform Rules, Rule 4(1)(a), attached as Exhibit "A" to Bortz Decl. and as Exhibit "B" to Johnston Decl.

The law of South Africa simply does not recognize any other form of service in these circumstances on a company in South Africa to be legitimate. (*See* Bortz Decl., para. 3.)

Plaintiff and her counsel have failed to offer any explanation of their blatant disregard of FRCP Rule 4 and have ignored advice of counsel in related cases. Plaintiff here should not be rewarded for her continuous and blatant disregard of the basic rules of civil procedure, as here.

## III

## THE DOCTRINE OF INTERNATIONAL COMITY PROVIDES THAT THE INTEREST OF SOUTH AFRICA IN SERVICE OF PROCESS INSIDE ITS BORDERS SHOULD BE PARAMOUNT.

The U.S. Supreme Court has invoked comity as a central rationale, the

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1  justification and the model, for its decisions involving foreigners in U.S. litigation.
2  *See, e.g.*, *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 700, 108 S.
3  Ct. 2104, 2108, 100 L. Ed. 2d 722, 731 (1988) ("we almost necessarily must refer
4  to the internal law of the forum state" to find a service of process standard if a
5  treaty "does not prescribe" it); *Societe Nationale Industrielle Aerospatiale v.
6  United States Dist. Court for Southern Dist. of Iowa*, 482 U.S. 522, 539-40, and n.
7  25, 107 S. Ct. 2542, 2553, and n. 25, 96 L. Ed. 2d 461, 481 and n. 25 (1987)
8  (holding that compliance with the Hague Evidence Convention is mandatory, not
9  optional, because of comity).  In *Aerospatiale*, the Supreme Court observed that
10 the substantial question in that case was whether "there is in fact a true conflict
11 between domestic and foreign law." *Société Nationale Industrielle Aérospatiale,
12 supra*, 482 U.S. at 555, 107 S. Ct. at 2562, 96 L. Ed. 2d at 491 (1987); *see also
13 Hartford Fire Ins. Co. v. California*, 509 U.S. 764, 798, 113 S. Ct. 2891, 2910,
14 125 L. Ed. 2d 612, 640 (1993) (citing *Aerospatiale* for same).

15     Even assuming *arguendo* that plaintiffs' form of service could be excused
16 under the FRCP if attempted on a domestic entity, the refusal of South Africa to
17 countenance less than sufficient service under the South African Uniform Rules
18 means that this Court should defer to the South African law under the doctrine of
19 international comity.  A U.S. court should not reward plaintiff for her continuous
20 and blatant disregard of the law of the country wherein Bumbo-Pty is located, as
21 here, because such disregard of another sovereign's law would unnecessarily and
22 adversely affect the foreign relations between the two national governments.
23 / /
24 / /
25 / /
26 / /
27 / /
28

8

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT
BUMBO (PTY) LTD'S AMENDED MOTION TO QUASH
SERVICE AND DISMISS FOR INSUFFICIENT SERVICE OF
PROCESS AND LACK OF PERSONAL JURISDICTION
CASE NO.: CV07-5597 MHP

Doc. #2575v1

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

# IV

# PLAINTIFF HAS FAILED TO ESTABLISH FACTS SUFFICIENT TO SUPPORT AN ASSERTION OF PERSONAL JURISDICTION OVER BUMBO (PTY) LTD.

Plaintiff argues that Bumbo-Pty "completely misses the mark in its analysis of personal jurisdiction." (Opposition, at pg. 3, lines 4-5.) Plaintiff then quotes extensively from this court's decision in *Seltzer Sister Bottling Co., Inc. v. SourcePerrier, S.A.*. 1991 WL 2729273 (N.D. Cal.) Counsel remarks that somehow Bumbo-Pty missed the "all fours" opinion of the court in its legal research. (Opposition, at pg. 9, lines 11-12.)

The court in *Seltzer* addressed an action pursuant to section 43(a) of the Lanham Act, alleging unfair competition by means of false or deceptive advertising. In *Seltzer*, defendant's motion to dismiss for lack of personal jurisdiction under FRCP Rule 12(b)(2) was denied. However, the facts in *Seltzer* vary greatly from the case at hand.

