Rod D. Margo (State Bar No.: 097706)
Jennifer J. Johnston (State Bar No.: 125737)
CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030
Facsimile: (310) 557-1299
Email: rmargo@condonlaw.com
Email: jjohnston@condonlaw.com

Attorneys for *Specially Appearing* Defendant
BUMBO (PTY) LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDY D. WHITSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BUMBO, BUMBO LIMITED, BUMBO (PTY) LTD.; TARGET CORPORATION; and DOES 1 to 20,<br><br>Defendants. | Case No. C-07-05597 MHP<br><br>**DECLARATION OF JEFFREY M BORTZ IN SUPPORT OF REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT BUMBO (PTY) LTD'S *AMENDED* MOTION TO QUASH AND MOTION TO DISMISS**<br><br>Date: March 24, 2008<br>Time: 2:00 p.m.<br>Place: Courtroom of the Hon. Marilyn Hall Patel |

I, Jeffrey M Bortz, declare:

1. I am a diretcor of the law firm of Werksmans Inc., attorneys licensed to practice under the laws of South Africa. I am licensed under the laws of South Africa to practice law in South Africa. I have practiced in the courts of South Africa for forty years. Accordingly, I am competent to address the law of South Africa as stated in this declaration. I am not counsel to any party in this action and am unfamiliar with the factual background of the claims made in this case as well as how plaintiffs claim to have served the South African company Bumbo (Pty)

1 Ltd. I submit this declaration to advise the Court of service of process law in South Africa. If called as a witness, I could competently testify to the statements of law set forth in this declaration.

2. South Africa is not a party to the Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, commonly referred to as the Hague Service Convention. Service of process relating to a lawsuit initiated outside South Africa against a South African company is therefore governed exclusively by South African domestic law.

3. Attached hereto as Exhibit "A" is a true and correct copy of Rule 4 of the South African Uniform Rules of Court ("South African Uniform Rules"). Rule 4 of the South African Uniform Rules is the sole approved method for service of a summons and complaint on a private company defendant under South African law, whether initiated domestically or outside South Africa.

4. If a party has not appeared in the action or has not waived Rule 4 service, attempted service by electronic means, such as by e-mail, facsimile or letter is not valid under South African law, and the private defendant company, even if put on notice of the lawsuit by such means, is not deemed under South African law to have been properly and sufficiently served.

5. Pursuant to subsection (1)(a) of Rule 4 of the South African Uniform Rules, the sheriff of the community in which a private South African company defendant has its registered office or its principal place of business, and only the sheriff or a specifically designed representative from his office, may effect personal service of any process on such company defendant. No private party or other individual can effect service on a private company under Rule 4, and South African law does not recognize any exemption from, or relief from, the application

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

DECLARATION OF JEFFREY M BORTZ IN SUPPORT OF
REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT
BUMBO (PTY) LTD'S AMENDED MOTION TO QUASH AND
MOTION TO DISMISS
CASE NO.: C 07-05597 MHP

-2-

Doc. #2558v2

of Rule 4 based on particular circumstances. South African law does not recognize any difference in the law addressing service whether the initial action is brought in South Africa or in another country.

6. Thus, a predicate step to effecting service irrespective of whether the initial action is brought in South Africa or outside the country is that the South African court in the jurisdiction in which the private company has its registered office or its principal place of business must direct the sheriff to initiate service of process consistent with Rule 4 because the sheriff is not authorized to accept any other judicial documents for service on a private company defendant.

7. In order properly to serve a South African company, the sheriff must then also deliver a copy of the process to a responsible employee thereof at the South African company's registered office or its principal place of business within the court's jurisdiction, or if there is no such employee willing to accept service, by affixing a copy to the main door of such office or place of business, or in any manner otherwise provided by law.

8. Further, pursuant to subsection (1)(d) of Rule 4, the sheriff or his specifically designed representative has the duty to explain the nature and contents of the judicial document, whether civil summons, order or notice, to the person upon whom service is being effected and to state in his return or affidavit or on the signed receipt that he has done so. Service on a private South African company is not effective unless such duty is rendered and the sheriff has completed an affidavit attesting to same.

