UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDY D. WHITSON, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>BUMBO, BUMBO LIMITED, BUMBO (PTY) LTD., and TARGET CORPORATION,<br><br>　　　　　　　Defendants.<br>_____/ | No. C 07-05597 MHP<br><br>**MEMORANDUM & ORDER**<br><br>**Re: Target's Motion to Dismiss Counts I, II, III, and IV of the Causes of Action of Plaintiff's Complaint** |

　　　Plaintiff Wendy Whitson, individually and on behalf of all others similarly situated, brings this action for nation-wide and state-wide causes of action arising out of defendants' manufacture and sale of the allegedly defective Bumbo Baby Sitter. In counts I, II, III, and IV of plaintiff's complaint, she alleges causes of action under the state laws of all 50 states for, respectively, violation of consumer protection laws, breach of express warranties, breach of implied warranties, and unjust enrichment.

　　　Now before the court is defendant Target Corporation's motion to dismiss counts I through IV under Federal Rule of Civil Procedure Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Defendant argues that the counts should be dismissed at the pleading stage because of significant variations in the laws of the 50 states. For example, with respect to the state consumer protection laws, defendant asserts that scienter requirements differ across states, omissions are actionable in some states but not others, and the statute of limitations is not uniform.

1    While state to state variations in the law raise questions as to whether a nation-wide class action is manageable for purposes of class certification, the variations do not imply that plaintiff has failed to state a claim under those laws. Defendant's concerns, therefore, are raised prematurely in the present Rule 12(b)(6) motion to dismiss. They will be more timely and appropriately addressed at a later date if and when plaintiff moves for class certification.

The court recognizes that "a defendant may move to strike class allegations prior to discovery in rare cases where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met." Andrews v. Home Depot U.S.A., Inc., C 03-5200 DMC, 2005 WL 1490474 at *2 (D.N.J. June 23, 2005). However, this is not that rare case. Accord, Rios v. State Farm & Casualty Co., 469 F. Supp. 2d 727, 740–742 (S.D. Iowa 2007) (declining to strike at the pleading stage plaintiff's nationwide class action allegations).

Accordingly, defendant's motion to dismiss counts I, II, III, and IV of the causes of action of plaintiff's complaint is DENIED.

IT IS SO ORDERED.

Dated: May 8, 2008

_____
MARILYN HALL PATEL
United States District Court Judge
Northern District of California