1  Jennifer J. Johnston (State Bar No.: 125737)
   Christopher B. Queally (State Bar No.: 229154)
2  CONDON & FORSYTH LLP
   1901 Avenue of the Stars, Suite 850
3  Los Angeles, California 90067-6010
   Telephone: (310) 557-2030
4  Facsimile:  (310) 557-1299
   Email: jjohnston@condonlaw.com
5  Email: cqueally@condonlaw.com

6  Attorneys *Specially Appearing* for Defendant
   BUMBO (PTY) LIMITED
7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11 | WENDY D. WHITSON, individually and         ) Case No. CV-07-5597 MHP
    on behalf of all others similarly situated,  )
12 |                                            ) **OPPOSITION OF BUMBO (PTY)
                Plaintiffs,                     ) LIMITED TO PLAINTIFF WENDY
13 |                                            ) D. WHITSON *ET AL.*'S
           vs.                                  ) ADMINISTRATIVE MOTION
14 |                                            ) REQUESTING AN ORDER
    BUMBO, BUMBO LIMITED, BUMBO                 ) DESIGNATING MANNER OF
15 | (PTY) LTD., and TARGET                     ) SERVICE; MEMORANDUM OF
    CORPORATION,                                ) POINTS AND AUTHORITIES**
16 |                                            )
                Defendants.                     ) Date:   (No Hearing Date Set)
17 |                                            )
                                                ) [Declaration of Jeffrey M. Bortz; and
18                                                *Proposed* Order filed separately and
                                                  concurrently herewith]
19

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28

OPPOSITION TO ADMINISTRATIVE MOTION REQUESTING
AN ORDER DESIGNATING MANNER OF SERVICE
CASE NO.: CV-07-5597 MHP
3271v.1

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiffs Wendy D. Whitson, *et al.*'s (hereinafter collectively "Plaintiffs") administrative motion is procedurally improper and substantively without merit. This Court has already ruled that Plaintiffs may not effect service of process on Defendant BUMBO (Pty) Ltd. (hereinafter "BUMBO-Pty") through an agent for service of process *other than* a local sheriff under Rule 4(1)(a) of the South African Uniform Rules of Court. *See* May 14, 2008 Memorandum & Order, Document No. 63, pp. 15-19 ("May 14, 2008 Order.") The Court has also ruled that formulating an alternative manner of service under Federal Rule of Civil Procedure ("Fed. R. Civ. Proc.") 4(f)(3) is unwarranted based on the particularities and necessities of this case. *See id* at p. 20, lines 15-18. Plaintiffs should not be permitted to circumvent the Court's May 14, 2008 ruling and forgo adequate service of process, through an administrative motion.

## ARGUMENT

**A.   AN ADMINISTRATIVE MOTION UNDER LOCAL RULE 7-11 IS AN IMPROPER PROCEDURAL VEHICLE FOR SEEKING RELIEF UNDER FED. R. CIV. PROC. 4(f).**

Plaintiffs' administrative motion is improper since a specific federal statute expressly governs requests for designation of an alternative manner of service.

Rule 7-11, "Motion for Administrative Relief," of the U.S.D.C. for the Northern District of California Local Rules states, in relevant part,

> The Court recognizes that during the course of case proceedings a party may require a Court order with respect to miscellaneous administrative matters, *not otherwise governed by a federal statute*, Federal or local rule or standing order of the assigned judge. These motions would include matters such as motions to exceed otherwise applicable page limitations or motions to file documents under seal, for example.

Civil Rule 7-11 (*emphasis* added.)

Since the designation of an alternative manner of service is explicitly governed by Fed. R. Civ. Proc. 4(f), an administrative motion to designate an alternative manner is

-2-

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1  improper.

