Jennifer J. Johnston (State Bar No.: 125737)
Christopher B. Queally (State Bar No.: 229154)
CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030
Facsimile: (310) 557-1299
Email: jjohnston@condonlaw.com
Email: cqueally@condonlaw.com

Attorneys for *Specially Appearing* Defendant
BUMBO (PTY) LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDY D. WHITSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BUMBO, BUMBO LIMITED, BUMBO (PTY) LTD.; TARGET CORPORATION; and DOES 1 to 20,<br><br>Defendants. | Case No. C-07-5597 MHP<br><br>DECLARATION OF JEFFREY M. BORTZ IN SUPPORT OF DEFENDANT BUMBO (PTY) LTD.'S OPPOSITION TO PLAINTIFF WENDY D. WHITSON'S ADMINISTRATIVE MOTION REQUESTING AN ORDER DESIGNATING MANNER OF SERVICE<br><br>Date:   (No Hearing Date Set) |

I, Jeffrey M. Borz, declare:

1.   I am a director of the law firm of Werksmans Inc., attorneys licensed to practice under the laws of South Africa. I am personally licensed under the laws of South Africa to practice law in South Africa. I have been a director at Werkmans, Inc. since 1990. I have been practicing law for forty years and accordingly, I am competent to address the laws of South Africa as stated in this declaration. I am not counsel to any party in this action. I submit this declaration

DECLARATION OF JEFFREY M. BORTZ IN SUPPORT OF
DEF. BUMBO (PTY) LTD'S OPPOSITION TO PLAINTIFF'S
ADMINISTRATIVE MOTION
CASE NO.: C 07-04807 MHP

1  to advise the Court of service of process laws in South Africa. If called as a witness, I could competently testify to the statements of law set forth in this declaration.

2. South Africa is not a party to the Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, commonly referred to as the Hague Service Convention. Service of process relating to a lawsuit initiated outside South Africa against a South African company is, therefore, governed exclusively by South African domestic law.

3. Attached hereto as Exhibit "A" is a true and correct copy of Rule 4 of the South African Uniform Rules of Court ("South African Uniform Rules"). Rule 4 of the South African Uniform Rules is the sole approved method for service of a summons and complaint on a private company defendant under South African law, whether initiated domestically or outside South Africa.

4. Rule 4(1)(a)(aA) of the South African Uniform Rules pertains only to the initiation of application proceedings regarding an interlocutory matter, subsequent to commencement of the proceedings by way of application or summons. Under such circumstances, the proceedings have already been instituted, and both parties are represented by attorneys of record. If interlocutory relief is sought following the commencement of a proceeding, the party seeking such interlocutory relief may serve the application for the relief on the opposing party's attorney of record.

5. The term "interlocutory relief" means relief which is incidental to the main case. For example, an application to combine or consolidate discovery, or for interim maintenance in a divorce action, or an application to compel further particulars, would all be considered "interlocutory relief." In each of these particular applications, the parties are already represented by an attorney of record

- 2 -

DECLARATION OF JEFFREY M. BORTZ IN SUPPORT OF
DEF. BUMBO (PTY) LTD'S OPPOSITION TO PLAINTIFF'S
ADMINISTRATIVE MOTION
CASE NO.: C 07-04807 MHP

in the pending action who may be served with the initiation of application.

6. Rule 4(1)(a)(aA) is not applicable where a party is attempting to institute substantive proceedings for the first time either by way of summons or by way of application.

7. The word "attorney," in the phrase "attorney of record," found in Rule 4(1)(a)(aA), means an attorney who is admitted, enrolled and entitled to practice law in one of the divisions of the High Court of South Africa. The word "attorney" in this context does not include an attorney in a foreign jurisdiction who is not admitted, enrolled and entitled to practice in one of the divisions of the High Court of South Africa. Condon & Forsyth, LLP cannot be the "attorney of record" on behalf of BUMBO (Pty) Ltd. under Rule 4(1)(a)(aA).

I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed this 28th day of May 2008 at Sandown, Sandton, Republic of South Africa.

