DENNIS B. KASS (State Bar No. 137263)
EVELINA SERAFINI  (State Bar No. 187137)
MANNING & MARDER
KASS, ELLROD, RAMIREZ LLP
15th Floor at 801 Tower
801 South Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 624-6900
Facsimile: (213) 624-6999
Email: DBK@MMKER.COM; EMS@MMKER.COM

Attorneys for Defendants
TARGET CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDY D. WHITSON, individually and on behalf of all others similarly situated, | Case No.: CV 07-05597 MHP |
| Plaintiffs, | **ANSWER OF DEFENDANT TARGET CORPORATION TO PLAINTIFFS' COMPLAINT FILED NOVEMBER 2, 2007; DEMAND FOR JURY TRIAL** |
| vs. | |
| BUMBO, BUMBO LIMITED, BUMBO (PTY) LTD.; TARGET CORPORATION; and DOES 1 to 20 | |
| Defendants. | |
| | Complaint Filed:   11/2/07 |

TO PLAINTIFF WENDY D. WHITSON, ALL OTHER PLAINTIFFS, AND

TO THEIR ATTORNEYS OF RECORD:

Defendant TARGET CORPORATION ("Target") answers the unverified

Class Action Complaint of plaintiff WENDY D. WHITSON ("plaintiff") as follows:

## I. NATURE OF ACTION

1.    Target denies any involvement in deceptive and unlawful conduct in

designing, manufacturing, marketing, distributing and selling the Bumbo Baby Sitter

as stated in Paragraph 1 of the Complaint.  Target lacks sufficient information or

G:\docsdata\DBK\Whitson v. Target\Pleadings\Answer to Complaint.wpd

belief to admit or deny the alleged defective design of the Bumbo Baby Sitter, the failure of the Bumbo Baby Sitter to perform as intended, or the alleged breach of express and implied warranties for the Bumbo Baby Sitter, and on that basis must therefore deny these allegations as contained in Paragraph 1 of the Complaint. Target denies that it violated any state consumer protection statutes or caused plaintiffs to incur loss of use and monetary damages as stated in Paragraph 1 of the Complaint.

2.    Target denies that it had knowledge of design problems with the Bumbo Baby Sitter, long resisted recalling the product, and enriched itself at the expense of plaintiffs as alleged in Paragraph 2 of the Complaint. Target lacks sufficient information or belief to admit or deny the alleged defective design of the Bumbo Baby Sitter, and on that basis must therefore deny these allegations as contained in Paragraph 2 of the Complaint.

3.    Target neither denies nor admits the statements in Paragraph 3 of the Complaint on the grounds that they request relief from the Court and do not contain any substantive allegations as to the underlying action.

## II. JURISDICTION AND VENUE

4.    Target denies the implication that the class should consist of all persons who purchased the Bumbo Baby Sitter during the four year period prior to the filing of the Complaint as alleged in Paragraph 25 of the Complaint on the grounds that this class includes individuals who have not purchased the product from Target, includes individuals with claims beyond the statute of limitations, and is impermissibly broad. Target admits the remaining allegations contained in Paragraph 4 of the Complaint.

5.    Target admits the allegations contained in Paragraph 5 of the Complaint.

6.    Except as to potential class members who are citizens of Minnesota, Target admits the allegations contained in Paragraph 6 of the Complaint.

7.    To the extent some class members were affected in this Judicial District and except as to potential class members who are citizens of Minnesota, Target admits the allegations contained in Paragraph 7 of the Complaint.  Target denies the allegation that this Judicial District is the proper venue for a nationwide class action as alleged in Paragraph 7 of the Complaint.

8.    Target denies the allegation that this Judicial District is the proper venue for a nationwide class action as alleged in Paragraph 7 of the Complaint.

9.    Target denies that this Court has personal jurisdiction over it as a corporation as alleged in Paragraph 9 of the Complaint.

## III. PARTIES

10.    Target lacks sufficient information to admit or deny the specifics for Ms. Whitson's alleged purchase of a Bumbo Baby Sitter as alleged in Paragraph 10 of the Complaint and on that basis denies these allegations.  Discovery has not yet occurred and Ms. Whitson has not yet confirmed her citizenship.

11.    Based on information and belief, Target admits the allegations contained in Paragraph 11 of the Complaint.  Discovery has not yet occurred and the Bumbo defendants have not yet confirmed their citizenship.

12.    Target admits the allegations contained in Paragraph 12 of the Complaint.

13.    Target lacks sufficient information or belief to admit or deny the allegations contained in Paragraph 13 of the Complaint as they apply to the DOE defendants and on that basis denies those remaining allegations.

14.    Target denies the allegation that it acted as an agent of each other Defendant as alleged in Paragraph 14 of the Complaint.  Target lacks sufficient information or belief to admit or deny the allegations contained in Paragraph 14 of the Complaint as they apply to the DOE defendants and on that basis denies those remaining allegations.

G:\docsdata\DBK\Whitson v. Target\Pleadings\Answer to Complaint.wpd

ANSWER TO COMPLAINT

# IV. GENERAL ALLEGATIONS

15.    Target lacks sufficient information to admit or deny the specifics for the design of the Bumbo Baby Sitter as it applies to all time periods and locations as alleged in Paragraph 15 of the Complaint and on that basis denies these allegations. Target generally admits the allegations contained in Paragraph 15 of the Complaint.

16.    Target admits the allegations contained in Paragraph 16 of the Complaint.

17.    Target denies the allegation that it entered into an "agency or licensing agreement" with Bumbo as alleged in Paragraph 17 of the Complaint.  Target admits selling the Bumbo Baby Sitter in its retail stores and on its website as alleged in Paragraph 17 of the Complaint.

18.    Target lacks sufficient information to admit or deny the specifics for the packaging and warnings of the Bumbo Baby Sitter as it applies to all time periods and locations as alleged in Paragraph 18 of the Complaint and on that basis denies these allegations.  Target lacks sufficient information or belief to admit or deny the allegations contained in Paragraph 18 of the Complaint as they apply to the legibility, notice, and warning devices on the Bumbo packaging or which are "standard feature of product warning labels"  and on that basis denies these allegations

19.    Target lacks sufficient information to admit or deny the specifics for the warning stickers of the Bumbo Baby Sitter as it applies to all time periods and locations as alleged in Paragraph 19 of the Complaint and on that basis denies these allegations.  Target lacks sufficient information or belief to admit or deny the allegations contained in Paragraph 19 of the Complaint as they apply to the legibility, notice, and other warning devices on the warning sticker and on that basis denies these allegations.

