DENNIS B. KASS (State Bar No. 137263)
EVELINA SERAFINI (State Bar No. 187137)
MANNING & MARDER
KASS, ELLROD, RAMIREZ LLP
15th Floor at 801 Tower
801 South Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 624-6900
Facsimile: (213) 624-6999
Email: DBK@MMKER.COM; EMS@MMKER.COM

Attorneys for Defendant,
TARGET CORPORATION

DONALD S. EDGAR, ESQ. (State Bar No. 139324)
JEREMY R. FIETZ, ESQ. (State Bar No. 200396)
EDGAR LAW FIRM
408 College Avenue
Santa Rosa, CA 95401
Phone: (707) 545-3200
Fax:   (707) 578-3040
E-Mail: jeremy@classattorneys.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDY D. WHITSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BUMBO, BUMBO LIMITED, BUMBO (PTY) LTD.; TARGET CORPORATION; and DOES 1 to 20<br><br>Defendants. | Case No.: CV 07-05597 MHP<br><br>**JOINT STATUS CONFERENCE STATEMENT**<br><br><br>Date:      September 15, 2008<br>Time:     3:00 p.m.<br>Courtroom: 15 |

///

///

-1-
G:\docsdata\DBK\Whitson v. Target\Pleadings\Joint Status Conference Statement.wpd
**JOINT STATUS CONFERENCE STATEMENT**

1. **JURISDICTION AND PROCEDURAL STATUS OF PARTIES:**

Plaintiffs have made multiple attempts to serve the Bumbo defendants in South Africa and Texas. Bumbo waived formal service of process, but Bumbo has not filed a responsive pleading or made a general appearance as of the filing of this Statement.

2. **SHORT STATEMENT OF THE CASE:**

Plaintiffs allege that the Bumbo Baby Sitter is a defective product. Plaintiffs have brought a Complaint with causes of action for (1) breach of express warranty; (2) breach of implied warranty; (3) breach of implied covenant of good faith and fair dealing; (4) unfair business practices, constructive trust, and various statutory violations. Plaintiffs seek certification of this action as a nationwide class action pursuant to *Federal Rules of Civil Procedure*, Rules 23(b)(2) and (3). Plaintiffs are seeking economic damages, statutory damages, punitive damages, interest, restitution, equitable relief, and the costs of bringing this suit, including attorneys' fees.

Defendant Target denies all liability under the Complaint and further denies that it has caused the named plaintiff or proposed Class members any injuries related to its sale of the Bumbo Baby Sitter. Defendant Target contends that the proposed class is overly broad, unmanageable, and infeasible for certification.

3. **MOTIONS:**

The parties anticipate filing motions relating to (1) certification of the proposed class, (2) discovery, (3) summary judgment and/or adjudication of issues. As discovery has not commenced, the parties reserve the right to file additional motions as necessary given the circumstances of the action.

**4.     AMENDMENT OF PLEADINGS:**

Plaintiffs have stated that they may amend the Complaint to name additional defendants.  There have been no amendments to date.

**5.     PRESERVATION OF EVIDENCE:**

The parties have agreed to preserve all relevant evidence for this litigation.

**6.     DISCLOSURES:**

Disclosures have been exchanged between Plaintiff and Defendant Target. Defendant Bumbo has not yet made any disclosures to date.

**7.     DISCOVERY:**

The parties have not yet conducted any discovery in this matter.  The parties agree that general discovery is premature given the fact that all parties have not appeared.

**8.     RELATED CASES:**

This case has been related to Dylan Lamm v. Bumbo, et al., Case Number 07-04807 MHP, a personal injury action arising from an alleged defect in the Bumbo Baby Sitter.  This class action arises from those persons who purchased the allegedly defective Bumbo Baby Sitter for the Lamm family.

On October 30, 2007, a nationwide class action was filed regarding the Bumbo Baby Sitter in Orange County Superior Court named James Mathison, et al. v. Bumbo, et al.  This action also alleged that the Bumbo Baby Sitter had an inherent defect which was improperly concealed by Bumbo, its distributors, and various retailers, including defendant Target.  This action was based on causes of action including (1) Unjust Enrichment, (2) Fraudulent Concealment, (3) Breach of Implied Warranty of Merchantability, (4) Breach of Implied Warranty of Fitness for a

Particular Purpose, and (5) Unfair Competition.