The *Seltzer* action stemmed from a voluntary recall of Perrier bottled water in the United States after certain bottles were found to obtain trace amounts of benzene. The plaintiff there alleged that since Perrier was marketed as "naturally sparkling," this advertising was false and misleading in violation of the Lanham Act. The *Seltzer* court found that Great Waters of France, a Connecticut corporation, was created to serve as defendant's exclusive exporter and distributor of Perrier in the United States. This was found to be part of an American initiative by defendant concentrating on certain geographical areas, including the state of California, since these areas represented nearly two-thirds of American consumption. Further, it was found that California was a key segment of defendant's mineral water market. Moreover, "out of the total dollar volume of $118 million for Perrier water sold in the United States in 1989, five hundred

9

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT
BUMBO (PTY) LTD'S AMENDED MOTION TO QUASH
SERVICE AND DISMISS FOR INSUFFICIENT SERVICE OF
PROCESS AND LACK OF PERSONAL JURISDICTION
CASE NO.: CV07-5597 MHP

Doc. #2575v1

thousand dollars ($500,000) of those sales were generated by San Francisco County alone." The *Seltzer* court found that "[t]hese facts do not evidence simply a 'mere awareness' on the part of Source Perrier that certain bottles of Perrier water were swept into California by the stream of commerce. Instead, they evidence an intent to channel that stream, and to shape it and ensure its growth." *Seltzer Sister Bottling Co., Inc.,* 1991 WL 279273 at *6.

Unlike the *Seltzer* case, there has been no showing here that Bumbo-Pty focused on the California market. Bumbo-Pty did not create a company to serve as its distributor in California, or anywhere else in the United States.

Without repeating the same arguments from defendant's original motion to set aside the default originally scheduled to be heard on March 10, 2008, and now taken under submission, the pertinent facts have not changed: Bumbo (Pty) Ltd. has taken no action purposely to avail itself of the California market; Bumbo (Pty) Ltd. has no offices, agents, or distributors in California; Bumbo (Pty) Ltd. has no address or telephone number in California; Bumbo (Pty) Ltd. has no real property in California. Further, unlike the finding in *Seltzer*, there is not a shred of evidence that Bumbo (Pty) Ltd. intended to focus its marketing and sales in California. There has been no representation made that there was a higher percentage of sales in California than in any other state. Further, plaintiff has not shown that Bumbo-Pty had *any* role in marketing and distribution in California.

Plaintiff's representation that the *Seltzer* case is analogous to the case at hand is not enough to make it so; the facts are inapposite and the holding is not relevant here.

## CONCLUSION

Plaintiff argues that even if she did not follow either U.S. or South African law of service, it should make no difference. She invites the Court to collude with

10

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT
BUMBO (PTY) LTD'S AMENDED MOTION TO QUASH
SERVICE AND DISMISS FOR INSUFFICIENT SERVICE OF
PROCESS AND LACK OF PERSONAL JURISDICTION
CASE NO.: CV07-5597 MHP

Doc. #2575v1

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

her in nullifying the law governing service that all other litigants in federal court must follow, as set forth in the FRCP.

The Court should reject plaintiff's self-serving invitation. Bumbo-Pty has not been served in this action, has not appeared in this action and does not have <u>any</u> contacts, let alone constitutionally required minimum contacts, with the forum state of California.

Bumbo-Pty accordingly hereby requests that the summons and complaint hand-delivered by an individual not designated by the local sheriff, and thus insufficient as a matter of South African law, be quashed, and Bumbo-Pty be dismissed from this action.

Dated: March 10, 2008            CONDON & FORSYTH LLP

By: s/Jennifer J. Johnston
    ROD D. MARGO
    JENNIFER J. JOHNSTON

    Attorneys for *Specially Appearing* Defendant
    BUMBO (PTY) LTD.

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

11

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT
BUMBO (PTY) LTD'S AMENDED MOTION TO QUASH
SERVICE AND DISMISS FOR INSUFFICIENT SERVICE OF
PROCESS AND LACK OF PERSONAL JURISDICTION
CASE NO.: CV07-5597 MHP                    Doc. #2575v1