9. In order for a plaintiff who has filed an action outside South Africa or the British Commonwealth to serve properly a defendant company in South Africa, that plaintiff must request the South African court which has jurisdiction over the private company to issue a directive to the sheriff to serve such summons and

DECLARATION OF JEFFREY M BORTZ IN SUPPORT OF
REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT
BUMBO (PTY) LTD'S AMENDED MOTION TO QUASH AND
MOTION TO DISMISS
CASE NO.: C 07-05597 MHP
—3—

Doc. #2558v2

1  complaint.

2  I declare under penalty of perjury under the laws of the United States of
3  America, that the foregoing is true and correct.

4  Executed this 7th day of March 2008 at Sandown, Sandton, Republic of
5  South Africa.

_____
Jeffrey M Bortz

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

DECLARATION OF JEFFREY M BORTZ IN SUPPORT OF
REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT
BUMBO (PTY) LTD'S AMENDED MOTION TO QUASH AND
MOTION TO DISMISS
CASE NO.: C 07-05597 MHP         —4—

Doc. #2558v2

EXHIBIT A

## HIGH COURT RULES OF COURT

## UNIFORM RULES OF COURT

RULES REGULATING THE CONDUCT OF THE PROCEEDINGS OF THE SEVERAL PROVINCIAL AND LOCAL DIVISIONS OF THE HIGH COURT OF SOUTH AFRICA

The Chief Justice after consultation with the judges president of the several divisions of the Supreme Court of South Africa has, in terms of paragraph (a) of subsection (2) of section 43 of the Supreme Court Act, 1959 (Act 59 of 1959), with the approval of the State President made, with effect from the 15th January, 1965, the rules contained in the Annexure regulating the conduct of the proceedings of the provincial and local divisions of the Supreme Court of South Africa.

'The rules made under any provisions of any law which regulates the operation of the Supreme Courts of the following areas which immediately before 27 April 1994 formed part of the territory of the Republic of-

(a) Transkei;

(b) Bophuthatswana;

(c) Venda; or

(d) Ciskei,

and which laws have been amended to the extent reflected in the Schedule of the Attorneys and Matters relating to Rules of Court Amendment Act, 1998 (Act 115 of 1998), are hereby repealed.

The operation of the Rules is hereby made applicable to every area which immediately before 27 April 1994 formed part of the territory of the Republic of-

(a) Transkei;

(b) Bophuthatswana;

(c) Venda; or

(d) Ciskei.'

as amended by

Government Notice R235 of 18 February 1966

(ii) deliver to the registrar an affidavit from his attorney or a commissioner of oaths stating that the attorney or commissioner of oaths has examined his identity document and that the attorney or commissioner is satisfied that the applicant is the person referred to in the identity document;

[Para. (b) substituted by GN R608 of 31 March 1989]

(bA) if he previously was admitted or practised as an attorney, submit to the registrar a certificate from the law society of the province in which he was so admitted or practised to the effect that, in the opinion of the law society concerned, he is a fit and proper person;

[Para. (bA) inserted by GN R2164 of 2 October 1987 and by GN R2642 of 27 November 1987]

(c) serve a copy of the documents and affidavit referred to in paragraphs (a), (b) and (bA) on the Secretary of the Bar Council or the Society of Advocates of the division concerned.

[Para. (c) substituted by GN R2164 of 2 October 1987 and by GN R2642 of 27 November 1987]

(2) ......

[Subrule (2) deleted by GN R2164 of 2 October 1987 and by GN R2642 of 27 November 1987]

(3) If the applicant at any time prior to the hearing of the application delivers any documents or declarations, other than the documents or affidavit referred to in paragraphs (b) and (bA) of subrule (1), to the registrar, he shall forthwith serve a copy thereof on the Secretary of the Bar Council or the Society of Advocates of the division concerned.

[Subrule (3) substituted by GN R2164 of 2 October 1987 and by GN R2642 of 27 November 1987]

(4) ......

[Subrule (4) deleted by GN R2164 of 2 October 1987]

(5) Any person who is admitted to practice and authorized to be enrolled as an advocate shall upon being so admitted and authorized take an oath or make an affirmation before the registrar in court, which shall be subscribed by him, in the form set out hereunder, namely-

'I, ..................... do hereby swear/solemnly and sincerely affirm and declare/that I will truly and honestly demean myself in the practice of advocate according to the best of my knowledge and ability, and further, that I will be faithful to the Republic of South Africa.'