2  Furthermore, pursuant to Local Rule 7-10, a party may only file an *ex parte* motion, if a statute, Federal Rule, local rule or Standing Order authorizes the filing of such a motion. *See* Civil Rule 7-10; *and Universal Trading & Investment Co. v. Kirtchenko*, 2007 WL 295548, p. *1 (N.D. Cal. 2007) ("Civil Local Rule 7-10, which governs the filing of *ex parte* motions…requires that such motions 'include a citation to the statute, rule or order which permits the use of an *ex parte* motion to obtain the relief sought.'") Since no federal statute, local rule or standing order permits a motion for an alternative manner of service to be brought *ex parte*, Plaintiffs were required to adhere to the standard notice procedures outlined in Local Rules 7-2 and 7-3.

**B.  PLAINTIFFS' ADMINISTRATIVE MOTION IS IN TRUTH A MOTION FOR RECONSIDERATION OF THE COURT'S RULING ON BUMBO-PTY'S MOTION TO QUASH SERVICE OF PROCESS**

Plaintiffs' administrative motion seeks an order from this Court allowing Plaintiffs to effect service of process on BUMBO-Pty by either: (1) serving Condon & Forsyth LLP; or (2) "…by any person hand delivering a copy of the Summons and Complaint to the office of Bumbo Pty, Ltd. in South Africa again." Motion, p. 4, lines 5-6.

However, this Court has already ruled that an alternative manner of service is not warranted under these circumstances, and that the proposed method of service "by any person" is improper under South African law and, thus, Fed. R. Civ. Proc. 4(f)(2)(A). *See* May 14, 2008 Order, p.18, lines 11-14, and p. 19, lines 18-19. Because the Court has already ruled on these issues, Plaintiffs' administrative motion is in truth, a motion for reconsideration of the Court's May 14, 2008 ruling.

Absent unusual circumstances, a motion for reconsideration will not be granted "unless the District Court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Plaintiffs have not offered any newly discovered evidence or a change in the controlling law to support Plaintiffs' administrative motion. The Court specifically addressed Plaintiffs' prior request for

-3-

designation of an alternative manner of service in the Court's May 14, 2008 Order, holding that such a request was unsustainable because: (i) Plaintiffs had not obtained prior court approval; and (ii) the circumstances did not warrant formulation of an alternative manner of service. *See* May 14, 2008 Order, p. 20, lines 3-18. The Court stated that, unlike the defendants in those cases cited by Plaintiffs in opposition to BUMBO-Pty's motion to quash, BUMBO-Pty is not an "elusive" defendant which had striven to evade service. *See id.* at p. 20, lines 12-15. The Court stated, "in this case, the physical location of the defendant in South Africa is well-known to plaintiffs and there is no indication that defendant is trying to evade service. The particularities and necessities of this case currently do not require this court to order alternative methods of service of process." *Id* at p. 20, lines 15-18.

The fact that Plaintiffs have finally contacted a South African sheriff, who has indicated that he or she will not serve the papers of a foreign court unless directed to do so by a South African legal authority in compliance with the South African rules of service of process,[1] should not alter the Court's conclusion. Plaintiffs filed the instant action several months ago on August 16, 2007. The fact that Plaintiffs have waited until May 2008 to contact sheriffs in South Africa should not serve as justification for abrogating the rules of service of process under either U.S. or South African law.[2] There is no evidence that the laws for service of process in the U.S. or South Africa have changed from August 2007 to May 2008. A sufficient means for serving process issued by a foreign jurisdiction exists in South Africa, and this Court has directed Plaintiffs to follow it. Plaintiffs may seek either a letter rogatory or letter of request from this Court to be presented to the appropriate court in South Africa for approval and issuance to a local sheriff. Based on Jeremy Fietz's declaration, the sheriffs of South Africa are prepared to effect service of process as directed by the courts.

///

---

[1] *See* Motion, p. 2, lines 11-17.
[2] Plaintiffs also fail to make a sufficient evidentiary showing regarding the estimated time period for service by a local sheriff in South Africa. The Declaration of Jeremy R. Fietz does not indicate what sheriffs were contacted, when, and by whom.