_____
JEFFREY M. BORTZ

3261v.1

- 3 -
DECLARATION OF JEFFREY M. BORTZ IN SUPPORT OF
DEF. BUMBO (PTY) LTD'S OPPOSITION TO PLAINTIFF'S
ADMINISTRATIVE MOTION
CASE NO.: C 07-04807 MHP

*Superior Court Practice*                          Rule 4

#### 4 Service

(1) *(a)* Service of any process of the court directed to the sheriff and subject to the provisions of paragraph *(aA)* any document initiating application proceedings shall be effected by the sheriff in one or other of the following manners:

  (i) By delivering a copy thereof to the said person personally: Provided that where such person is a minor or a person under legal disability, service shall be effected upon the guardian, tutor, curator or the like of such minor or person under disability;

  (ii) by leaving a copy thereof at the place of residence or business of the said person, guardian, tutor, curator or the like with the person apparently in charge of the premises at the time of delivery, being a person apparently not less than sixteen years of age. For the purposes of this paragraph when a building, other than an hotel, boarding-house, hostel or similar residential building, is occupied by more than one person or family, 'residence' or 'place of business' means that portion of the building occupied by the person upon whom service is to be effected;

  (iii) by delivering a copy thereof at the place of employment of the said person, guardian, tutor, curator or the like to some person apparently not less than sixteen years of age and apparently in authority over him;

  (iv) if the person so to be served has chosen a *domicilium citandi*, by delivering or leaving a copy thereof at the *domicilium* so chosen;

  (v) in the case of a corporation or company, by delivering a copy to a responsible employee thereof at its registered office or its principal place of business within the court's jurisdiction, or if there be no such employee willing to accept service, by affixing a copy to the main door of such office or place of business, or in any manner provided by law;

  (vi) by delivering a copy thereof to any agent who is duly authorized in writing to accept service on behalf of the person upon whom service is to be effected;

  (vii) where any partnership, firm or voluntary association is to be served, service shall be effected in the manner referred to in paragraph (ii) at the place of business of such partnership, firm or voluntary association and if such partnership, firm or voluntary association has no place of business, service shall be effected on a partner, the proprietor or the chairman or secretary of the committee or other managing body of such association, as the case may be, in one of the manners set forth in this rule;

  (viii) where a local authority or statutory body is to be served, service shall be effected by delivering a copy to the town clerk or assistant town clerk or mayor of such local authority or to the secretary or similar officer or member of the board or committee of such body, or in any manner provided by law; or

EXHIBIT 14

Case 3:07-cv-05597-MHP    Document 68    Filed 05/28/2008    Page 5 of 8

 (ix) if two or more persons are sued in their joint capacity as trustees, liquidators, executors, administrators, curators or guardians, or in any other joint representative capacity, service shall be effected upon each of them in any manner set forth in this rule.

[Rule 4(1)(a) amended by GN R2410 of 30 September 1991.]

 *(aA)* Where the person to be served with any document initiating application proceedings is already represented by an attorney of record, such document may be served upon such attorney by the party initiating such proceedings.

[Para *(aA)*, previously para *(a)bis*, renumbered by GN R2410 of 30 September 1991.]

 *(b)* Service shall be effected as near as possible between the hours of 7:00 and 19:00.

[Para *(b)* amended by GN R2410 of 30 September 1991.]

 *(c)* No service of any civil summons, order or notice and no proceeding or act required in any civil action, except the issue or execution of a warrant of arrest, shall be validly effected on a Sunday unless the court or a judge otherwise directs.

 *(d)* It shall be the duty of the sheriff or other person serving the process or documents to explain the nature and contents thereof to the person upon whom service is being effected and to state in his return or affidavit or on the signed receipt that he has done so.

[Subrule (1) substituted by GN R235 of 18 February 1966 and by GN R2004 of 15 December 1967.]