20.    Target lacks sufficient information to admit or deny the specifics for the demonstrations of use "inconsistent with the small-fonted warnings" as alleged in Paragraph 20 of the Complaint.  Target denies using inconsistent or contradictory

G:\docsdata\DBK\Whitson v. Target\Pleadings\Answer to Complaint.wpd

ANSWER TO COMPLAINT

marketing in an effort to sell the Bumbo Baby Sitter as alleged in Paragraph 20 of the Complaint.

21.    Target lacks sufficient information to admit or deny the specifics for the postings on its web site regarding the Bumbo Baby Sitter as it applies to all time periods and locations as alleged in Paragraph 21 of the Complaint.  Target admits that it allows consumers to post negative comments regarding products, including the Bumbo Baby Sitter, as alleged in Paragraph 21 of the Complaint.

22.    Target lacks sufficient information to admit or deny the specifics for the Ms. Whitson's purchase of a Bumbo Baby Sitter as alleged in Paragraph 22 of the Complaint and on that basis denies these allegations.

23.    Target lacks sufficient information to admit or deny the specifics for the filing of personal injury actions involving infants allegedly injured through their use of a Bumbo Baby Sitter as alleged in Paragraph 23 of the Complaint and on that basis denies these allegations.

24.    Target denies the allegation that Consumer Product Safety Commission recalled the Bumbo Baby Sitter as alleged in Paragraph 24 of the Complaint.  Target notes that the official release from the Office of Information and Public Affairs stated that Bumbo International, of South Africa, was voluntarily recalling the product to include an additional warning regarding use of the product on elevated surfaces.

### V.  CLASS ACTION ALLEGATIONS

25.    Target denies the allegation that the certified class should consist of all persons who purchased the Bumbo Baby Sitter during the four year period prior to the filing of the Complaint as alleged in Paragraph 25 of the Complaint on the grounds that this class includes individuals who have not purchased the product from Target, includes individuals with claims beyond the statute of limitations, and is impermissibly broad.

26.    Target denies the allegation that the certified class should consist of all

G:\docsdata\DBK\Whitson v. Target\Pleadings\Answer to Complaint.wpd

persons who purchased the Bumbo Baby Sitter during the four year period prior to the filing of the Complaint as alleged in Paragraph 26 of the Complaint on the grounds that this class includes individuals who have not purchased the product from Target, includes individuals with claims beyond the statute of limitations, and is impermissibly broad.

27.    Target denies the allegation that the Class definitions are unambiguous as alleged in Paragraph 27 of the Complaint.  Target lacks sufficient information to admit or deny the specifics for identifying the purchasers of the Bumbo Baby Sitter as it applies to all time periods, other potential retail defendants, and locations as alleged in Paragraph 27 of the Complaint and therefore must deny these allegations.

28.    Target denies that members of the proposed Class, as defined in the Complaint, have grounds for seeking damages in this action as alleged in Paragraph 28 of the Complaint.  Target lacks sufficient information to admit or deny the specifics for numerosity of the alleged Class as alleged in Paragraph 28 of the Complaint and therefore must deny these allegations.

29.    Target denies that common questions of fact and law predominate over the questions affecting individual Class Members as alleged in Paragraph 29 of the Complaint.  Target lacks sufficient information to admit or deny this allegations and all lesser included allegations as to the knowledge or actions of other potential Defendants as alleged in Paragraph 29 of the Complaint and its subparts (a) to (j).

(a)    Target lacks sufficient information to admit or deny the allegation that the Bumbo Baby Sitter was defectively designed and dangerous to use in its normal usage as alleged in Paragraph 29(a) of the Complaint and on that basis denies these allegations.

(b)    Target lacks sufficient information to admit or deny the allegation that the Bumbo Baby Sitter was defectively designed as alleged in Paragraph 29(b) of the Complaint and on that basis denies the allegation that defendants should have known of the defective design.

(c)    Target denies that it knowingly concealed any design defects in the Bumbo Baby Sitter as alleged in Paragraph 29© of the Complaint.  Target lacks sufficient information to admit or deny the allegation that the Bumbo Baby Sitter was defectively designed as alleged in Paragraph 29© of the Complaint and therefore must deny these allegations.

(d)    Target denies that it engaged in unlawful business practices by failing to recall or sufficiently repair the defective Bumbo Baby Sitter without causing Class members to incur out-of-pocket costs as alleged in Paragraph 29(d) of the Complaint.

(e)    Target denies that it refused to recall the Bumbo Baby Sitter in order to increase the future sales of its product as alleged in Paragraph 29(e) of the Complaint.  Target lacks sufficient information to admit or deny the allegation that the Bumbo Baby Sitter was defectively designed as alleged in Paragraph 29(e) of the Complaint and therefore must deny these allegations.

(f)    Target denies that it misrepresented the durability and usefulness of the Bumbo Baby Sitter as alleged in Paragraph 29(f) of the Complaint.

(g)    Target denies that it violated consumer protection, false advertising statutes, and state deceptive business practices statutes as alleged in Paragraph 29(g) of the Complaint.

(h)    Target denies that it violated express and implied warranty statutes as alleged in Paragraph 29(h) of the Complaint.

(I)    Target denies that it violated the principle of unjust enrichment as alleged in Paragraph 29(I) of the Complaint.

(j)    Target denies that the Class members are entitled to damages or other remedies against Target based on its conduct as alleged in Paragraph 29(j) of the Complaint.  Target lacks sufficient information to admit or deny the allegations regarding the nature and extent of damages and other remedies as alleged in Paragraph 29(e) of the Complaint and therefore must deny these allegations.

30.     Target denies that it engaged in a common course of conduct so as to give rise to the legal rights sought to be enforced by Class members as alleged in Paragraph 30 of the Complaint.  Target denies that is violated any statutes or common laws or conducted any deceptive business practices as alleged by Paragraph 30 of the Complaint.  Target lacks sufficient information to admit or deny the allegation that the Bumbo Baby Sitter was defectively designed as alleged in Paragraph 30 of the Complaint and therefore must deny these allegations.

31.     Target denies that the alleged Class members suffered any injuries or that the alleged injuries arise from a common nucleus of operative facts as alleged in Paragraph 31 of the Complaint.  Target lacks sufficient information to admit or deny the allegation that the Bumbo Baby Sitter was defectively designed as alleged in Paragraph 31 of the Complaint and therefore must deny these allegations.