On April 7, 2008, the matter was removed to the Central District and assigned to Judge David O. Carter in Santa Ana under Case Number SACV 08-00369 DOC (ANx).  On August 18, 2008, Judge Carter granted defendants various Motions to Dismiss and dismissed the entire action without prejudice.  That matter is currently pending amendment of the Complaint.

**9.     RELIEF SOUGHT:**

Plaintiffs seek economic damages, injunctive relief, and such other relief as the Court may find appropriate.  Target seeks the dismissal of all causes of action with prejudice and recovery of its costs in defending this action.

**10.    SETTLEMENT AND ALTERNATIVE DISPUTE RESOLUTION:**

The parties agree to pursue alternative dispute resolution in this action.  Target contends that settlement talks are premature at this time given the absence of various potential defendants, lack of class certification, necessity for discovery, and the Mathison case pending in Santa Ana.  Plaintiff submits that mediation is appropriate as soon as the Bumbo defendant has made an appearance.

**11.    CONSENT TO MAGISTRATE JUDGE:**

The parties do not consent to the use of a magistrate judge for all purposes.

**12.    OTHER REFERENCES:**

The parties propose no references at this time.

///

///

///

**13.  NARROWING OF ISSUES:**

The parties are committed to narrowing the issues before the Court to the extent possible. The parties will meet and confer where possible to focus the interests and claims in this litigation.

**14.  EXPEDITED SCHEDULE:**

Expedited scheduling is not appropriate because of the complexity of issues, issues with class certification, and lack of a formal appearance by the Bumbo Defendants.

**15.  SCHEDULING:**

The Court has not scheduled cut-offs for disclosures, discovery, motions, or trial preparations. The parties request that the Court postpone the Scheduling Conference and establishing of relevant dates until after all defendants have responded to the Complaint.

**16.  TRIAL:**

All parties have requested a jury trial. The parties estimate a two to three week jury trial.

**17.  DISCLOSURE OF NON-PARTY INTERESTED
        ENTITIES OR PERSONS:**

Aside from the previously mentioned defendants that plaintiff may name, there are no non-party interested persons known to the plaintiffs or Target.

///
///
///
///

Respectfully Submitted,

Dated: September 8, 2008              EDGAR LAW FIRM


By: ___/s/_____
    JEREMY R. FIETZ

Attorneys for Plaintiffs

Dated: September 8, 2008              MANNING & MARDER
                                       KASS, ELLROD, RAMIREZ LLP


By: ___/s/_____
    DENNIS B. KASS
    EVELINA M. SERAFINI

Attorneys for Defendants
TARGET CORPORATION

# CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 801 South Figueroa Street, 15th Floor, Los Angeles, California 90017.

A copy of the document described as **JOINT STATUS CONFERENCE STATEMENT** was served via e-mail in accordance with the ECF filing system in U.S. District Court - Northern to the below-named recipient(s):

| | |
|---|---|
| Donald S. Edgar, Esq.<br>Jeremy R. Fietz, Esq.<br>Rex Grady, Esq.<br>EDGAR LAW FIRM<br>408 College Avenue<br>Santa Rosa, CA 95401<br>Phone:  (707) 545-3200<br>Fax:     (707) 578-3040<br>E-Mail: jeremy@classattorneys.com | ***Attorneys for Plaintiff,***<br>***Wendy D. Whitson*** |
| Jennifer J. Johnston, Esq.<br>Rod S. Margo, Esq.<br>CONDON & FORSYTH, LLP<br>1901 Avenue of the Stars, Ste. 850<br>Los Angeles, CA  90067-6010<br>Phone:   (310) 557-2030<br>Fax:      (310) 557-1299<br>E-Mail: jjohnston@condonlaw.com | ***Attorneys for Defendant,***<br>***BUMBO (PTY) LTD.*** |

☒ **(FEDERAL)** I declare under penalty of perjury under the laws of the United States of America, that the above is true and correct.

Executed on September 8, 2008 at Los Angeles, California.

/s/
Brenda Leonardo