[Subrule (5) inserted by GN R235 of 18 February 1966]

[Rule 3A, previously Rule 3bis, renumbered by GN R2410 of 30 September 1991]

**4 Service**

(1)(a) Service of any process of the court directed to the sheriff and subject to the provisions of paragraph (aA) any document initiating application proceedings shall be effected by the sheriff in one or other of the following manners:

(i) By delivering a copy thereof to the said person personally: Provided that where such person is a minor or a person under legal disability, service shall be effected upon the guardian, tutor, curator or the like of such minor or person under disability;

(ii) by leaving a copy thereof at the place of residence or business of the said person, guardian, tutor, curator or the like with the person apparently in charge of the premises at the time of delivery, being a person apparently not less than sixteen years of age. For the purposes of this paragraph when a building, other than an hotel, boarding-house, hostel or similar residential building, is occupied by more than one person or family, 'residence' or 'place of business' means that portion of the building occupied by the person upon whom service is to be effected;

(iii) by delivering a copy thereof at the place of employment of the said person, guardian, tutor, curator or the like to some person apparently not less than sixteen years of age and apparently in authority over him;

(iv) if the person so to be served has chosen a domicilium citandi, by delivering or leaving a copy thereof at the domicilium so chosen;

(v) in the case of a corporation or company, by delivering a copy to a responsible employee thereof at its registered office or its principal place of business within the court's jurisdiction, or if there be no such employee willing to accept service, by affixing a copy to the main door of such office or place of business, or in any manner provided by law;

(vi) by delivering a copy thereof to any agent who is duly authorized in writing to accept service on behalf of the person upon whom service is to be effected;

(vii) where any partnership, firm or voluntary association is to be served, service shall be effected in the manner referred to in paragraph (ii) at the place of business of such partnership, firm or voluntary association and if such partnership, firm or voluntary association has no place of business, service shall be effected on a partner, the proprietor or the chairman or secretary of the committee or other managing body of such association, as the case may be, in one of the manners set forth in this rule;

(viii) where a local authority or statutory body is to be served, service shall be effected by delivering a copy to the town clerk or assistant town clerk or mayor of such local authority or to the secretary or similar officer or member of the board or committee of such body, or in any manner provided by law; or

(ix) if two or more persons are sued in their joint capacity as trustees, liquidators, executors, administrators, curators or guardians, or in any other joint representative capacity, service shall be effected upon each of them in any manner set forth in this rule.

[Rule 4 (1) (a) amended by GN R2410 of 30 September 1991]

(aA) Where the person to be served with any document initiating application proceedings is already represented by an attorney of record, such document may be served upon such attorney by the party initiating such proceedings.

[Para. (aA), previously para. (a)bis, renumbered by GN R2410 of 30 September 1991]

(b) Service shall be effected as near as possible between the hours of 7:00 and 19:00.

[Para. (b) amended by GN R2410 of 30 September 1991]

(c) No service of any civil summons, order or notice and no proceedings or act required in any civil action, except the issue or execution of a warrant of arrest, shall be validly effected on a Sunday unless the court or a judge otherwise directs.

(d) It shall be the duty of the sheriff or other person serving the process or documents to explain the nature and contents thereof to the person upon whom service is being effected and to state in his return or affidavit or on the signed receipt that he has done so.

[Subrule (1) substituted by GN R235 of 18 February 1966 and by GN R2004 of 15 December 1967]

(2) If it is not possible to effect service in any manner aforesaid, the court may, upon the application of the person wishing to cause service to be effected, give directions in regard thereto. Where such directions are sought in regard to service upon a person known or believed to be within the Republic, but whose whereabouts therein cannot be ascertained, the provisions of subrule (2) of rule 5 shall, mutatis mutandis, apply.