-4-

OPPOSITION TO ADMINISTRATIVE MOTION REQUESTING
AN ORDER DESIGNATING MANNER OF SERVICE
CASE NO.: CV-07-5597 MHP
3271V.1

### C. PLAINTIFFS' MOTION IS BASED ON A MISINTERPRETATION OF RULE 4(1)(a)(aA) OF THE SOUTH AFRICAN UNFORM RULES

Plaintiffs' Motion is based on an erroneous interpretation of Rule 4(1)(a)(aA), regarding service on a party represented by an "attorney of record." Rule 4(1)(a)(aA) pertains only to the "initiation of application proceedings" in an interlocutory matter, subsequent to commencement of proceedings by way of application or summons. *See* Declaration of Jeffrey M. Bortz ("Bortz Decl."), ¶ 4. The term "interlocutory relief" under South African law means relief which is incidental to the main case. *See id* at ¶ 5. For example, an application to combine or consolidate discovery, or an application for interim maintenance in a divorce action, would both be considered "interlocutory relief." *See id*. The parties in each of these examples would already be represented by an attorney of record in the pending action, who may be served with the initiation of application. *See id.; cf.* Fed. R. Civ. Proc. 5(b)(1) ("[i]f a party is represented by an attorney, service…must be made on the attorney unless the court orders service on the party.")

Moreover, the word "attorney" in the phrase "attorney of record," found in Rule 4(1)(a)(aA) means an attorney who is admitted, enrolled and entitled to practice law in one of the divisions of the High Court of South Africa. *See* Bortz Decl."), ¶ 7. Since Condon & Forsyth, LLP is not admitted, enrolled and entitled to practice in one of the divisions of the High Court of South Africa, Condon & Forsyth, LLP may not serve as the "attorney of record" on behalf of BUMBO-Pty for purposes of Rule 4(1)(a)(aA). *See id.*

### D. CONDON & FORSYTH LLP'S SPECIAL APPEARANCE ON BEHALF OF BUMBO-PTY MAY NOT SERVE AS JUSTIFICATION FOR PERMITTING SERVICE OF PROCESS ON CONDON & FORSYTH LLP

Finally, the special appearance made by Condon & Forsyth, LLP on behalf of BUMBO-Pty may not be converted into an involuntary wavier of the requirements of formal service of process. Furthermore, the fact that BUMBO-Pty is aware of Plaintiffs' lawsuit does not satisfy the principles of notice underlying Fed. R. Civ. Proc. 4. As

pointed out by the Third Circuit in *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, (3rd Cir. 1993):

> Although notice underpins Fed. R. Civ. Proc. 4 concerning service, notice cannot by itself validate an otherwise defective service. Proper service is still a prerequisite to personal jurisdiction. Inquiry into the propriety of service is separate from, and in addition to, the due process concerns present in an inquiry into the notice itself. (Citation.). A district court's power to assert *in personam* authority over parties defendant [*sic*] is dependent not only on compliance with due process but also on compliance with the technicalities of Rule 4. (Citations.) Notice to a defendant that he has been sued does not cure defective service, and an appearance for the limited purpose of objecting to service does not waive the technicalities of the rule governing service. (Citations.)

*Grand Entertainment*, 988 F.2d at 492; *see also Weston Funding, LLC v. Consorcio G. Group Dina, S.A.*, 451 F.Supp.2d 585, 589 (S.D.N.Y. 2006) ("[w]aiver of service,…cannot be lightly inferred. ...[n]or can defective service be ignored on the mere assertion that a defendant had 'actual notice.'") (Citations omitted.)

## CONCLUSION

For all the foregoing reasons, Defendant BUMBO (Pty) Ltd. requests that Plaintiffs' administrative motion be denied.

Dated: May 28, 2008

CONDON & FORSYTH LLP

By: _____
JENNIFER J. JOHNSTON
CHRISTOPHER B. QUEALLY
Attorneys for *Specially Appearing* Defendant
BUMBO (PTY) LTD.