 (2) If it is not possible to effect service in any manner aforesaid, the court may, upon the application of the person wishing to cause service to be effected, give directions in regard thereto. Where such directions are sought in regard to service upon a person known or believed to be within the Republic, but whose whereabouts therein cannot be ascertained, the provisions of subrule (2) of rule 5 shall, *mutatis mutandis*, apply.

 (3) Service of any process of the court or of any document in a foreign country shall be effected—

*(a)* by any person who is, according to a certificate of—

 (i) the head of any South African diplomatic or consular mission, any person in the administrative or professional division of the public service serving at a South African diplomatic or consular mission or trade office abroad;

[Subpara (i) substituted by GN R2047 of 13 December 1996.]

 (ii) any foreign diplomatic or consular officer attending to the service of process or documents on behalf of the Republic in such country;

 (iii) any diplomatic or consular officer of such country serving in the Republic; or

[Subpara (iii) amended by GN R2410 of 30 September 1991.]

 (iv) any official signing as or on behalf of the head of the department dealing with the administration of justice in that country, authorized under the law of such country to serve such process or document; or

*Superior Court Practice*                                            Rule 4

(b) by any person referred to in sub-paragraph (i) or (ii) of paragraph *(a)*, if the law of such country permits him to serve such process or document or if there is no law in such country prohibiting such service and the authorities of that country have not interposed any objection thereto.

(4) Service of any process of the court or of any document in Australia, Botswana, Finland, France, Hong Kong, Lesotho, Malawi, New Zealand, Spain, Swaziland, the United Kingdom of Great Britain and Northern Ireland and Zimbabwe may, notwithstanding the provisions of subrule (3), also be effected by an attorney, solicitor, notary public or other legal practitioner in the country concerned who is under the law of that country authorized to serve process of court or documents and in the state concerned who is under the law of that state authorized to serve process of court or documents.

[Rule 4(4) substituted by GN R1535 of 25 July 1980.]

(5) *(a)* Any process of court or document to be served in a foreign country shall be accompanied by a sworn translation thereof into an official language of that country or part of that country in which the process or document is to be served, together with a certified copy of the process or document and such translation.

*(b)* Any process of court or document to be served as provided in subrule (3), shall be delivered to the registrar together with revenue stamps to the value of R150 fixed thereto: Provided that no revenue stamps shall be required where service is to be effected on behalf of the Government of the Republic.

[Para *(b)* substituted by GN R2021 of 5 November 1971 and amended by GN R185 of 2 February 1990, and by GN R2410 of 30 September 1991 and by GN R491 of March 1997.]

*(c)* Any process of court or document delivered to the registrar in terms of paragraph *(b)* shall, after defacement of the revenue stamps affixed thereto, be transmitted by him together with the translation referred to in paragraph *(a)*, to the Director-General of Foreign Affairs or to a destination indicated by the Director-General of Foreign Affairs, for service in the foreign country concerned. The registrar shall satisfy himself that the process of court or document allows a sufficient period for service to be effected in good time.

[Para *(c)* amended by GN R2410 of 30 September 1991.]

(6) Service shall be proved in one of the following manners:

*(a)* Where service has been effected by the sheriff, by the return of service of such sheriff;

*(b)* where service has not been effected by the sheriff, nor in terms of subrule (3) or (4), by an affidavit of the person who effected service, or in the case of service on an attorney or a member of his staff, the Government of the Republic, the Administration of any Province or on any Minister, Administrator, or any other officer of such Government or Administration, in his capacity as such, by the production of a signed receipt therefor.

[Para *(b)* substituted by GN R235 of 18 February 1966 and amended by GN R2410 of 30 September 1991.]

(6A) *(a)* The document which serves as proof of service shall, together with the served process of court or document, without delay be furnished to the person at whose request service was effected.

Rule 4             *Superior Court Practice*

  (b) The said person shall file each document on behalf of the person who effected service with the registrar when—
  (i) he sets the matter in question down for any purpose;
  (ii) it comes to his knowledge in any manner that the matter is being defended;
  (iii) the registrar requests filing;
  (iv) his mandate to act on behalf of a party, if he is a legal practitioner, is terminated in any manner.
                [Subrule (6A) inserted by GN R1356 of 30 July 1993.]