32.     Target denies that the alleged Class members have been damaged by its conduct as alleged in Paragraph 32 of the Complaint.  Target lacks sufficient information to admit or deny the allegation that the Bumbo Baby Sitter was defectively designed as alleged in Paragraph 32 of the Complaint and therefore must deny these allegations.  Target lacks sufficient information to admit or deny the allegation that the Class members would not have purchased the Bumbo Baby Sitter if they knew the truth about the product as alleged in Paragraph 32 of the Complaint and therefore must deny these allegations.

33.     Target denies that the claims by the named plaintiff, Wendy D. Whitson, are typical of the claims of the other alleged Class members as alleged in Paragraph 33 of the Complaint.  Target denies that it played any role in the manufacturer of the Bumbo Baby Sitter as alleged in Paragraph 33 of the Complaint.  Target lacks sufficient information to admit or deny the allegation that the Bumbo Baby Sitter was prone to permit babies to fall out during normal and foreseeable use as alleged in Paragraph 33 of the Complaint and therefore must deny these allegations.

34.     Target lacks sufficient information to admit or deny the allegation that

the plaintiff, Wendy D. Whitson, and her counsel are without conflict or competent to serve as representatives in this action as alleged in Paragraph 34 of the Complaint and therefore must deny these allegations.

35.    Target denies that a class action is a superior means to adjudicate this action as alleged in Paragraph 35 of the Complaint.

36.    Target lacks sufficient information to admit or deny the allegation that individual litigation of Defendants conduct would increase delay and expense for the parties and court system as alleged in Paragraph 36 of the Complaint and therefore must deny these allegations.  Target denies that a national class action is appropriate on the basis of similar Class member claims and absence of material differences in state statutes and common law claims as alleged in Paragraph 36 of the Complaint.

## VI.  CAUSES OF ACTION
### COUNT I
### Violation of State Consumer Protection Laws

37.     Target hereby alleges and incorporates by reference Paragraphs 1 through 36 of this Answer to the Class Action Complaint.

38.    Target lacks sufficient information to admit or deny the specifics for Ms. Whitson's alleged purchase of a Bumbo Baby Sitter, or the alleged purchases of potential Class members, as alleged in Paragraph 38 of the Complaint and on that basis denies these allegations.  Target lacks sufficient information to admit or deny the allegation regarding the intended use of the product by the Class members as alleged in Paragraph 36 of the Complaint and therefore must deny these allegations.

39.    Target admits that it had a statutory duty to refrain from unfair and deceptive acts or practices in the sale of the Bumbo Baby Sitter as alleged in Paragraph 39 of the Complaint.  Target denies the implication that it undertook any unfair or deceptive practices in the sale of the Bumbo Baby Sitter as alleged in Paragraph 39 of the Complaint.

40.    Target denies that it violated any duty or misrepresented the characteristics, uses, benefits, quality, durability, and usefulness of the Bumbo Baby Sitter as alleged in Paragraph 40 of the Complaint.  Target denies that it omitted to disclose any information regarding the usefulness or possible defects of the Bumbo Baby Sitter as alleged in Paragraph 40 of the Complaint.  Target lacks sufficient information to admit or deny the allegation that the Bumbo Baby Sitter is susceptible to collapse, tipping and spillage of babies as alleged in Paragraph 36 of the Complaint and therefore must deny these allegations.

41.    Target denies that its conduct was a direct or proximate cause of injury to plaintiff or the Class members as alleged in Paragraph 41 of the Complaint. Target lacks sufficient information to admit or deny the allegation that the Class members would not have purchased the Bumbo Baby Sitter if they knew the true nature of the product as alleged in Paragraph 41 of the Complaint and therefore must deny these allegations.

42.    Target denies that it made any deceptive representations or material omissions to plaintiff and the Class members as alleged in Paragraph 42 of the Complaint.  Target further denies that it performed any unfair and deceptive acts and practices towards plaintiff the Class members as alleged in Paragraph 42 of the Complaint.

43.    Target denies that is engaged in wrongful conduct or obtained money from plaintiff or the Class members under false pretenses as alleged in Paragraph 43 of the Complaint.

44.    Target denies that it made misrepresentations to plaintiff or the Class members as alleged in Paragraph 44 of the Complaint.

45.    Target denies that it made misrepresentations to plaintiff or the Class members as alleged in Paragraph 45 of the Complaint.  Target denies that plaintiff or the Class members have suffered ascertainable loss or are entitled to relief based on its actions as alleged in Paragraph 45 of the Complaint.

46.    Target denies that it made misrepresentations to plaintiff or the Class members as alleged in Paragraph 46 of the Complaint.  Target denies that plaintiff or the Class members have suffered ascertainable loss or are entitled to relief based on its actions as alleged in Paragraph 46 of the Complaint. Target denies that its actions constitute unfair competition, unfair acts, or deceptive or fraudulent acts or practices in violation of any of the enumerated state consumer protection statutes as alleged in Paragraphs 46(a) through 46(yy) of the Complaint.

47.    Target denies that its conduct created artificial demand for Bumbo Baby Sitters or artificially inflated their price so as to cause injury to plaintiff and the Class members as alleged in Paragraph 47 of the Complaint.  Target denies that it used unfair methods of competition or unfair or deceptive acts or practices so as to cause injury to plaintiff or the Class members and therefore also denies that plaintiff and the Class members have the right to damages or other recovery based on its conduct as alleged in Paragraph 47 of the Complaint.  Target denies that its actions caused injury to plaintiff or the Class members as alleged in Paragraph 47 of the Complaint.

## COUNT II
### Bread of State Express Warranties

48.    Target hereby alleges and incorporates by reference Paragraphs 1 through 47 of this Answer to the Class Action Complaint.

49.    Target admits that it sold the Bumbo Baby Sitter under the belief that it was safe, fit and proper for its intended use as alleged in Paragraph 49 of the Complaint.  Target denies the implication that it made express warranties in the sale of the Bumbo Baby Sitter as alleged in Paragraph 49 of the Complaint.  Target lacks sufficient information to admit or deny the allegation regarding the implication that the Bumbo Baby Sitter is defective as alleged in Paragraph 49 of the Complaint and therefore must deny these allegations.

50.    Target denies the implication that it made express warranties in the sale

G:\docsdata\DBK\Whitson v. Target\Pleadings\Answer to Complaint.wpd

of the Bumbo Baby Sitter as alleged in Paragraph 50 of the Complaint.  Target lacks sufficient information to admit or deny the allegation regarding the reliance of plaintiff and the Class members on any other warranties as alleged in Paragraph 50 of the Complaint and therefore must deny these allegations.