(3) Service of any process of the court or of any document in a foreign country shall be effected-

(a) by any person who is, according to a certificate of-

(i) the head of any South African diplomatic or consular mission, any person in the administrative or professional division of the public service serving at a South African diplomatic or consular mission or trade office abroad;

[Sub-para. (i) substituted by GN R2004 of 15 December 1967 and by GN R2047 of 13 December 1996]

(ii) any foreign diplomatic or consular officer attending to the service of process or documents on behalf of the Republic in such country;

(iii) any diplomatic or consular officer of such country serving in the Republic; or

[Sub-para. (iii) amended by GN R2410 of 30 September 1991]

(iv) any official signing as or on behalf of the head of the department dealing with the administration of justice in that country, authorized under the law of such country to serve such process or document; or

(b) by any person referred to in sub-paragraph (i) or (ii) of paragraph (a), if the law of such country permits him to serve such process or document or if there is no law in such country prohibiting such service and the authorities of that country have not interposed any objection thereto.

(4) Service of any process of the court or of any document in Australia, Botswana, Finland, France, Hong Kong, Lesotho, Malawi, New Zealand, Spain, Swaziland, the United Kingdom of Great Britain and Northern Ireland and Zimbabwe may, notwithstanding the provisions of subrule (3), also be effected by an attorney, solicitor, notary public or other legal practitioner in the country concerned who is under the law of that country authorized to serve process of court or documents and in the state concerned who is under the law of that state authorized to serve process of court or documents.

[Subrule (4) substituted by GN R1535 of 25 July 1980]

(5) (a) Any process of court or document to be served in a foreign country shall be accompanied by a sworn translation thereof into an official language of that country or part of that country in which the process or document is to be served, together with a certified copy of the process or document and such translation.

(b) Any process of court or document to be served as provided in subrule (3), shall be delivered to the registrar together with revenue stamps to the value of R150,00 fixed thereto: Provided that no revenue stamps shall be required where service is to be effected on behalf of the Government of the Republic.

[Para. (b) substituted by GN R2021 of 5 November 1971 and amended by GN R185 of 2 February 1990, by GN R2410 of 30 September 1991 and by GN R491 of 27 March 1997]

(c) Any process of court or document delivered to the registrar in terms of paragraph (b) shall, after defacement of the revenue stamps affixed thereto, be transmitted by him together with the translation referred to in paragraph (a), to the Director-General of Foreign Affairs or to a destination indicated by the Director-General of Foreign Affairs, for service in the foreign country concerned. The registrar shall satisfy himself that the process of court or document allows a sufficient period for service to be effected in good time.

[Para. (c) amended by GN R2410 of 30 September 1991]

(6) Service shall be proved in one of the following manners:

(a) Where service has been effected by the sheriff; by the return of service of such sheriff;

(b) where service has not been effected by the sheriff, nor in terms of subrule (3) or (4), by an affidavit of the person who effected service, or in the case of service on an attorney or a member of his staff, the Government of the Republic, the Administration of any Province or on any Minister, Administrator, or any other officer of such Government or Administration, in his capacity as such, by the production of a signed receipt therefor.

[Para. (b) substituted by GN R235 of 18 February 1966 and amended by GN R2410 of 30 September 1991]

(6A)(a) The document which serves as proof of service shall, together with the served process of court or document, without delay be furnished to the person at whose request service was effected.

(b) The said person shall file each such document on behalf of the person who effected service with the registrar when-

(i) he sets the matter in question down for any purpose;

(ii) it comes to his knowledge in any manner that the matter is being defended;

(iii) the registrar requests filing;

(iv) his mandate to act on behalf of a party, if he is a legal practitioner, is terminated in any manner.

[Subrule (6A) inserted by GN R1356 of 30 July 1993]

(7) Service of any process of court or document in a foreign country shall be proved-

(a) by a certificate of the person effecting service in terms of paragraph (a) of subrule (3) or subrule (4) in which he identifies himself, states that he is authorized under the law of that country to serve process of court or documents therein and that the process of court or document in question has been served as required by the law of that country and sets forth the manner and the date of such service: Provided that the certificate of a person referred to in subrule (4) shall be duly authenticated; or

(b) by a certificate of the person effecting service in terms of paragraph (b) of subrule (3) in which he states that the process of court or document in question has been served by him, setting forth the manner and date of such service and affirming that the law of the country concerned permits him to serve process of court or documents or that there is no law in such country prohibiting such service and that the authorities of that country have not interposed any objection thereto.