  (7) Service of any process of court or document in a foreign country shall be proved—
  (a) by a certificate of the person effecting service in terms of paragraph (a) of subrule (3) or subrule (4) in which he identifies himself, states that he is authorized under the law of that country to serve process of court or documents therein and that the process of court or document in question has been served as required by the law of that country and sets forth the manner and the date of such service: Provided that the certificate of a person referred to in subrule (4) shall be duly authenticated; or
  (b) by a certificate of the person effecting service in terms of paragraph (b) of subrule (3) in which he states that the process of court or document in question has been served by him, setting forth the manner and date of such service and affirming that the law of the country concerned permits him to serve process of court or documents or that there is no law in such country prohibiting such service and that the authorities of that country have not interposed any objection thereto.

  (8) Whenever any process has been served within the Republic by a sheriff outside the jurisdiction of the court from which it was issued, the signature of such sheriff upon the return of service shall not require authentication by the sheriff.
                [Subrule (8) amended by GN R2410 of 30 September 1991.]

  (9) In every proceeding in which the State, the administration of a province or a Minister, Deputy Minister or Administrator in his official capacity is the defendant or respondent, the summons or notice instituting such proceeding may be served at the Office of the State Attorney situated in the area of jurisdiction of the court from which such summons or notice has been issued: Provided that such summons or notice issued in the Transvaal Provincial Division shall be served at the Office of the State Attorney, Pretoria, and such summons or notice issued in the Northern Cape Division shall be served at the Bloemfontein Branch Office of the State Attorney.
[Subrule (9) substituted by GN R1873 of 3 September 1982 and by GN R608 of 31 March 1989 and amended by GN R2410 of 30 September 1991.]

  (10) Whenever the court is not satisfied as to the effectiveness of the service, it may order such further steps to be taken as to it seems meet.

  (11) Whenever a request for the service on a person in the Republic of any civil process or citation is received from a State, territory or court outside the Republic and is transmitted to the registrar of a provincial or local division in

*Superior Court Practice*   Rule 4

terms of subsection (2) of section *thirty-three* of the Act, the registrar shall transmit to the sheriff or a sheriff or any person appointed by a judge of the division concerned for service of such process or citation—
(a) two copies of the process or citation to be served; and
(b) two copies of a translation in English or Afrikaans of such process or citation if the original is in any other language.
    [Subrule (11) amended by GN R2410 of 30 September 1991.]

(12) Service shall be effected by delivering to the person to be served one copy of the process or citation to be served and one copy of the translation (if any) thereof in accordance with the provisions of this rule.

(13) After service has been effected the sheriff or the sheriff or the person appointed for the service of such process or citation shall return to the registrar of the division concerned one copy of the process or citation together with—
(a) proof of service, which shall be by affidavit made before a magistrate, justice of the peace or commissioner of oaths by the person by whom service has been effected and verified, in the case of service by the sheriff or a sheriff, by the certificate and seal of office of such sheriff or, in the case of service by a person appointed by a judge of the division concerned, by the certificate and seal of office of the registrar of the division concerned; and
(b) particulars of charges for the cost of effecting such service.
    [Subrule (13) amended by GN R2410 of 30 September 1991.]

(14) The particulars of charges for the cost of effecting service under subrule (11) shall be submitted to the taxing officer of the division concerned, who shall certify the correctness of such charges or other amount payable for the cost of effecting service.
    [Subrule (14) substituted by GN R235 of 18 February 1966.]

(15) The registrar concerned shall, after effect has been given to any request for service of civil process or citation, return to the Director-General of Justice—
(a) the request for service referred to in subrule (11);
(b) the proof of service together with a certificate in accordance with Form 'J' of the Second Schedule duly sealed with the seal of the division concerned for use out of the jurisdiction; and
(c) the particulars of charges for the cost of effecting service and the certificate, or copy thereof, certifying the correctness of such charges.
    [Subrule (15) amended by GN R2410 of 30 September 1991.]