51.    Target admits that it sold the Bumbo Baby Sitter under the belief that it was safe, fit and proper for its intended use as alleged in Paragraph 51 of the Complaint.  Target denies the implication that it made express warranties in the sale of the Bumbo Baby Sitter as alleged in Paragraph 51 of the Complaint.  Target lacks sufficient information to admit or deny the allegation regarding the implication that the Bumbo Baby Sitter is defective as alleged in Paragraph 51 of the Complaint and therefore must deny these allegations.

52.    Target lacks sufficient information to admit or deny the allegation regarding the implication that the Bumbo Baby Sitter is not usable for its intended purpose as alleged in Paragraph 52 of the Complaint and therefore must deny these allegations.  Target denies the implication that it made express representations in the sale of the Bumbo Baby Sitter as alleged in Paragraph 52 of the Complaint.

53.    Target denies that it marketed the Bumbo Baby Sitter by means of false and misleading information without regard for their safety and usability as alleged in Paragraph 53 of the Complaint.  Target lacks sufficient information to admit or deny the allegation regarding the implication that the Bumbo Baby Sitter is not usable for its intended purpose as alleged in Paragraph 53 of the Complaint and therefore must deny these allegations.  Target denies the implication that it made express representations in the sale of the Bumbo Baby Sitter as alleged in Paragraph 53 of the Complaint.

54.    Target lacks sufficient information to admit or deny the allegation that the Bumbo Baby Sitter is defective as alleged in Paragraph 54 of the Complaint and therefore must deny these allegations.  Target denies that it made express warranties for the Bumbo Baby Sitter as alleged in Paragraph 54 of the Complaint.  Target

G:\docsdata\DBK\Whitson v. Target\Pleadings\Answer to Complaint.wpd

ANSWER TO COMPLAINT

denies that it breached any express warranties regarding the design of the Bumbo Baby Sitter as alleged in Paragraph 54 of the Complaint.

55.    Target denies that it made express warranties for the Bumbo Baby Sitter to the Class members as alleged in Paragraph 55 of the Complaint.  Target denies that it breached any express warranties to the Class members regarding the Bumbo Baby Sitter as alleged in Paragraph 55 of the Complaint.

56.    Target denies that it made express warranties for the Bumbo Baby Sitter to the Class members as alleged in Paragraph 56 of the Complaint.  Target denies that it breached any express warranties to the Class members regarding the Bumbo Baby Sitter as alleged in Paragraph 56 of the Complaint.  Target denies that its actions violated any express warranties as enumerated in the state statutes relating to this cause of action as alleged in Paragraphs 56(a) through 56(xx) of the Complaint.

57.    Target denies that its conduct injured plaintiff and the Class members by breaching express warranties and causing them to pay a premium price for the Bumbo Baby Sitter as alleged in Paragraph 57 of the Complaint.  Target lacks sufficient information to admit or deny the allegation that the Bumbo Baby Sitter should not have been on the market as alleged in Paragraph 57 of the Complaint and therefore must deny these allegations.

58.    Target denies that it made any express warranties and further denies breaching any express warranties to plaintiff and the Class members as alleged in Paragraph 58 of the Complaint.  Target denies that plaintiff and the Class members have incurred damages as a result of any alleged breach of express warranty as alleged in Paragraph 58 of the Complaint.  Target lacks sufficient information to admit or deny the allegation that the Class members would not have purchased the Bumbo Baby Sitter if they knew the truth about the product as alleged in Paragraph 58 of the Complaint and therefore must deny these allegations.

///

///

# COUNT III

## Breach of State Implied Warranties

59.    Target hereby alleges and incorporates by reference Paragraphs 1 through 58 of this Answer to the Class Action Complaint.

60.    Defendant admits the allegations contained in Paragraph 60 of the Complaint to the extent that the sale of goods included an implied warranty that the Bumbo Baby Sitter was merchantable.

61.    Target lacks sufficient information to admit or deny the allegation that the Class members relied upon the expertise, skill, judgment and knowledge of Target and upon the implied warranty that Bumbo Baby Sitters were merchantable and fit for their intended use as alleged in Paragraph 61 of the Complaint and therefore must deny these allegations.

62.    Target denies that its conduct has breached the implied warranty of fitness for a particular purpose as alleged in Paragraph 62 of the Complaint.  Target lacks sufficient information to admit or deny the allegation that the Bumbo Baby Sitter was not fit for the particular purpose for which it was purchased as alleged in Paragraph 62 of the Complaint and therefore must deny these allegations.  Target admits the allegation that it was aware that the Bumbo Baby Sitter was purchased for the purpose of holding infants as contained in Paragraph 62 of the Complaint.

63.    Target denies making any misrepresentations to plaintiff and the Class members as alleged in Paragraph 63 of the Complaint.  Target further denies that plaintiff and the Class members relied on any misrepresentations by Target in purchasing Bumbo Baby Sitters as alleged in Paragraph 63 of the Complaint.

64.    Target lacks sufficient information to admit or deny the allegation that the Class members were influenced in their purchase of Bumbo Baby Sitters by Target's the expertise, skill, judgment and knowledge of Target as alleged in Paragraph 64 of the Complaint and therefore must deny these allegations.

65.    Target lacks sufficient information to admit or deny the allegation that

the Bumbo Baby Sitter is not of merchantable quality and not fit for its intended use because they are susceptible to collapse, tipping, spilling, and/or failure to contain babies so that they are unsafe to use as alleged in Paragraph 65 of the Complaint and therefore must deny these allegations.

66.    Target denies that it made implied warranties for the Bumbo Baby Sitter to the Class members as alleged in Paragraph 66 of the Complaint.  Target denies that it breached any implied warranties to the Class members regarding the Bumbo Baby Sitter as alleged in Paragraph 66 of the Complaint.  Target denies that its actions violated any implied warranties as enumerated in the state statutes relating to this cause of action as alleged in Paragraphs 66(a) through 66(xx) of the Complaint.

67.    Target denies that its conduct injured plaintiff and the Class members by breaching implied warranties and causing them to pay a premium price for the Bumbo Baby Sitter as alleged in Paragraph 67 of the Complaint.  Target lacks sufficient information to admit or deny the allegation that the plaintiff and Class members would not have purchased and/or paid as much for their Bumbo Baby Sitters had they known the truth about the product as alleged in Paragraph 67 of the Complaint and therefore must deny these allegations.  Target lacks sufficient information to admit or deny the allegation that the Bumbo Baby Sitter is defective and unsafe to use as implied in Paragraph 67 of the Complaint and therefore must deny these allegations.