(8) Whenever any process has been served within the Republic by a sheriff outside the jurisdiction of the court from which it was issued, the signature of such sheriff upon the return of service shall not require authentication by the sheriff.

[Subrule (8) amended by GN R2410 of 30 September 1991]

(9) In every proceeding in which the State, the administration of a province or a Minister, Deputy Minister or Administrator in his official capacity is the defendant or respondent, the summons or notice instituting such proceeding may be served at the Office of the State Attorney situated in the area of jurisdiction of the court from which such summons or notice has been issued: Provided that such summons or notice issued in the Transvaal Provincial Division shall be served at the Office of the State Attorney, Pretoria, and such summons or notice issued in the Northern Cape Division shall be served at the Bloemfontein Branch Office of the State Attorney.

[Subrule (9) substituted by GN R1873 of 3 September 1982 and by GN R608 of 31 March 1989 and amended by GN R2410 of 30 September 1991]

(10) Whenever the court is not satisfied as to the effectiveness of the service, it may order such further steps to be taken as to it seems meet.

(11) Whenever a request for the service on a person in the Republic of any civil process or citation is received from a State, territory or court outside the Republic and is transmitted to the registrar of a provincial or local division in terms of subsection (2) of section thirty-three of the Act, the registrar shall transmit to the sheriff or a sheriff or any person appointed by a judge of the division concerned for service of such process or citation-

(a) two copies of the process or citation to be served; and

(b) two copies of a translation in English or Afrikaans of such process or citation if the original is in any other language.

[Subrule (11) amended by GN R2410 of 30 September 1991]

(12) Service shall be effected by delivering to the person to be served one copy of the process or citation to be served and one copy of the translation (if any) thereof in accordance with the provisions of this rule.

(13) After service has been effected the sheriff or the sheriff or the person appointed for the service of such process or citation shall return to the registrar of the division concerned one copy of

the process or citation together with-

(a) proof of service, which shall be by affidavit made before a magistrate, justice of the peace or commissioner of oaths by the person by whom service has been effected and verified, in the case of service by the sheriff or a sheriff, by the certificate and seal of office of such sheriff or, in the case of service by a person appointed by a judge of the division concerned, by the certificate and seal of office of the registrar of the division concerned; and

(b) particulars of charges for the cost of effecting such service.

[Subrule (13) amended by GN R2410 of 30 September 1991]

(14) The particulars of charges for the cost of effecting service under subrule (11) shall be submitted to the taxing officer of the division concerned, who shall certify the correctness of such charges or other amount payable for the cost of effecting service.

[Subrule (14) substituted by GN R235 of 18 February 1966]

(15) The registrar concerned shall, after effect has been given to any request for service of civil process or citation, return to the Director-General of Justice-

(a) the request for service referred to in subrule (11);

(b) the proof of service together with a certificate in accordance with Form 'J' of the Second Schedule duly sealed with the seal of the division concerned for use out of the jurisdiction; and

(c) the particulars of charges for the cost of effecting service and the certificate, or copy thereof, certifying the correctness of such charges.

[Subrule (15) amended by GN R2410 of 30 September 1991]


## 5 Edictal Citation

(1) Save by leave of the court no process or document whereby proceedings are instituted shall be served outside the Republic.

(2) Any person desiring to obtain such leave shall make application to the court setting forth concisely the nature and extent of his claim, the grounds upon which it is based and upon which the court has jurisdiction to entertain the claim and also the manner of service which the court is asked to authorize. If such manner be other than personal service, the application shall further set forth the last-known whereabouts of the person to be served and the inquiries made to ascertain his present whereabouts. Upon such application the court may make such order as to the manner of service as to it seems meet and shall further order the time within which notice of intention to defend is to be given or any other step that is to be taken by the person to be served. Where service by publication is ordered, it may be in a form as near as may be in accordance with Form 1 of the First Schedule, approved and signed by the registrar.

(3) Any person desiring to obtain leave to effect service outside the Republic of any document other than one whereby proceedings are instituted, may either make application for such leave in terms of subrule (2) or request such leave at any hearing at which the court is dealing with the matter, in which latter event no papers need be filed in support of such request, and the court may