## COUNT IV

## VIOLATION OF STATE UNJUST ENRICHMENT COMMON LAWS

68.    Target hereby alleges and incorporates by reference Paragraphs 1 through 67 of this Answer to the Class Action Complaint.

69.    Target denies that it has been unjustly enriched to the detriment of plaintiff and the Class members as a result of unlawful and/or wrongful collection of payments for Bumbo Baby Sitters as alleged in Paragraph 69 of the Complaint.

G:\docsdata\DBK\Whitson v. Target\Pleadings\Answer to Complaint.wpd

70.     Target denies that it has unjustly benefitted and continues to benefit through the unlawful and/or wrongful collection of payments for Bumbo Baby Sitters at the expense of plaintiff and the Class members as alleged in Paragraph 70 of the Complaint.

71.     Target denies that plaintiff and the Class members have grounds to seek restitution from Target as alleged in Paragraph 71 of the Complaint.  Target denies that its conduct was unlawful and/or wrongful so as to cause unjust enrichment, benefits, and ill-gotten gains as alleged in Paragraph 72 of the Complaint.

## VII. ADDITIONAL OR ALTERNATIVE CAUSES OF ACTION

72.     Target admits the allegations contained in Paragraph 72 of the Complaint.

## ALTERNATIVE COUNT I
### Violations of Unfair Competition Law
### (California Business and Professions Code §§17200, *et seq.*)

73.     Target hereby alleges and incorporates by reference Paragraphs 1 through 72 of this Answer to the Class Action Complaint.

74.     Target denies that its actions, as stated in the Complaint, constituted unfair, deceptive, and unlawful practices in violation of California's Unfair Competition Law, *Business & Professions Code* §§17200 *et seq.* as alleged in Paragraph 74 of the Complaint.

75.     Target denies that its conduct violated the "fraudulent," "unfair," and "unlawful" prongs of California *Business & Professions Code* §17200 as alleged in Paragraph 75 of the Complaint.

76.     Target denies that its conduct was wrongful, or that such wrongful conduct was part of a pattern or generalized course of conduct, as alleged in Paragraph 76 of the Complaint.

1

## ALTERNATIVE COUNT II

2

## Untrue and Misleading Advertising

3

## (California Business And Professions Code §§17500 *et seq.*)

4       77.     Target hereby alleges and incorporates by reference Paragraphs 1

5   through 76 of this Answer to the Class Action Complaint.

6       78.     Target admits the allegations contained in Paragraph 78 of the

7   Complaint.

8       79.     Target denies that its advertising constituted unfair competition, unfair,

9   deceptive, untrue, or misleading advertising under California *Business & Professions*

10  *Code* §§17500 *et seq*. as alleged in Paragraph 79 of the Complaint.  Target denies

11  that its advertisements and practices deceived, or are likely to deceive, the

12  consuming public as alleged in Paragraph 79 of the Complaint.

13      80.     Target denies that its business acts and practices, as alleged in the

14  Complaint, have caused injury to plaintiff, the Class members, and the public as

15  alleged in Paragraph 80 of the Complaint.

16      81.     Target denies that plaintiff and the Class members are entitled to

17  restitution and injunctive relief enjoining Target to cease and desist from engaging in

18  activities described in the Complaint as alleged in Paragraph 81 of the Complaint.

19

20

## ALTERNATIVE COUNT III

21

## Violations of Consumers Legal Remedies Act

22

## (California Civil Code §§1750 *et seq.*)

23      82.     Target hereby alleges and incorporates by reference Paragraphs 1

24  through 81 of this Answer to the Class Action Complaint.

25      83.     Target admits the allegations contained in Paragraph 83 of the

26  Complaint.

27      84.     Target denies that its actions and conduct have violated the Consumer

28  Legal Remedies Act ("CLRA") as alleged in Paragraph 84 of the Complaint.  Target

-17-

ANSWER TO COMPLAINT

1  admits that its actions and conduct within the State of California are subject to the
2  laws of the State of California, including the CLRA, as alleged in Paragraph 84 of
3  the Complaint.

4        85.    Target denies that the Class members, as defined by the Complaint, are
5  "consumers" under *Civil Code* §1761(d) as alleged in Paragraph 85 of the Complaint
6  on the grounds that the Class potentially includes persons outside of California and
7  outside the statute of limitations for this claim as stated in *Civil Code* §1783.

8        86.    Target admits that the Complaint is based on allegations arising from
9  sales of goods for "personal, family or household purposes" within the meaning of
10 *Civil Code* §1761 as contained in Paragraph 86 of the Complaint.

11       87.    Target denies that its practices in the marketing and sale of the Bumbo
12 Baby Sitter violated the CLRA as alleged in Paragraph 87 of the Complaint.

13       (a)    Target denies that it knowingly misrepresented the character,
14 uses, and benefits of the Bumbo Baby Sitter in violation of Section 1770(a)(5) as
15 alleged in Paragraph 87(a) of the Complaint.

16       (b)    Target denies that it knowingly misrepresented the standard and
17 quality of the Bumbo Baby Sitter in violation of Section 1770(a)(7) as alleged in
18 Paragraph 87(b) of the Complaint.

19       (c)    Target denies that it has knowingly advertised the Bumbo Baby
20 Sitter with the intent not to seel them as advertised in violation of Section 1770(a)(9)
21 as alleged in Paragraph 87(c) of the Complaint.

22       (d)    Target denies that it knowingly misrepresented the legal rights,
23 obligation, or remedies involved in the purchase and sale of the Bumbo Baby Sitter
24 in violation of Section 1770(a)(14) as alleged in Paragraph 87(d) of the Complaint.

25       88.    Target denies that it failed to disclose and knowingly concealed the
26 Bumbo Baby Sitter's defects as alleged in Paragraph 88 of the Complaint.  Target
27 lacks sufficient information to admit or deny the allegation that the Bumbo Baby
28 Sitter is defective as alleged in Paragraph 88 of the Complaint and therefore must

ANSWER TO COMPLAINT

deny these allegations.  Target denies that any failure to disclose or knowing concealment was an omission and concealment of material fact that constituted unfair and/or deceptive business practices in violation of California *Civil Code* §1770(a) as alleged in Paragraph 88 of the Complaint.

89.    Target denies that its actions have violated Civil Code §1770 as alleged in Paragraph 89 of the Complaint.  Target denies that its alleged actions and practices present a continuing threat to members of the public as alleged in Paragraph 89.  Target denies that plaintiff and the Class members have grounds to seek an injunction against its actions from this Court as alleged in Paragraph 89 of the Complaint.

## ALTERNATIVE COUNT IV
## Breach of Express Warranties
## (California Commercial Code §2313)

90.    Target hereby alleges and incorporates by reference Paragraphs 1 through 89 of this Answer to the Class Action Complaint.

91.    Target admits that it sold and marketed the Bumbo Baby Sitter as a product designed to hold infants as alleged in Paragraph 91 of the Complaint.  Target denies that it or its agents made express warranties or representations regarding the safety of the Bumbo Baby Sitter beyond the information that was provided by the manufacturer as alleged in Paragraph 91 of the Complaint.  Target lacks sufficient information to admit or deny the implication that the Bumbo Baby Sitter is defective as alleged in Paragraph 91 of the Complaint and therefore must deny these allegations.

92.    Target denies that it or its agents made express warranties or representations regarding the safety of the Bumbo Baby Sitter beyond the information that was provided by the manufacturer as alleged in Paragraph 92 of the Complaint.  Target lacks sufficient information to admit or deny the allegation that

1  the plaintiff and Class members relied on such representations when purchasing the

2  Bumbo Baby Sitters as alleged in Paragraph 92 of the Complaint and therefore must

3  deny these allegations.

4          93.    Target admits that it knew the purpose for which the Bumbo Baby Sitter

5  was intended and warranted that it was effective and proper for that purpose as

6  alleged in Paragraph 93 of the Complaint.  Target denies that it or its agents made

7  express warranties or representations regarding the safety of the Bumbo Baby Sitter

8  beyond the information that was provided by the manufacturer as alleged in

9  Paragraph 93 of the Complaint.

10         94.    Target denies that it knew or had reason to know that the Baby Bumbo

11 Sitter was neither safe nor useable as alleged in Paragraph 94 of the Complaint.

12 Target denies that it or its agents made express warranties or representations

13 regarding the safety of the Bumbo Baby Sitter beyond the information that was

14 provided by the manufacturer as alleged in Paragraph 94 of the Complaint.  Target

15 lacks sufficient information to admit or deny the implication that the Bumbo Baby

16 Sitter is defective as alleged in Paragraph 94 of the Complaint and therefore must

17 deny these allegations.

18         95.    Target denies that it or its agents made promises, descriptions or

19 affirmations of fact regarding the safety of the Bumbo Baby Sitter beyond the

20 information that was provided by the manufacturer as alleged in Paragraph 95 of the

21 Complaint.  Target lacks sufficient information to admit or deny the implication that

22 the Bumbo Baby Sitter is defective as alleged in Paragraph 95 of the Complaint and

23 therefore must deny these allegations.  Target admits that it continues to sell the

24 Bumbo Baby Sitter as alleged in Paragraph 95 of the Complaint.  Target denies that it

25 markets the Bumbo Baby Sitter by means of false and misleading information

26 without regard to the product's actual safety and usability as alleged in Paragraph 95

27 of the Complaint.

28         96.    Target denies that its actions constitute breach of express warranty in

-20-

1  violation of California *Commercial Code* §2313 as alleged in Paragraph 96 of the

2  Complaint.

3      97.    Target denies that it has breached or failed to honor any express

4  warranties to plaintiff and the Class members for the Bumbo Baby Sitter as alleged in

5  Paragraph 97 of the Complaint.  Target denies that its actions have caused plaintiff

6  and the Class members to incur damages as alleged in Paragraph 97 of the

7  Complaint.  Target lacks sufficient information to admit or deny the allegation that

8  the plaintiff and Class members would not have purchased the Bumbo Baby Sitter or

9  paid the sales prices if they had known the truth about the product as alleged in

10 Paragraph 97 of the Complaint and therefore must deny these allegations.    Target

11 lacks sufficient information to admit or deny the implication that the Bumbo Baby

12 Sitter is defective as alleged in Paragraph 97 of the Complaint and therefore must

13 deny these allegations.

14

15      **ALTERNATIVE COUNT V**

16      **Breach of Implied Warranties**

17      **(California Commercial Code §2314)**

18      98.    Target hereby alleges and incorporates by reference Paragraphs 1

19 through 97 of this Answer to the Class Action Complaint.

20      99.    Target admits the allegation that it has sold and marketed the Bumbo

21 Baby Sitter to the public, including plaintiff and the Class members, as contained in

22 Paragraph 99 of the Complaint.  Target lacks sufficient information to admit or deny

23 the allegation that the plaintiff and Class members relied upon its skill and judgment

24 in making their purchases of the Bumbo Baby Sitter as alleged in Paragraph 99 of the

25 Complaint and therefore must deny these allegations.  Target lacks sufficient

26 information to admit or deny the implication that the Bumbo Baby Sitter is defective

27 as alleged in Paragraph 99 of the Complaint and therefore must deny these

28 allegations.

100.   Target admits the allegation that it sold and promoted the Bumbo Baby Sitter, placing it in the stream of commerce, as contained in Paragraph 100 of the Complaint.  Target admits that it knew the intended use of the Bumbo Baby Sitter and impliedly warranted that the Bumbo Baby Sitter was or merchantable quality and fit for its intended use as contained in Paragraph 100 of the Complaint.  Target admits the allegation that the implied warranty included the fact that the Bumbo Baby Sitter was safe for use by babies and would not be subject to collapse and the spilling of babies to the extent that it was used with proper adult supervision and with respect to all warnings and instructions as contained in Paragraph 100 of the Complaint.  Target lacks sufficient information to admit or deny the implication that the Bumbo Baby Sitter is defective as alleged in Paragraph 99 of the Complaint and therefore must deny these allegations.

101.   Target lacks sufficient information to admit or deny the allegation that the plaintiff and Class members relied upon its skill and judgment in making their purchases of the Bumbo Baby Sitter as alleged in Paragraph 101 of the Complaint and therefore must deny these allegations.  Target lacks sufficient information to admit or deny the implication that the Bumbo Baby Sitter is defective as alleged in Paragraph 101 of the Complaint and therefore must deny these allegations.

102.   Target denies that it has breached the implied warranty of fitness for a particular purpose as alleged in Paragraph 102 of the Complaint.  Target admits the contention that the Bumbo Baby Sitter was marketed and sold with its intended purpose being to hold babies as contained in Paragraph 102 of the Complaint.  Target lacks sufficient information to admit or deny the implication that the Bumbo Baby Sitter is defective as alleged in Paragraph 102 of the Complaint and therefore must deny these allegations.

103.   Target lacks sufficient information to admit or deny the allegation that the plaintiff and Class members were influenced by its expertise, skill, and judgment in making their purchases of the Bumbo Baby Sitter as alleged in Paragraph 103 of

the Complaint and therefore must deny these allegations.

104.   Target denies that it breached any implied warranty that the Bumbo Baby Sitter was of merchantable quality and fit for its intended use in violation of *Commercial Code* §2314 as alleged in Paragraph 104 of the Complaint.

105.   Target denies that it breached or failed to honor any implied warranty to plaintiff and the Class members in the purchase of the Bumbo Baby Sitter as alleged in Paragraph 105 of the Complaint.  Target denies that its actions have caused plaintiff and the Class members to incur damages as alleged in Paragraph 105 of the Complaint.  Target lacks sufficient information to admit or deny the allegation that the plaintiff and Class members would not have purchased the Bumbo Baby Sitter if they had known the truth about the product as alleged in Paragraph 105 of the Complaint and therefore must deny these allegations.  Target lacks sufficient information to admit or deny the implication that the Bumbo Baby Sitter is defective as alleged in Paragraph 105 of the Complaint and therefore must deny these allegations.

## ALTERNATIVE COUNT VI
### Common Law Unjust Enrichment

106.   Target hereby alleges and incorporates by reference Paragraphs 1 through 105 of this Answer to the Class Action Complaint.

107.   Target denies that it has been unjustly enriched or benefitted to the detriment of plaintiff and the Class members as a result of unlawful and/or wrongful collection of payments for the Bumbo Baby Sitter as alleged in Paragraph 107 of the Complaint.

108.   Target denies that its actions have been unlawful and/or wrongful as alleged in Paragraph 108 of the Complaint.  Target denies that it would be unjust for defendants to retain the benefits attained by their actions as alleged in Paragraph 108 of the Complaint.  Target denies that plaintiff and the Class members have the right

to seek restitution as alleged in Paragraph 108 of the Complaint. Target lacks sufficient information to admit or deny the implication that the Bumbo Baby Sitter is defective as alleged in Paragraph 108 of the Complaint and therefore must deny these allegations.

## FIRST AFFIRMATIVE DEFENSE

109.    The complaint fails to state a cause of action against defendant Target Corporation.

## SECOND AFFIRMATIVE DEFENSE

110.    The plaintiffs' cause of action is barred by the doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE

111.    Plaintiffs have failed to exercise reasonable care and diligence to avoid loss and to minimize the damages, if any, which plaintiffs suffered. Plaintiffs have failed to exercise reasonable efforts on their part or to reasonably have made expenditures which could have prevented the losses which plaintiffs have allegedly suffered.

## FOURTH AFFIRMATIVE DEFENSE

112.    The damages sustained by plaintiffs, if any, were proximately caused by the acts, omissions, negligence, fraud, and/or breach of obligations by persons other than defendant Target Corporation and beyond defendant's supervision and control.

## FIFTH AFFIRMATIVE DEFENSE

113.    The causes of action alleged in the Complaint are barred by the

applicable statutes of limitations, including, but not limited to the provisions of California *Code of Civil Procedure* §§335.1, 337, 337.1, 337.15, 338(a), 338(b), 338(d), 339, 340(3) and/or 343, *Insurance Code* §11580.2(g).

## SIXTH AFFIRMATIVE DEFENSE

114.    The causes of action alleged in the Complaint are barred by the applicable statutes of limitations, including, but not limited to, the provisions of Section 338(4) of the *Code of Civil Procedure*.

## SEVENTH AFFIRMATIVE DEFENSE

115.    The causes of action alleged in the Complaint are barred by the applicable statutes of limitations from other jurisdictions, including, but not limited to, the provisions of *Code of Alabama* §8-19-14, *Alaska Stat. Code* §45.50.531(f), *Ariz. Rev. Stat.* §§44-1522, *Colo Rev. Stat.* §§6-1-115, and *Conn. Gen. Stat.* §42-110g(f),

## EIGHTH AFFIRMATIVE DEFENSE

116.    Plaintiff's action is barred by laches and delay on the part of plaintiff, to the prejudice of defendant Target Corporation.

## NINTH AFFIRMATIVE DEFENSE

117.    Plaintiffs are estopped from asserting any rights which they may have against defendant.

## TENTH AFFIRMATIVE DEFENSE

118.    Plaintiffs knowingly waived, by verbal expressions or conduct, any known rights which they may have had against defendant.

G:\docsdata\DBK\Whitson v. Target\Pleadings\Answer to Complaint.wpd

**ELEVENTH AFFIRMATIVE DEFENSE**

119.   Plaintiffs failed to act in good faith in complying with their obligations under the law and their contract with defendant.

**TWELFTH AFFIRMATIVE DEFENSE**

120.   Plaintiffs have failed to act reasonably to minimize any loss or harm that they suffered and could have avoided such harm by making reasonable efforts or expenditures.

**THIRTEENTH AFFIRMATIVE DEFENSE**

121.   Plaintiffs' injury did not result from a use of the product which was reasonably foreseeable by defendant .

**FOURTEENTH AFFIRMATIVE DEFENSE**

122.   At the time of the alleged accident sued on, the product was being misused by plaintiffs in a manner which was not appropriate for its intended purposes.  This misuse of the product was without defendant's knowledge, approval, or consent and was contrary to the printed instructions that were delivered to plaintiffs with the product.  The use of the product was not reasonably foreseeable to defendant either at or before the time of the sale, or at any time before the time defendant received notice of the accident described in the compliant.

**FIFTEENTH AFFIRMATIVE DEFENSE**

123.   There was no defect in the product at the time that it left the possession of defendant.

**SIXTEENTH AFFIRMATIVE DEFENSE**

124.   Defendant expressly disclaimed any implied warranties by using

language which in common understanding called to plaintiffs' attention the exclusion of warranties and made plain that there was no implied warranty.

### SEVENTEENTH AFFIRMATIVE DEFENSE

125.   Plaintiffs did not give defendant notice of a breach of warranty within a reasonable time after they knew or should have known that the product was not fit for its intended purpose.

### EIGHTEENTH AFFIRMATIVE DEFENSE

126    Plaintiffs have failed to adequately plead the allegations of fraud, misrepresentation, and mistake in that their Complaint does not state with particularity the circumstances constituting fraud or mistake as required under Federal Rule of Civil Procedure 9(b).

### NINETEENTH AFFIRMATIVE DEFENSE

127.   Plaintiffs' claims based on non-disclosure an alleged design defect are barred from application to this case on the grounds that the alleged defect manifested itself after the expiration of the warranty period.

### TWENTIETH AFFIRMATIVE DEFENSE

128.   There were adequate safety warnings and instructions regarding the safe and proper use of the product when it left the possession of defendant.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

129.   Plaintiffs do not have privity of contract with the defendant.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

130.   Plaintiffs have failed to meet the prerequisite conditions for a class

ANSWER TO COMPLAINT

action, including, but not limited to the fact that the class is not so numerous that joinder of all members individually would be impractical; there are not common questions of law or fact, to the class; the named plaintiff representing the class does not have claims that are typical of the class generally; and the named plaintiff, representing the class, cannot fairly and adequately protect the interests of all members of the alleged class.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

131.   Plaintiffs' alleged claims are barred, in whole or in part, because Target has at all times acted reasonably and in good faith in conformity with and in reliance on the applicable statutory regulations, orders, rulings, approvals, and interpretations on the applicable statutory regulations.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

132.   Plaintiffs' alleged claims are barred, in whole or in part, because none of Target's actions, as alleged by the Complaint and otherwise, were "willful" for purposes of the applicable statutory regulations.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

133.   Plaintiffs' alleged claims are barred because the applicable statutes are unconstitutionally vague and overly broad, and the manner in which plaintiffs allege that they apply to Target constitutes a violation of due process.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

134.   Plaintiffs' causes of action, and the claim for injunctive relief and restitution are barred in light of the fact that the named plaintiff and the Class members have an adequate remedy at law.

1

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

2       135.   Plaintiffs' causes of action, and each of them, are moot and therefore the

3   prayer for injunctive relief is not available.

4

5

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

6       136.   Plaintiffs' alleged claims are barred because they have failed to alleged

7   a class so numerous that joinder of all members individually is impracticable.

8

9

## TWENTY-NINTH AFFIRMATIVE DEFENSE

10      137.   Plaintiffs' alleged claims are barred because they do not have

11  commonality as to questions of law or fact common to the proposed class members.

12

13

## THIRTIETH AFFIRMATIVE DEFENSE

14      138.   Plaintiffs' alleged claims are barred by the principle of typicality

15  because the named plaintiff does not have claims or defenses that are typical of the

16  claims or defenses of the proposed class members.

17

18

## THIRTY-FIRST AFFIRMATIVE DEFENSE

19      139.   Plaintiffs' alleged claims are barred because the named plaintiff and her

20  counsel of record are unable to fairly and adequately protect the interests of all

21  members of the class.

22

23

## THIRTY-SECOND AFFIRMATIVE DEFENSE

24      140.   Plaintiffs' alleged claims are barred because the proposed class

25  membership is not be objectively ascertainable.

26

27

## THIRTY-THIRD AFFIRMATIVE DEFENSE

28      141.   Plaintiffs' alleged claims are barred because they do not have

-29-

commonality as to questions of law or fact because any alleged commonality of facts would result in differing results under the applicable state laws affecting members of the proposed class.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

142.    Plaintiffs' alleged claims are barred because the named plaintiff does not possess the same interests and injury claims as the proposed class members.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

143.    Plaintiffs' alleged claims are barred because the named plaintiff has not suffered any actual harm.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

144.    Plaintiff's alleged claims are barred because the proposed class definition is not sufficiently definite, making it administratively infeasible to determine whether a particular individual is a class member.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

145.    Plaintiffs' claims based on allegations of fraud and misrepresentation are barred because each class member's claims raises questions as to their state of mind and credibility issues, precluding class treatment.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

146.    Plaintiffs' proposed class action is unmanageable because it arises under state law involving multi-state plaintiffs and variations in state law and defenses, as well as problems in effecting discovery.  Plaintiffs' proposed class action is also unmanageable because differences in the statute of limitations in each state will necessitate creating numerous subclasses, resulting in additional manageability

-30-

ANSWER TO COMPLAINT

1  concerns.

2

3  ### THIRTY-NINTH AFFIRMATIVE DEFENSE

4  147.   Plaintiffs' proposed class action is barred on the grounds that the 14th

5  Amendment Due Process and Full Faith Clauses asserted by nonresident class

6  members will be violated if the Court applies California law.  Similarly, plaintiffs'

7  proposed class action is barred on the grounds that the Court cannot apply a liability

8  standard that is an amalgamation of many different states' laws without violating the

9  Erie doctrine.

10

11  ### FORTIETH AFFIRMATIVE DEFENSE

12  148.   Plaintiffs' attempt to certify a nationwide class in is barred on the

13  grounds that the Complaint has not provided the extensive analysis of state law

14  variations required to determine whether they provide "insuperable obstacle" to

15  predominance.

16

17  ### FORTY-FIRST AFFIRMATIVE DEFENSE

18  149.   Plaintiffs' claims and alleged class action should be transferred and/or

19  coordinated for pretrial proceedings under the multidistrict litigation statute (28

20  U.S.C. §1407) for the convenience of the parties and witnesses, judicial economy,

21  and just and efficient conduct of the actions.

22

23  ### FORTY-SECOND AFFIRMATIVE DEFENSE

24  150.   Target does not presently know all of the facts and circumstances

25  surrounding plaintiffs' claims.  Target therefore reserves the right to amend this

26  Answer should it later discover facts demonstrating the existence of additional

27  affirmative defenses.

28

WHEREFORE defendant prays that plaintiff take nothing by this action and that defendant be awarded costs and all other just relief.


Dated:   September 4, 2008                MANNING & MARDER
                                          KASS, ELLROD, RAMIREZ LLP



                                          By:  _____/s/_____
                                               DENNIS B. KASS
                                               EVELINA M. SERAFINI

                                          Attorneys for Defendants
                                          TARGET CORPORATION


## **DEMAND FOR JURY TRIAL**

Defendant hereby demands trial of this matter by jury pursuant to Federal Rules of Civil Procedure, Rule 38(b) and Local Rule 38-1.


Dated:   September 4, 2008                MANNING & MARDER
                                          KASS, ELLROD, RAMIREZ LLP



                                          By:  _____/s/_____
                                               DENNIS B. KASS
                                               EVELINA M. SERAFINI

                                          Attorneys for Defendants
                                          TARGET CORPORATION

G:\docsdata\DBK\Whitson v. Target\Pleadings\Answer to Complaint.wpd

ANSWER TO COMPLAINT